Robert V. Prongay (SBN 270796)
  *rprongay@glancylaw.com*
Charles Linehan (SBN 307439)
  *clinehan@glancylaw.com*
Pavithra Rajesh (SBN 323055)
  *prajesh@glancylaw.com*
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff Movant
Brian Donley*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN DONLEY, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>LIVE NATION ENTERTAINMENT, INC., MICHAEL RAPINO, and JOE BERCHTOLD,<br><br>    Defendants. | Case No. 2:23-cv-06343-RGK-AS<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF BRIAN DONLEY FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL** |

Brian Donley ("Donley") submits this memorandum of law in support of his motion to appoint Donley as Lead Plaintiff and to approve Glancy Prongay & Murray LLP ("GPM") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4), on behalf of a putative class (the "Class") of all persons and entities that purchased or otherwise acquired Live Nation Entertainment, Inc. ("Live Nation" or the "Company") securities between February 23, 2022 and July 28, 2023, inclusive (the "Class Period")

## I.    PRELIMINARY STATEMENT

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of Class members—as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B). Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the Class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is presumed to be the most adequate plaintiff. This motion is made on the grounds that Donley is the "most adequate plaintiff" as defined by the PSLRA.

Donley has "the largest financial interest in the relief sought by the class" as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Donley satisfies the relevant requirements of Rule 23, as his claims are typical of other Class members' claims, and he is committed to fairly and adequately representing the interests of the Class. Thus, pursuant to the PSLRA's lead plaintiff provision, Donley respectfully submits that he is the presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the Class. Additionally, Donley's selection of GPM as Lead Counsel for the Class should be approved because the firm has substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

## II.    FACTUAL BACKGROUND

Live Nation is live entertainment company and concert and ticketing platform operating in 48 countries. Live Nations owns, operates, and has exclusive booking rights for a number of global venues and claims to be one of the world's leading artist managements companies. Through Ticketmaster, Live Nation provides ticket sales and resale services for concerts, sporting events, performing arts experiences, festivals, museums, and theaters.

Live Nation and Ticketmaster merged in January 2010 but were under a consent decree with the U.S. Department of Justice ("DOJ") to preserve competition in the live events market. In 2019, Live Nation faced federal scrutiny for pressuring concert venues to use Ticketmaster over other systems in five incidents, which would have violated the consent decree. To resolve these claims, the Company extended the consent decree to expire in December 2025 and added new provisions. Pursuant to the amended consent decree, Live Nation agreed to abide by a set of rules, including not threatening to condition the provision of Live Nation concerts on a venue choosing Ticketmaster or retaliate in response to a venue choosing a ticketing service provider other than Ticketmaster. The Company is subject to an automatic penalty of $1 million for each violation.

The complaint alleges that Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects throughout the Class Period. Specifically, the complaint alleges that the Defendants failed to disclose to investors: (1) that Live Nation engaged in anticompetitive conduct, including charging high fees and extended contracts with talent, and retaliated against venues; (2) that, as a result, Live Nation was reasonably likely to incur regulatory scrutiny and face fines, penalties, and reputational harm; and (3) that, as a result of the foregoing, Defendants' positive statements about the Company's business,

operations, and prospects were materially misleading and/or lacked a reasonable basis.

On November 18, 2022, *The New York Times* reported that the DOJ had opened an antitrust investigation into Ticketmaster and Live Nation after the ticketing platform's systems crashed during a highly-anticipated presale for Taylor Swift tickets. The ensuing chaos of disappointed "Swifties" highlighted Live Nation's power over the live music industry, exacerbating complaints that the Company has "constrained competition and harmed consumers."

On this news, Live Nation's stock price fell $5.64, or 7.8%, to close at $66.21 per share on November 18, 2022, on unusually heavy trading volume.

Then, on February 23, 2023 at 3:30 p.m. Eastern time, *NPR* reported that, following Congressional hearings, the Senate Judiciary Subcommittee on Competition Policy, Antitrust, and Consumer Rights wrote to the DOJ, presenting evidence that "Live Nation is harming America's music industry." The letter cited issues with Live Nation's pricing models and fees, increasingly long contracts with competitors, and retaliatory behavior against artists and venues that don't want to work with it. The senators "encourage[d]" the DOJ to take action if it found Live Nation had "walled itself off from competitive pressure at the expense of the industry and fans."

On this news, Live Nation's stock price fell $7.71, or 10.1%, to close at $68.78 per share on February 24, 2023, on unusually heavy trading volume.

Then, on July 28, 2023 at 3:13 p.m. Eastern time, *Politico* reported that the DOJ "could file an antitrust lawsuit against [Live Nation and Ticketmaster] by the end of the year, according to three people with knowledge of the matter." Politico further reported that the DOJ complaint is expected to allege that "the entertainment giant is abusing its power over the live music industry."

On this news, Live Nation's stock price fell $7.60, or 7.8%, to close at $89.33 per share on July 28, 2023, on unusually heavy trading volume.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, members of the Class have suffered losses and damages.

## III.   ARGUMENT

### A.   Donley Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the Class—is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Waterford Twp. Police v. Mattel, Inc.*, 2017 WL 10667732, at *3 (C.D. Cal. Sept. 29, 2017).

The presumption in favor of appointing a plaintiff or group of plaintiffs as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa)   will not fairly and adequately protect the interest of the class; or

(bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(II).

