LATHAM & WATKINS LLP
Melanie M. Blunschi (CA Bar No. 234264)
  melanie.blunschi@lw.com
Elizabeth J. Cheng (CA Bar No. 342131)
  liz.cheng@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600
Facsimile:  +1.415.395.8095

Gregory Mortenson (*pro hac vice* forthcoming)
  gregory.mortenson@lw.com
1271 Avenue of the Americas
New York, NY 10020
Telephone: +1.212.906.1200
Facsimile:  +1.212.751.4864

*Attorneys for Defendants Live Nation
Entertainment, Inc., Michael Rapino,
and Joe Berchtold*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

|  |  |
|---|---|
| BRIAN DONLEY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>LIVE NATION ENTERTAINMENT, INC., MICHAEL RAPINO, and JOE BERCHTOLD,<br><br>Defendants. | Case No. 2:23-cv-06343-KK (ASx)<br><br>**REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT**<br><br>Judge:  Hon. Kenly Kiya Kato<br>Date:   None Set Per Dkt. 43<br>Time:  None<br>Place:  Courtroom  3 |

LATHAM&WATKINSLLP
ATTORNEYS AT LAW

REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS AM.
CLASS ACTION COMPL.
Case No. 2:23-cv-06343-KK (ASx)

Pursuant to Federal Rule of Evidence 201 and the incorporation by reference doctrine, Defendants Live Nation Entertainment, Inc. ("Live Nation"), Michael Rapino, and Joe Berchtold (collectively "Defendants") respectfully request that the Court consider 12 documents submitted in connection with Defendants' concurrently filed Motion to Dismiss the Amended Class Action Complaint (the "Motion") and attached to the Declaration of Melanie M. Blunschi (the "Blunschi Declaration"). All of these documents are incorporated by reference into the Amended Class Action Complaint ("Complaint") and/or subject to judicial notice. Specifically, Live Nation asks the Court to consider the following documents, listed chronologically:

1. **Exhibit 2**: a true and correct copy of Live Nation's Form 10-K for the period ended December 31, 2021, which was filed with the Securities and Exchange Commission ("SEC") on February 23, 2022 and is publicly available at https://www.sec.gov.

2. **Exhibit 3**: a compilation of true and correct copies of Michael Rapino's Form 4s filed during the putative class period with the SEC, which are publicly available at https://www.sec.gov.

3. **Exhibit 4**: a true and correct copy of a *New York Times* article entitled, "Justice Dept. is Said to Investigate Ticketmaster's Parent Company," originally published on November 18, 2022 and updated January 24, 2023, which is publicly available at https://www.nytimes.com/2022/11/18/technology/live-nation-ticketmaster-investigation-taylor-swift.html.

4. **Exhibit 5**: a true and correct copy of Live Nation's statement entitled, "A Statement From Live Nation Entertainment," dated November 19, 2022, which is publicly available at https://www.livenationentertainment.com/2022/11/a-statement-from-live-nation-entertainment-2/.

5. **Exhibit 6**: a true and correct copy of the opening statement by Joe Berchtold re: Testimony before the United States Senate Judiciary Committee on January 24, 2023, which is publicly available at https://www.judiciary.senate.gov.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

2

6.      **Exhibit 7**:  a true and correct copy of Live Nation's Form 8-K, filed with the SEC on February 23, 2023, which attached as Ex. 99-1 a press release entitled, "Live Nation Entertainment Reports Fourth Quarter & Full Year 2022 Results," and is publicly available at https://www.sec.gov.

7.      **Exhibit 8**:  a true and correct copy of Live Nation's Form 10-K for the period ended December 31, 2022, which was filed with the SEC on February 23, 2023 and is publicly available at https://www.sec.gov.

8.      **Exhibit 9**:  a true and correct copy of a *NPR* article entitled, "Senators are calling on the Justice Department to look into Ticketmaster's practices," dated February 23, 2023, which is publicly available at https://www.npr.org/2023/02/23/1158998797/ticketmaster-letter-senators-justice-department.

9.      **Exhibit 10**:  a true and correct copy of Live Nation's statement entitled, "Statement from Live Nation Entertainment," dated February 23, 2023, which is publicly available at https://www.livenationentertainment.com/2023/02/statement-from-live-nation-entertainment/.

10.     **Exhibit 11**:  a true and correct copy of a *Politico* article entitled, "Ticketmaster could face new threat this fall, sources say," dated July 28 2023, which is publicly available at https://www.politico.com/news/2023/07/28/feds-home-in-on-ticketmaster-antitrust-case-00108771.