As set forth below, Donley has complied with all the PSLRA's requirements and satisfies all of the PSLRA criteria to be appointed lead plaintiff.  Donley, to the best of his knowledge, has the largest financial interest in this litigation, satisfies the relevant requirements of Rule 23, and is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Donley respectfully submit that he should be appointed lead

plaintiff. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff").

### 1.   Donley Filed the Complaint And A Timely Motion

Donley filed the complaint in this action (Dkt. No. 1). Moreover, on August 4, 2023, notice was published pursuant to the PSLRA, 15 U.S.C. § 78u-4(a)(3)(A). *See* Declaration of Charles H. Linehan in Support of the Motion of Brian Donley for Appointment as Lead Plaintiff and Approval of Lead Counsel ("Linehan Decl."), Ex. A. Therefore, Donley had sixty days (*i.e.*, until October 3, 2023), to file a motion to be appointed as Lead Plaintiff. As a purchaser of Live Nation securities during the Class Period, Donley is a member of the proposed class and has timely filed a motion for appointment as lead plaintiff within sixty days of the notice. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Donley attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the Class. *See* Dkt. No. 1 at 30-31. Accordingly, Donley satisfies the first requirement to serve as Lead Plaintiff for the Class.

### 2.   Donley Has The Largest Financial Interest In The Relief Sought By The Class

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii) (emphasis added); *In re Gemstar-TV Guide Int'l. Sec. Litig.*, 209 F.R.D. 447, 450 (C.D. Cal. 2002). At the time of this filing, Donley believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and accordingly is presumed to be the "most adequate plaintiff."

Donley purchased Live Nation securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm. *See* Linehan Decl., Ex. B. To the best of his knowledge, Donley is not aware of any other Class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Donley believes he has the "largest financial interest in the relief sought by the Class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the Class.

### 3. Donley Satisfies The Requirement Of Rule 23 Of The Federal Rules Of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See Cavanaugh*, 306 F.3d at 729-30. Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that putative lead plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movants satisfy the requirements of Rule 23 is sufficient. *Osher v. Guess? Inc.*, No. 01-cv-00871, 2001 WL 861694, at *3 (C.D. Cal. Apr. 26, 2001). At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson v. TVIA*, No. 06-cv-

06304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (citing *Cavanaugh*, 306 F.3d at 730)); *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001) ("The initial inquiry . . . should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy").

### a)    Donley's Claims Are Typical

Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that, "the claims . . . of the representative parties" be "typical of the claims . . . of the class." A proposed lead plaintiff's claims are typical of the class when the proposed lead plaintiff's claims and injuries arise from the same events or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Osher*, 2001 WL 861694, at *4. Under Rule 23 a lead plaintiff's, "claims are typical 'if he is reasonably coextensive with those of the absent class members; they need not be substantially identical.'" *Id.* (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)).

Here, Donley's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Donley suffered losses as a result of his Live Nation transactions during the Class Period. Like all members of the Class, Donley alleges that the Defendants violated federal securities laws by disseminating materially misleading statements concerning Live Nation's operations and financial prospects. Donley's losses, like the losses suffered by all other members of the Class, arise from the artificial inflation of Live Nation's share price caused by the Defendants' alleged misrepresentations and omissions. Accordingly, Donley's interests and claims are typical of the interests and claims of the Class.

### b)    Donley Is An Adequate Representative

The Rule 23(a)(4) adequacy requirement is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Accordingly,

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999) (citing *In re Northern Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982)).

Here, Donley satisfies the adequacy requirements. "[N]o evidence exists to suggest that [Donley is] antagonistic to other members of the class or [his] attorneys, thereby meeting the adequacy of representation requirement." *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999) (citation omitted). Moreover, Donley has retained competent and experienced counsel with the resources and expertise to efficiently and effectively prosecute this action. *See* Linehan Decl., Ex. C (GPM firm résumé). As such, Donley is adequate to represent the Class and should be appointed as lead plaintiff.

### B.     The Court Should Approve Lead Plaintiff's Choice Of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Yanek*, 2004 WL 5574358, at *7. Here, Donley has retained GPM to pursue this litigation on his behalf and will retain the firm as lead counsel in the event Donley is appointed as lead plaintiff. As reflected by the firm's résumé, attached to the Linehan Declaration as Exhibit D, the Court may be assured that, by granting Donley's motion, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve Donley's selection of counsel.

### IV.     CONCLUSION

For the foregoing reasons, Donley respectfully requests that the Court grant his Motion and enter an Order: (1) appointing Donley as Lead Plaintiff; (2) approving Glancy Prongay & Murray LLP as Lead Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

Dated:  October 3, 2023

Respectfully submitted,

**GLANCY PRONGAY & MURRAY LLP**
By:  _/s Charles H. Linehan_
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email:  clinehan@glancylaw.com

*Counsel for Lead Plaintiff Movant Brian Donley and Proposed Lead Counsel for the Class*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Brian Donley, certifies that this brief contains 2,577 words, which complies with the word limit of L.R. 11-6.1.

DATED: October 3, 2023

*s/ Charles H. Linehan*
Charles H. Linehan

## PROOF OF SERVICE BY ELECTRONIC POSTING

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old. On October 3, 2023, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 3, 2023, at Los Angeles, California.

*s/ Charles H. Linehan*
Charles H. Linehan