11.     **Exhibit 12**:  a true and correct copy of a *CNBC* article entitled, "Senate subpoenas Live Nation, Ticketmaster amid investigation," dated November 20, 2023, which is publicly available at https://www.cnbc.com/2023/11/20/senate-subpoenas-live-nation-ticketmaster-amid-investigation.html.

12.     **Exhibit 13**:  a true and correct copy of Live Nation's statement entitled, "Response from Live Nation Entertainment," dated November 21, 2023, which is publicly available at https://www.livenationentertainment.com/2023/11/response-from-live-nation-entertainment/.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

3

## I.    LEGAL STANDARD

When resolving a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), courts "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Crews v. Rivian Auto., Inc.*, 2023 WL 3050081, at *7-8 (C.D. Cal. Feb. 16, 2023) (considering on a motion documents plaintiff referenced and relied on in the complaint).

The doctrine of incorporation by reference "treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014); *Okla. Firefighters Pension & Ret. Sys. v. Ixia*, 2015 WL 1775221, at *14 (C.D. Cal. Apr. 14, 2015) ("Where a document has been incorporated by reference in a complaint, a court 'may treat such a document as part of the complaint'" and "can consider the entire document, not simply the portion on which plaintiffs rely") (citations omitted). This prevents plaintiffs from "selecting only portions of documents that support their claims, while omitting portions" that do not, *Khoja*, 899 F.3d at 1002. A document is incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.* (citation omitted); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (incorporation by reference applies to "situations in which the plaintiff's claim depends on the contents of a document … even though the plaintiff does not explicitly allege the contents of that document in the complaint").

Under the Federal Rules of Evidence, courts may also take judicial notice of any fact that is "not subject to reasonable dispute" because it is either: "(1) generally

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW

4

REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS AM.
CLASS ACTION COMPL.
Case No. 2:23-cv-06343-KK (ASx)

known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  Public records, "such as SEC filings," are properly the subject of judicial notice and are routinely considered in deciding a motion to dismiss in a securities case.  *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006); *In re Wet Seal, Inc. Sec. Litig.*, 518 F. Supp. 2d 1148, 1158 (C.D. Cal. 2007). Documents that are subject to judicial notice can be considered "without converting a motion to dismiss into a motion for summary judgment." *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012) (citation and internal quotation marks omitted).

## II.     ARGUMENT

### A.     Exhibits 2-6, 8-12 Are Incorporated by Reference

Exhibits 2 through 6 and 8 through 12 are all incorporated by reference because they are referenced "extensively" throughout the Complaint and "form[] the basis" of Plaintiffs' allegations.  *Khoja*, 899 F.3d at 1002 (citing *United States v. Ritchie*, 342 F.3d 903, 907,(9th Cir. 2003)); *see also Mendoza v. HF Foods Grp. Inc.*, 2021 WL 3772850, at *2 (C.D. Cal. Aug. 25, 2021) (incorporating by reference SEC filings and a report that purportedly caused a stock price drop).

**SEC Filings (Exhibits 2-3, 8)**:  These SEC filings are properly incorporated by reference because they form the basis of Plaintiffs' claims and are referenced throughout the Complaint.  Plaintiffs allege that Defendants' Form 10-Ks for the periods ending December 31, 2021 and December 31, 2022 contain false or misleading statements about Live Nation's anticompetitive behavior and cooperation with regulators.  Complaint ¶¶ 125-33, 140-48; *see Garcia v. J2 Glob., Inc.*, 2021 WL 1558331, at *5 (C.D. Cal. Mar. 5, 2021) (incorporating by reference documents containing "misrepresentations or omissions that form the basis of Plaintiff's claim"); *see also Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (SEC filings subject to judicial notice);

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW

5

REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS AM.
CLASS ACTION COMPL.
Case No. 2:23-cv-06343-KK (ASx)

*ScripsAmerica, Inc. v. Ironridge Glob. LLC*, 119 F. Supp. 3d 1213, 1230 (C.D. Cal. 2015) ("Courts can consider securities offerings and corporate disclosure documents that are publicly available." (citations omitted)).  Courts routinely take judicial notice of SEC filings at the motion to dismiss stage to determine what "representations the Company made to the market." *Sanders v. The RealReal, Inc.*, 2021 WL 1222625, at *4 (N.D. Cal. Mar. 31, 2021); *see also Russian Hill Capital, LP v. Energy Corp. of Am.*, 2016 WL 1029541, at *3 (N.D. Cal. Mar. 15, 2016) (taking judicial notice of SEC filings to the extent that they show defendants "made the statements contained therein"); *Patel v. Parnes*, 253 F.R.D. 531, 546 (C.D. Cal. 2008) (explaining that judicial notice of SEC filings is proper "for the purpose of determining what statements the documents contain").

Additionally, as a basis for its scienter allegations, the Complaint explicitly refers to stock sales by Rapino, Complaint ¶¶ 167-68, and therefore it is appropriate to consider the SEC Form 4s that disclose those sales, attached as Exhibit 3.  *See Baron v. Hyrecar Inc.*, 2022 WL 17413562, at *5 (C.D. Cal. Dec. 5, 2022) (incorporating by reference disclosures of stock sales "on which Plaintiff relies to establish scienter"). Courts regularly find that such forms can be incorporated by reference, even when they are not explicitly referenced in a complaint. *In re Twitter, Inc. Sec. Litig.*, 506 F. Supp. 3d 867, 874 n.1 (N.D. Cal. 2020) (taking judicial notice of SEC Form 4s "even when not referenced in the pleading, to prove that stock sales were made pursuant to a Rule 10b5-1 trading plan") (quoting *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1059 (N.D. Cal. 2012)); *see also Knievel*, 393 F.3d at 1076 (extending the incorporation by reference doctrine to documents that the plaintiff does not explicitly allege the contents of in the complaint but on which the plaintiff's claim depends).

**Defendants' Statements (Exhibits 5-6, 10)**:  Similarly, Plaintiffs allege that certain of Live Nation's press releases and Berchtold's testimony before the U.S. Senate Judiciary Committee contained actionable misstatements and reference these

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

6

REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS AM.
CLASS ACTION COMPL.
Case No. 2:23-cv-06343-KK (ASx)

statements in their Complaint. Complaint ¶¶ 134-39. Therefore, these Exhibits "have essentially been adopted" as part of the Complaint and may be considered in their entirety in connection with the Motion to Dismiss. *City of Roseville Emps.' Ret. Sys. v. Sterling Fin. Corp.*, 963 F. Supp. 2d 1092, 1107 (E.D. Wash. 2013); *see also Garcia*, 2021 WL 1558331, at *5.

**News Articles (Exhibits 4, 9, 11-12):** Plaintiffs reference these articles throughout the Complaint and claim that these news articles functioned as corrective disclosures. *See, e.g.,* Complaint ¶¶ 149-64. Accordingly, on top of being referenced throughout the Complaint, they form the basis for Plaintiffs' claims and are properly incorporated by reference. *Garcia*, 2021 WL 1558331, at *6 (incorporating by reference documents that allegedly "revealed the truth about [the company] and caused its stock price to drop, thereby forming the basis of Plaintiff's claim"); *Park v. GoPro, Inc.*, 2019 WL 1231175, *6 (N.D. Cal. Mar. 15, 2019) (similar).

**B.     Exhibits 2-13 Are Subject to Judicial Notice**

Separately, judicial notice of all 12 exhibits is appropriate because each is a "matter[] of public record" or otherwise available in the public domain, *Khoja*, 899 F.3d at 999, and each "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b).

**SEC Filings (Exhibits 2-3, 7-8)**: Courts regularly take judicial notice of SEC filings in connection with motions to dismiss in securities cases. *See, e.g.*, *Sylebra Cap. Partners Master Fund Ltd v. Everbridge, Inc.*, 2023 WL 3549506, at *1-2 (C.D. Cal. May 9, 2023) (taking judicial notice of "several SEC filings, press releases, and earnings call transcripts"); *Metzler Inv. GMBH v. Corinthian Colls. Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (citation omitted) (SEC filings subject to judicial notice); *Dreiling*, 458 F.3d at 946 n.2 (listing "SEC filings" as example of "matter[s] subject to judicial notice"). Exhibits 2 through 3, and 7 through 8 are all documents that were filed publicly with the SEC. None is subject to reasonable

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

7

REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS AM.
CLASS ACTION COMPL.
Case No. 2:23-cv-06343-KK (ASx)

dispute, and each is capable of accurate and ready determination via the SEC's public website at www.sec.gov/edgar.  As such, the Court may take judicial notice of these exhibits to determine "what statements the documents contain," *Troy Grp., Inc. v. Tilson*, 364 F. Supp. 2d 1149, 1152 (C.D. Cal. 2005), or that "stock sales" disclosed in "SEC Forms 4" were made for innocuous reasons, *Juniper Networks, Inc.*, 880 F. Supp. 2d at 1059; *accord In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 828-29 (N.D. Cal. 2019) (*Facebook I*).

**News Articles (Exhibits 4, 9, 11-12)**:  Judicial notice of Exhibits 4, 9, and 11 through 12 is appropriate because these documents are publicly available news articles.  What those articles said and when they said it is "readily determine[able] from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2); *see Heliotrope Gen. Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (taking judicial notice "that the market was aware of the information contained in news articles submitted by the defendants"); *Crews*, 2023 WL 3050081, at *7 ("Federal courts regularly take judicial notice of . . . news articles . . . in securities complaints.").

To be clear, Defendants are not seeking judicial notice of these articles for the truth of the matters asserted (and, in fact, dispute the accuracy of accusations contained in the news articles).  Rather, the Court may take judicial notice of the entirely of these exhibits for the fact of the reports and that the market was aware of them. *See Facebook I*, 405 F. Supp. 3d at 828 (granting judicial notice of eleven publicly available news articles "to show that the market was aware of the information contained in the articles"); *see also In re Kalobios Pharms., Inc. Sec. Litig.*, 258 F. Supp. 3d 999, 1003 (N.D. Cal. 2017) (judicial notice of news articles proper to "show[] that particular information was available to the stock market" (quoting *Gerristen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1028 (C.D. Cal. 2015)); *Am. Apparel*, 855 F. Supp. 2d at 1062 (similar).

LATHAM&WATKINSLLP
ATTORNEYS AT LAW

8

REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS AM.
CLASS ACTION COMPL.
Case No. 2:23-cv-06343-KK (ASx)

**Public Statements (Exhibits 5, 10, 13)**:  Exhibits 5, 10, and 13 are subject to judicial notice because they are published on Live Nation's website and thus "capable of accurate and ready determination from sources whose accuracy cannot be questioned."  *In re Facebook, Inc. Sec. Litig.*, 477 F. Supp. 3d 980, 1008 (N.D. Cal. 2020) (*aff'd in par and rev'd in part and remanded on other grounds*, 2023 WL 8365362 (9th Cir. Dec. 4, 2023)) (*Facebook II*) ("[A] court may take judicial notice . . . [of] publicly accessible websites whose accuracy and authenticity are not subject to dispute."); *Waterman v. Wells Fargo & Co.*, 2018 WL 287171, at *3 (C.D. Cal. Jan. 4, 2018) ("[D]ocuments that are available on a party's own website (the Report) are the proper subject of judicial notice.").  The Court may take judicial notice of these statements to "indicate what was in the public realm at the time." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010); *accord. Enigma Software Grp. USA LLC v. Malwarebytes, Inc.*, 2021 WL 3493764, at *5 (N.D. Cal. Aug. 9, 2021) (*aff'd in part and rev'd in part and remanded on other grounds*, 69 F.4th 665 (9th Cir. Jun. 2, 2023))  (taking judicial notice of statements published on company webpages).

**Testimony before Senate Judiciary Committee (Exhibit 6)**:  Berchtold's prepared testimony to the Senate Judiciary Committee is a public record and thus the proper subject of judicial notice.  *Waterman*, 2018 WL 287171, at *3; *Ning Xianhua v. Oath Holdings, Inc.*, 536 F. Supp. 3d 535, 546 (N.D. Cal. 2021) (taking judicial notice of a transcript of a hearing before Congress that was available on Congress' website).  Berchtold's statements are publicly available on the Senate Judiciary website, and "[g]overnment documents available from reliable sources on the Internet" are "generally considered not to be subject to reasonable dispute." *L'Garde, Inc. v. Raytheon Space & Airborne Sys.*, 805 F. Supp. 2d 932, 938 (C.D. Cal. 2011) (internal quotations omitted); *see also Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1032 (N.D. Cal. 2018) ("[B]ecause of their perceived reliability, courts have often admitted records taken from websites maintained by government

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW

9

REQUEST FOR JUDICIAL NOTICE ISO
MOTION TO DISMISS AM.
CLASS ACTION COMPL.
Case No. 2:23-cv-06343-KK (ASx)

agencies.").

## III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider Exhibits 2-13 in connection with Defendants' Motion.

Dated:  December 22, 2023          Respectfully submitted,

LATHAM & WATKINS LLP


By   */s/ Melanie M. Blunschi*
     Melanie M. Blunschi

*Attorneys for Defendants Live Nation Entertainment, Inc., Michael Rapino, and Joe Berchtold*