LATHAM & WATKINS LLP
Melanie M. Blunschi (CA Bar No. 234264)
 melanie.blunschi@lw.com
Nicholas R. Rosellini (CA Bar. No. 316080)
 nick.rosellini@lw.com
Elizabeth J. Cheng (CA Bar No. 342131)
 liz.cheng@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600
Facsimile:  +1.415.395.8095

*Attorneys for Defendants Live Nation
Entertainment, Inc., Michael Rapino,
and Joe Berchtold*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| BRIAN DONLEY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>LIVE NATION ENTERTAINMENT, INC., MICHAEL RAPINO, and JOE BERCHTOLD,<br><br>Defendants. | Case No. 2:23-cv-06343-KK (ASx)<br><br>**DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT**<br><br>Hon. Kenly Kiya Kato |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
CASE NO. 2:23-cv-06343-KK (ASx)

## ANSWER TO AMENDED CLASS ACTION COMPLAINT

Pursuant to Rules 7 and 8 of the Federal Rules of Civil Procedure, Defendants Live Nation Entertainment, Inc. ("Live Nation"), Michael Rapino, and Joe Berchtold (collectively "Defendants"), by and through their undersigned counsel, hereby answer and assert defenses to the claims and allegations made by Plaintiffs Brian Donley and Gene Gress ("Plaintiffs") in their Amended Class Action Complaint ("Amended Complaint") (Dkt. 40).

## PRELIMINARY STATEMENT

The premise of this lawsuit is that it constitutes securities fraud for a company not to answer publicly or admit to the truth of allegations about alleged antitrust violations before they have been charged, much less adjudicated. The claims will fail both because Defendants have not violated the antitrust laws and because it does not violate the securities laws to contest such accusations in good faith, confidential discussions with the relevant antitrust authorities, even if charges are someday brought and resolved against Defendants. It is not securities fraud for a company to refrain from a public discussion of every unfounded (or even well-founded) allegation against it, and every statement a company makes about its business does not need to be accompanied by a disclosure that self-interested third parties contest some or all of the statement.

Defendants have elsewhere outlined the array of logistical challenges that will arise if this litigation devolves into a case-within-a-case, in which proving the alleged falsity of the public statements at issue would require effectively determining whether the relevant conduct of the company was, as Plaintiffs allege, anticompetitive. *See* Joint Rule 26(f) Report at 3-4 (Dkt. No. 57); *cf. Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558-59 (2007) (discussing the staggering "costs of modern federal antitrust litigation") (cleaned up). For present purposes, it suffices to reiterate that there is no precedent for the proposition that a plaintiff can prosecute a securities fraud action as the first-derivative of a hypothetical antitrust

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
CASE NO. 2:23-cv-06343-KK (ASx)

case that has not even been filed.  And it is simply not the case, in any event, that any Defendant said anything false with respect to Live Nation's cooperation with government investigations, the competitiveness of markets in which the company operates, or any other topic at issue in this litigation—much less did so with the intent to defraud investors, as Plaintiffs must prove to establish a securities claim.

Defendants deny all allegations in the Amended Complaint, including all allegations contained in section headings, footnotes, or other portions of the Amended Complaint that are not contained within the specifically numbered paragraphs of the Amended Complaint, except as expressly admitted herein. Numbered paragraphs below correspond to the like-numbered paragraphs in the Amended Complaint.

## NATURE OF THE ACTION AND OVERVIEW [1]

1.       Defendants admit that Plaintiffs purport to bring this action as a federal securities class action and purport to assert claims under Sections 10(b) and 20(a) of the Exchange Act.  Except as expressly admitted, Defendants deny the allegations of Paragraph 1 and Paragraph 1 n.1.

2.       Defendants admit that Paragraph 2 describes certain aspects of Live Nation's business but deny that it is a complete description.

3.       Defendants admit that Live Nation and Ticketmaster merged in 2010 and reached a consent decree with the Department of Justice ("DOJ") that was entered on July 30, 2010, which was amended and extended by agreement on December 19, 2019 and entered January 28, 2020 (the "Amended Consent Decree").  Defendants admit that Live Nation is subject to a penalty of $1 million

---

[1] The Amended Complaint contains section titles and other organizational headings to which no response is required.  To the extent any such section titles or other organizational headings in the Amended Complaint are construed to contain substantive allegations to which a response is required, they are hereby denied.  To the extent Defendants use terms defined in the Amended Complaint in this Answer, such use is not an acknowledgement or admission of any characterization Plaintiffs seek to associate with any such defined term.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
CASE NO. 2:23-cv-06343-KK (ASx)

per violation of each enumerated paragraph of Section IX of the Amended Consent Decree, entitled "Anti-Retaliation Provision and Other Provisions Designed to Promote Competition."  Defendants respectfully refer the Court to the referenced consent decrees for a complete and accurate description of their contents.  Except as expressly admitted, Defendants deny the allegations of Paragraph 3.

4.     Paragraph 4 purports to summarize an article published on November 18, 2022 in the *New York Times*.  The article speaks for itself, and Defendants respectfully refer the Court to the article for its contents.  The trading price of Live Nation's stock is a matter of public record and speaks for itself.  Defendants otherwise deny the allegations of Paragraph 4.

5.     Paragraph 5 purports to summarize an article published on February 23, 2023 by NPR.  The article speaks for itself, and Defendants respectfully refer the Court to the article for its contents.  The trading price of Live Nation's stock is a matter of public record and speaks for itself.  Defendants otherwise deny the allegations of Paragraph 5.

6.     Paragraph 6 purports to summarize an article published on July 28, 2023 by Politico.  The article speaks for itself, and Defendants respectfully refer the Court to the article for its contents.  The trading price of Live Nation's stock is a matter of public record and speaks for itself.  Defendants otherwise deny the allegations of Paragraph 6.

7.     Paragraph 7 purports to summarize an article published on November 20, 2023 by CNBC.  The article speaks for itself, and Defendants respectfully refer the Court to the article for its contents.  The trading price of Live Nation's stock is a matter of public record and speaks for itself.  Defendants otherwise deny the allegations of Paragraph 7.

8.     Defendants deny the allegations of Paragraph 8.

9.     The allegations of Paragraph 9 contain factual and/or legal conclusions to which no response is required.  To the extent a response is required,

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
CASE NO. 2:23-cv-06343-KK (ASx)

Defendants deny the allegations of Paragraph 9.

## JURISDICTION AND VENUE

10. Defendants admit that Plaintiffs purport to assert claims under the statutes and rule referenced in Paragraph 10.

11. The allegations in Paragraph 11 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants admit that this Court has subject matter jurisdiction over this action.

12. The allegations in Paragraph 12 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants do not contest that this Court has personal jurisdiction over them for the purposes of this action.

13. The allegations in Paragraph 13 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants admit that venue is proper in this district. Except as expressly admitted, Defendants deny the allegations of Paragraph 13.

14. The allegations of Paragraph 14 contain factual and/or legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Live Nation uses United States mail, interstate telephone communications, the Internet, and the facilities of a national securities exchange in connection with its business operations. Except as expressly admitted, Defendants deny the allegations of Paragraph 14.

### Parties

15. Defendants lack knowledge or information sufficient to form a belief as to the allegations regarding Plaintiff Donley's purported stock purchase(s) and on that basis deny them. Defendants deny that Plaintiffs or the purported class suffered any damages. Defendants deny the remaining allegations of Paragraph 15.

16. Defendants lack knowledge or information sufficient to form a belief

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
CASE NO. 2:23-cv-06343-KK (ASx)

as to the allegations regarding Plaintiff Gress's purported stock purchase(s) and on that basis deny them. Defendants deny that Plaintiffs or the purported class suffered any damages. Defendants deny the remaining allegations of Paragraph 16.

17. Defendants refer to the referenced website for a complete and accurate description of its contents. Defendants otherwise admit the allegations of Paragraph 17.

18. Defendants admit that Mr. Rapino has served as the Live Nation's CEO from August 2005 to the present.

19. Defendants admit that Mr. Berchtold has served as the Live Nation's CFO from July 2021 to the present.

20. Defendants admit that the Amended Complaint collectively refers to Mssrs. Rapino and Berchtold as the Individual Defendants.

21. The allegations of Paragraph 21 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 21.

22. The allegations of Paragraph 22 contain factual and/or legal conclusions to which no response is required. To the extent a response is required, Defendants admit that the Individual Defendants had access to certain Live Nation documents at various times during the purported class period. Except as expressly admitted, Defendants deny the allegations of Paragraph 22.

## **CONFIDENTIAL WITNESSES**

23. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 23 and on that basis deny them.

24. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 24 and on that basis deny them.

25. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 25 and on that basis deny them.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
CASE NO. 2:23-cv-06343-KK (ASx)

26. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 26 and on that basis deny them.

## COMPANY BACKGROUND

27. Defendants admit that Paragraph 27 describes certain aspects of Live Nation's business but deny that it is a complete description.

28. Defendants admit that Ticketmaster is a wholly owned subsidiary of Live Nation. Defendants further admit that Live Nation's 2022 ticketing revenue was approximately $2.2 billion and that Ticketmaster's business includes both primary and secondary ticketing. Except as expressly admitted, Defendants deny the allegations of Paragraph 28.

29. Defendants admit that Live Nation's 2022 total revenues were approximately $16.7 billion, that approximately 59% of Live Nation's 2022 adjusted operating income was attributable to Live Nation's Ticketing division, and that approximately 13% of Live Nation's 2022 revenue was attributable to Live Nation's Ticketing Division. Except as expressly admitted, Defendants deny the allegations of Paragraph 29.

30. Defendants admit that Paragraph 30 describes certain aspects of Live Nation's business and its reportable business segments, but deny that it is a complete description. Defendants admit that Live Nation and Ticketmaster merged in 2010 and that Concerts, Ticketing, and Sponsorship & Advertising are segments within Live Nation. Defendants admit that that the 2022 adjusted operating income margin for Concerts was 1.3%. Defendants deny that the 2022 adjusted operating income margin for Ticketing was 37.6%, but aver that it was 37.0%. Defendants further admit that Live Nation's resale business had nearly $4.5 billion dollars in gross transaction value for 2022, more than doubling resale gross transaction value in 2019. Defendants further admit that Live Nation maintains a database of fans and their interests. Defendants further admit that in 2022 Sponsorship & Advertising had revenue of approximately $968 million, an adjusted operating

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
CASE NO. 2:23-cv-06343-KK (ASx)

income of approximately $592 million, and an adjusted operating income margin of 61.1%. Except as expressly admitted, Defendants deny the allegations of Paragraph 30. Defendants admit that AEG is a competitor of Live Nation. Defendants otherwise lack knowledge or information sufficient to form a belief as to the allegations of n.2 of Paragraph 30 and on that basis deny them.

31.     Defendants admit that in 2022 Live Nation had revenue of approximately $16.7 billion and an adjusted operating income of approximately $1.4 billion. Defendants further admit that in 2022 Ticketing had revenue of approximately $2.24 billion and an adjusted operating income of approximately $827.9 million. Defendants further admit that in 2022 Sponsorship & Advertising had revenue of approximately $968 million and an adjusted operating income of approximately $592 million. Defendants further admit that in 2019 Live Nation had revenue of approximately $11.5 billion and an adjusted operating income of approximately $942.5 million. Defendants further admit that in 2019 Ticketing had revenue of approximately $1.5 billion and an adjusted operating income of approximately $482.4 million. Defendants further admit that in 2019 Sponsorship & Advertising had revenue of approximately $590 million and an adjusted operating income of approximately $366.1 million. Except as expressly admitted, Defendants deny the allegations of Paragraph 31.

**General Background on the Live Music Industry**

32.     Defendants admit that artists, their managers, promoters, venues, ticketing, and consumers are components of the live music industry. Except as expressly admitted, Defendants deny the allegations of Paragraph 32.

33.     Defendants admit that Live Nation is among the world's leading artist management companies. Except as expressly admitted, Defendants deny the allegations of Paragraph 33.

34.     Defendants admit that artist managers, booking agents, and promoters may play a role in arranging a concert or tour and that some may be compensated

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
CASE NO. 2:23-cv-06343-KK (ASx)

on a percentage basis. Except as expressly admitted, Defendants deny the allegations of Paragraph 34.

35. Defendants admit that the role of a promoter includes promoting a given concert to consumers and that promoters may receive proceeds and/or bear risks related to ticket sales. Except as expressly admitted, Defendants deny the allegations of Paragraph 35.

36. Defendants admit that some artists use a single company to promote an entire tour and that Live Nation believes that it is the largest live entertainment company in the world. Except as expressly admitted, Defendants deny the allegations of Paragraph 36.

37. Defendants admit that live concerts are typically held at a venue of some sort, that different venues offer different types of services, and that venues (including those that contract with Ticketmaster) may be compensated in various ways. Except as expressly admitted, Defendants deny the allegations of Paragraph 37.

38. Defendants admit that venues have options in terms of ticket sales and that Live Nation believes that it is a leading live entertainment ticketing sales and marketing company. Except as expressly admitted, Defendants deny the allegations of Paragraph 38. Defendants admit the allegations in n.3 of Paragraph 38.

39. Defendants admit that primary ticketing service providers may contract with venues to provide services to facilitate management, sales, and distribution of tickets to consumers for events. Except as expressly admitted, Defendants deny the allegations of Paragraph 39.

40. Defendants admit that primary ticketing service providers may generate revenues through ticket convenience charges and order service fees. Except as expressly admitted, Defendants deny the allegations of Paragraph 40. Defendants admit that Ticketmaster's technology allows for tickets to be priced

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
CASE NO. 2:23-cv-06343-KK (ASx)

based on market demand and that concertgoers may pay different amounts for tickets.   Except as expressly admitted, Defendants deny the allegations of Paragraph 40 n.4.

41.   Defendants admit that concert venues may enter into exclusive agreements with primary ticketing service providers (including Ticketmaster) through which the primary ticketing service provider may obtain certain rights. Except as expressly admitted, Defendants deny the allegations of Paragraph 41.

42.   Defendants admit that Live Nation often enters into written agreements with individual clients to provide primary ticketing services for specified multi-year periods, often ranging from three to five years.   Except as expressly admitted, Defendants deny the allegations of Paragraph 42.

43.   Defendants admit that some purchasers of tickets may choose to resell their tickets through various means.   Except as expressly admitted, Defendants deny the allegations of Paragraph 43.

44.   Defendants admit that the internet allows potential ticket resellers to reach potential buyers for many different kinds of events, including through the aggregation of inventory on resale websites and marketplaces.   Except as expressly admitted, Defendants deny the allegations of Paragraph 44.

45.   Defendants admit that a secondary ticketing service provider generally does not set the price of a given ticket and that a secondary ticketing service provider may earn certain fees on transactions.   Except as expressly admitted, Defendants deny the allegations of Paragraph 45.

46.   The allegations of Paragraph 46 contain factual and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 46.

**Live Nation Merged with Ticketmaster and Faced Intense Regulatory Scrutiny**

47.   Defendants admit that Paragraph 47 describes certain aspects of Live

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
CASE NO. 2:23-cv-06343-KK (ASx)

Nation's business but deny that it is a complete description. Defendants admit that Live Nation's Concerts segment principally involves the global promotion of live music events in Live Nation owned or operated venues and in rented third-party venues, the operation and management of music venues, the production of music festivals across the world, the creation of associated content, and the provision of management and other services to artists. Except as expressly admitted, Defendants deny the allegations of Paragraph 47.

48. Defendants admit that Live Nation had a business relationship with Ticketmaster prior to the merger between Live Nation and Ticketmaster. Except as expressly admitted, Defendants deny the allegations of Paragraph 48.

49. Defendants deny the allegations of Paragraph 49.

50. Defendants admit that in January 2010 the Department of Justice and certain state regulators filed a complaint in the United States District Court for the District of Columbia with respect to the merger between Live Nation and Ticketmaster. Defendants respectfully refer the Court to that complaint for a complete and accurate description of its contents. Except as expressly admitted, Defendants deny the allegations of Paragraph 50.

51. Defendants admit that in 2010, Live Nation became subject to a court-imposed Final Judgment (commonly referred to as a consent decree) and respectfully refer the Court to that consent decree for a complete and accurate description of its contents. Except as expressly admitted, Defendants deny the allegations of Paragraph 51.

52. Defendants admit that in 2010 Live Nation became subject to a court-imposed Final Judgment (commonly referred to as a consent decree) and respectfully refer the Court to that consent decree for a complete and accurate description of its contents. Except as expressly admitted, Defendants deny the allegations of Paragraph 52.

53. Defendants admit that in December 2019, Live Nation reached an

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
CASE NO. 2:23-cv-06343-KK (ASx)

agreement with the DOJ to modify certain aspects of the 2010 consent decree and extend its duration through the end of 2025, the terms of which are set forth in a court-imposed Amended Final Judgment (the "Amended Consent Decree") entered January 28, 2020.  Defendants respectfully refer the Court to the Amended Consent Decree for a complete and accurate description of its contents.  Except as expressly admitted, Defendants deny the allegations of Paragraph 53.

## Live Nation's Dominance in Multiple Related Markets

54.    The allegations of Paragraph 54 contain factual and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 54.

55.    Defendants admit that there are many different types of venues that may be used for live entertainment events.  Except as expressly admitted, Defendants deny the allegations of Paragraph 55.

### *Live Nation (via Ticketmaster) Dominates the Market for Primary Ticketing Services*

56.    Defendants admit that concert ticketing is a service that Ticketmaster provides, among others.  Except as expressly admitted, Defendants deny the allegations of Paragraph 56.

57.    Paragraph 57 purports to characterize the DOJ's January 25, 2010 Competitive Impact Statement on the Ticketmaster-Live Nation merger.  That document speaks for itself, and Defendants respectfully refer the Court to the statement for its contents.  Defendants otherwise deny the allegations of Paragraph 57.

58.    Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 58 and on that basis deny them.

59.    Paragraph 59 purports to characterize certain assertions by the DOJ, which speak for themselves and to which Defendants respectfully refer the Court for their contents.  The allegations of Paragraph 59 further contain factual

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
CASE NO. 2:23-cv-06343-KK (ASx)

conclusions to which no response is required.  Defendants otherwise deny the allegations of Paragraph 59.

60.    Defendants deny the allegations of Paragraph 60.

61.    Defendants lack knowledge or information sufficient to form a belief as to the allegations regarding the financial metrics of Ticketmaster compared to its competitors and on that basis deny them.  Defendants otherwise deny the allegations of Paragraph 61.

62.    Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 62 and on that basis deny them.

63.    Defendants admit that Live Nation believes that it is the world's leading live entertainment ticketing sales and marketing company.  Except as expressly admitted, Defendants deny the allegations of Paragraph 63.

64.    The allegations of Paragraph 64 contain factual and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that Live Nation often enters into written agreements with individual clients to provide primary ticketing services for specified multi-year periods, often ranging from three to five years.  Except as expressly admitted, Defendants deny the allegations of Paragraph 64.

65.    The allegations of Paragraph 65 contain factual conclusions to which no response is required.  To the extent a response is required, Defendants admit that Live Nation often enters into written agreements with individual clients to provide primary ticketing services for specified multi-year periods, often ranging from three to five years.  Defendants lack knowledge or information sufficient to form a belief as to the allegations regarding so-called public industry data and on that basis deny them.  Except as expressly admitted, Defendants deny the allegations of Paragraph 65.

66.    Paragraph 66 purports to characterize a report by the American Economic Liberties Project.  That document speaks for itself, and Defendants

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
CASE NO. 2:23-cv-06343-KK (ASx)

respectfully refer the Court to it for its contents. Defendants lack knowledge or information sufficient to form a belief as to the allegations regarding the American Economic Liberties Project and on that basis deny them.

67.    Defendants deny the allegations of Paragraph 67.

68.    Defendants deny the allegations of Paragraph 68.

69.    Defendants deny the allegations of Paragraph 69.

70.    Defendants deny the allegations of Paragraph 70.

***Live Nation (via Ticketmaster) Dominates the Market for Secondary Ticketing Services***

71.    Defendants admit that resale tickets are also referred to as secondary tickets, that ticketing resale services generally refers to the sale of tickets by a holder, that the holder may be able to determine the sale price, and that generally the ticket resale company is paid a service charge when the ticket is resold and the ticket value is paid to the holder. Except as expressly admitted, Defendants deny the allegations of Paragraph 71.

72.    The allegations of Paragraph 72 contain factual and/or legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the allegations regarding unspecified alleged quotations of Mr. Rapino and unnamed industry sources and on that basis deny them. Defendants admit that Ticketmaster's business includes both primary and secondary ticketing. Except as expressly admitted, Defendants deny the allegations of Paragraph 72.

73.    The allegations of Paragraph 73 contain factual and/or legal conclusions to which no response is required. To the extent a response is required, Defendants admit that the 2022 10-K contains the quoted language appearing in Paragraph 73. The 2022 10-K speaks for itself, and Defendants respectfully refer the Court to the 10-K for its contents. Except as expressly admitted, Defendants deny the allegations of Paragraph 73.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
CASE NO. 2:23-cv-06343-KK (ASx)

74.    Defendants deny the allegations of Paragraph 74.

75.    Defendants admit that Ticketmaster provides services for both primary and secondary ticket sales.  Except as expressly admitted, Defendants deny the allegations of Paragraph 75.

76.    Defendants admit that Live Nation believes that it is the world's leading live entertainment ticketing sales and marketing company, based on the number of tickets it sells, including through Ticketmaster.  Except as expressly admitted, Defendants deny the allegations of Paragraph 76.

77.    Defendants deny the allegations of Paragraph 77.

***Live Nation Dominates the Market for Concert Promotion Services***

78.    Defendants admit that Live Nation believes that it is the largest producer of live music concerts in the world, based on total fans that attend Live Nation events as compared to events of other promoters.  Except as expressly admitted, Defendants deny the allegations of Paragraph 78.

79.    Defendants deny the allegations of Paragraph 79.

80.    The allegations of Paragraph 80 contain factual and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 80.

81.    Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 81 and on that basis deny them.

82.    Defendants admit that in 2019, Live Nation's Concerts segment had an operating loss of approximately $53.5 million and that the Ticketing segment had an operating income of approximately $232 million.  Defendants admit that in 2022, Live Nation's Concerts segment had an adjusted operating income margin of 1.3% and that the Ticketing segment had an adjusted operating income margin of 37%.  Except as expressly admitted, Defendants deny the allegations of Paragraph 82.

83.    Defendants deny the allegations of Paragraph 83.

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15

DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
CASE NO. 2:23-cv-06343-KK (ASx)

84. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 84 and on that basis deny them.

85. Defendants deny the allegations of Paragraph 85.

86. Defendants deny the allegations of Paragraph 86.

87. Defendants deny the allegations of Paragraph 87.

88. Defendants deny the allegations of Paragraph 88.

**Live Nation Engaged in Anticompetitive Practices By "Conditioning" and "Retaliating" in Violation of the DOJ Consent Decree**

89. Defendants deny the allegations of Paragraph 89.

90. Paragraph 90 purports to quote the DOJ's January 8, 2020 motion to modify the consent decree. The motion speaks for itself, and Defendants respectfully refer the Court to the motion for its contents. Defendants otherwise deny the allegations of Paragraph 90.

91. Paragraph 91 purports to summarize an open letter sent on August 27, 2019 by Senators Richard Blumenthal and Amy Klobuchar. The letter speaks for itself, and Defendants respectfully refer the Court to the letter for its contents. Defendants otherwise deny the allegations of Paragraph 91.

92. Paragraph 92 purports to characterize an article published in April 2018 in the *New York Times*. The article speaks for itself, and Defendants respectfully refer the Court to the article for its contents. Defendants otherwise deny the allegations of Paragraph 92.

93. Paragraph 93 purports to summarize a press release published on December 19, 2019 by the DOJ. The press release speaks for itself, and Defendants respectfully refer the Court to the press release for its contents. Defendants otherwise deny the allegations of Paragraph 93.

94. Paragraph 94 purports to summarize the DOJ's January 8, 2020 motion to modify the consent decree. The motion speaks for itself, and Defendants respectfully refer the Court to the motion for its contents. Defendants otherwise

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16

DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
CASE NO. 2:23-cv-06343-KK (ASx)

deny the allegations of Paragraph 94.

95.     Paragraph 95 purports to characterize and quote Mr. Rapino's remarks at the 2019 Goldman Sachs Communacopia conference.  The transcript of Mr. Rapino's remarks speaks for itself, and Defendants respectfully refer the Court to the transcript for its contents.  Defendants otherwise deny the allegations of Paragraph 95.

96.     Defendants deny the allegations of Paragraph 96.

97.     Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 97 and on that basis deny them.

98.     Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 98 and on that basis deny them.

99.     Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 99 and on that basis deny them.

**Live Nation Engaged in Anticompetitive Practices in the Secondary Ticketing Market**

100.   Defendants admit that the internet allows potential ticket resellers to reach potential buyers for many different kinds of events, including through the aggregation of inventory on resale websites and marketplaces.  Except as expressly admitted, Defendants deny the allegations of Paragraph 100.

101.   Defendants admit that Live Nation is subject to certain laws pertaining to primary ticketing and ticket resale services.  Except as expressly admitted, Defendants deny the allegations of Paragraph 101.

102.   Defendants deny the allegations of Paragraph 102.

103.   Defendants admit that consumers can purchase both primary and resale tickets through Ticketmaster.com or the Ticketmaster mobile app.  Except as expressly admitted, Defendants deny the allegations of Paragraph 103.

104.   Defendants deny the allegations of Paragraph 104.

105.   Defendants deny the allegations of Paragraph 105.

106. Defendants deny the allegations of Paragraph 106.

107. Defendants admit that many primary ticketing service providers have developed electronic ticket technology that may utilize some combination of email, smartphone applications, QR codes, and/or other electronic codes. Except as expressly admitted, Defendants deny the allegations of Paragraph 107.

108. Defendants deny the allegations of Paragraph 108.

109. Defendants deny the allegations of Paragraph 109.

110. Paragraph 110 purports to quote the Ticketmaster SafeTix website. The webpage speaks for itself, and Defendants respectfully refer the Court to the website[2] for its contents. Defendants otherwise deny the allegations of Paragraph 110.

111. Defendants deny the allegations of Paragraph 111.

112. Defendants deny the allegations of Paragraph 112.

113. Defendants deny the allegations of Paragraph 113.

**Live Nation's Conduct Has Had Anticompetitive Effects**

114. Defendants deny the allegations of Paragraph 114.

115. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 115 and on that basis deny them.

116. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 116 and on that basis deny them.

117. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 117 and on that basis deny them.

118. Defendants deny the allegations of Paragraph 118.

119. Defendants lack knowledge or information sufficient to form a belief as to the allegations of secondary ticket reseller fees of competitors and on that basis deny them. Defendants deny the remaining allegations of Paragraph 119.

[2] https://www.ticketmaster.com/safetix (last accessed March 11, 2024).

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

18

DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
CASE NO. 2:23-cv-06343-KK (ASx)

Defendants admit that Ticketmaster acquired TicketsNow in 2008 for $265 million. Defendants otherwise deny the allegations of Paragraph 119 n.9.

120. The allegations of Paragraph 120 contain factual and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 120.

121. The allegations of Paragraph 121 contain factual and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 121.

122. The allegations of Paragraph 122 contain factual and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 122.

123. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 123 and on that basis deny them.

124. The allegations of Paragraph 124 contain factual and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 124.

**DEFENDANTS MADE FALSE AND MISLEADING STATEMENT AND OMISSIONS ABOUT LIVE NATION'S ANTICOMPETITIVE BEHAVIOR AND COOPERATION WITH REGULATIONS**

125. Paragraph 125 purports to quote the Live Nation's 2021 10-K filed with the Securities and Exchange Commission ("SEC") on February 23, 2022. The 2021 10-K speaks for itself, and Defendants respectfully refer the Court to that document for its contents. Defendants admit that the 2021 10-K contains the quoted language appearing in Paragraph 125 but note that the 2021 10-K includes additional language that Plaintiffs have omitted, including the following warning: "While we attempt to conduct our business and operations in a manner that we believe to be in compliance with such laws and regulations, there can be no assurance that a law or regulation will not be interpreted or enforced in a manner

contrary to our current understanding of the law or regulation."

126. The allegations of Paragraph 126 contain factual and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 126.

127. Paragraph 127 purports to quote the Live Nation's 2021 10-K filed with the SEC on February 23, 2022. The 2021 10-K speaks for itself, and Defendants respectfully refer the Court to that document for its contents. Defendants admit that the 2021 10-K contains the quoted language appearing in Paragraph 127 but note that the 2021 10-K includes additional language that Plaintiffs have omitted, including the following warning: "While we attempt to conduct our business and operations in a manner that we believe to be in compliance with such laws and regulations, there can be no assurance that a law or regulation will not be interpreted or enforced in a manner contrary to our current understanding of the law or regulation."

128. The allegations of Paragraph 128 contain factual and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 128.

129. Paragraph 129 purports to quote the Live Nation's 2021 10-K filed with the SEC on February 23, 2022. The 2021 10-K speaks for itself, and Defendants respectfully refer the Court to that document for its contents. Defendants admit that the 2021 10-K contains the quoted language appearing in Paragraph 129 but note that the 2021 10-K includes additional language that Plaintiffs have omitted, including the following: "In 2021, we saw a meaningful restart of our operations in the second half of the year which is reflected in our financials and key performance indicators. After nearly a year and a half of very limited events and ticket sales, shows restarted in some key markets at scale during the third quarter."

130. The allegations of Paragraph 130 contain factual and/or legal

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

20

DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
CASE NO. 2:23-cv-06343-KK (ASx)

conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 130.

131.   Paragraph 131 purports to quote the Live Nation's 2021 10-K filed with the SEC on February 23, 2022.  The 2021 10-K speaks for itself, and Defendants respectfully refer the Court to that document for its contents. Defendants admit that the 2021 10-K contains the quoted language appearing in Paragraph 131, among other language.

132.   The allegations of Paragraph 132 contain factual and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 132.

133.   The allegations of Paragraph 133 contain factual and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 133.

134.   Paragraph 134 purports to quote the Live Nation's statement issued on November 19, 2022.  The statement speaks for itself, and Defendants respectfully refer the Court to the statement for its contents.  Defendants otherwise admit that Live Nation's November 19, 2022 statement contains the quoted language appearing in Paragraph 134, among other language.

135.   The allegations of Paragraph 135 contain factual and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 135.

136.   Paragraph 136 purports to quote Mr. Berchtold's testimony before the U.S. Senate Judiciary Committee on January 24, 2023.  The testimony speaks for itself, and Defendants respectfully refer the Court to the testimony for its contents. Defendants otherwise admit that the transcript of Mr. Berchtold's testimony before the U.S. Senate Judiciary Committee includes the quoted language appearing in Paragraph 136, among other language.

137.   The allegations of Paragraph 137 contain factual and/or legal

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

21

DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
CASE NO. 2:23-cv-06343-KK (ASx)

conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 137.

138.   Paragraph 138 purports to quote the Live Nation's statement issued on February 23, 2023.  The statement speaks for itself, and Defendants respectfully refer the Court to the statement for its contents.  Defendants admit that Live Nation's February 23, 2023 statement contains the quoted language appearing in Paragraph 138, among other language.

139.   The allegations of Paragraph 139 contain factual and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 139.

140.   Paragraph 140 purports to quote the Live Nation's 2022 10-K filed with the SEC on February 23, 2023.  The 2022 10-K speaks for itself, and Defendants respectfully refer the Court to the 10-K for its contents.  Defendants otherwise admit that the 2022 10-K contains the quoted language appearing in Paragraph 140, among other language.

141.   The allegations of Paragraph 141 contain factual and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 141.

142.   The allegations of Paragraph 142 contain factual and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 142.

143.   Paragraph 143 purports to quote the Live Nation's 2022 10-K filed with the SEC on February 23, 2023.  The 2022 10-K speaks for itself, and Defendants respectfully refer the Court to that document for its contents.  Defendants admit that the 2022 10-K contains the quoted language appearing in Paragraph 143 but note that the 2022 10-K includes additional language that Plaintiffs have omitted, including the following warning: "While we attempt to conduct our business and operations in a manner that we believe to be in

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

22

DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
CASE NO. 2:23-cv-06343-KK (ASx)

compliance with such laws and regulations, there can be no assurance that a law or regulation will not be interpreted or enforced in a manner contrary to our current understanding of the law or regulation."

144. The allegations of Paragraph 144 contain factual and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 144.

145. Paragraph 145 purports to quote the Live Nation's 2022 10-K filed with the SEC on February 23, 2023. The 2022 10-K speaks for itself, and Defendants respectfully refer the Court to that document for its contents. Defendants admit that the 2022 10-K contains the quoted language appearing in Paragraph 145 but note that the 2022 10-K includes additional language that Plaintiffs have omitted, including the following warning: "While we attempt to conduct our business and operations in a manner that we believe to be in compliance with such laws and regulations, there can be no assurance that a law or regulation will not be interpreted or enforced in a manner contrary to our current understanding of the law or regulation."

146. The allegations of Paragraph 146 contain factual and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 146.

147. Paragraph 147 purports to quote the Live Nation's 2022 10-K filed with the SEC on February 23, 2023. The 2022 10-K speaks for itself, and Defendants respectfully refer the Court to that document for its contents. Defendants admit that the 2022 10-K contains the quoted language appearing in Paragraph 147, among other language.

148. The allegations of Paragraph 148 contain factual and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 148.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

23

DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
CASE NO. 2:23-cv-06343-KK (ASx)

**THE COMPANY'S STOCK PRICE DROPPED UPON REVELATIONS OF REGULATORS' INVESTIGATIONS AND IMMINENT CHARGES**

149. Paragraph 149 purports to summarize an article published on November 18, 2022 in the *New York Times*. The article speaks for itself, and Defendants respectfully refer the Court to the article for its contents. Defendants otherwise deny the allegations of Paragraph 149.

150. The trading price of Live Nation's stock is a matter of public record and speaks for itself. Defendants otherwise deny the allegations of Paragraph 150.

151. Paragraph 151 purports to summarize an article published on February 23, 2023 by NPR. The article speaks for itself, and Defendants respectfully refer the Court to the article for its contents. Defendants otherwise deny the allegations of Paragraph 151.

152. Paragraph 152 purports to quote the letter to the Assistant Attorney General for Antitrust, Jonathan Kanter, from Senators Amy Klobuchar and Mike Lee that is also quoted in an article published on February 23, 2023 by NPR. The letter and article speak for themselves and Defendants respectfully refer the Court to the letter and article for their contents. Defendants otherwise deny the allegations of Paragraph 152.

153. Paragraph 153 purports to characterize an article published on February 23, 2023 by NPR. The article speaks for itself, and Defendants respectfully refer the Court to the article for its contents. Defendants otherwise deny the allegations of Paragraph 153.

154. The trading price of Live Nation's stock is a matter of public record and speaks for itself. Paragraph 154 also purports to quote an article published on February 24, 2023 by Barron's. The article speaks for itself, and Defendants respectfully refer the Court to the article for its contents. Defendants otherwise deny the allegations of Paragraph 154.

155. Paragraph 155 purports to summarize an article published on July 28,

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

24

DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
CASE NO. 2:23-cv-06343-KK (ASx)

2023 by Politico.  The article speaks for itself, and Defendants respectfully refer the Court to the article for its contents.  Defendants otherwise deny the allegations of Paragraph 155.

156.   Paragraph 156 purports to summarize an article published on July 28, 2023 by Politico.  The article speaks for itself, and Defendants respectfully refer the Court to the article for its contents.  Defendants otherwise deny the allegations of Paragraph 156.

157.   Paragraph 157 purports to characterize an article published on July 28, 2023 by Politico.  The article speaks for itself, and Defendants respectfully refer the Court to the article for its contents.  Defendants otherwise deny the allegations of Paragraph 157.

158.   The trading price of Live Nation's stock is a matter of public record and speaks for itself.  Defendants otherwise deny the allegations of Paragraph 158.

159.   Paragraph 159 purports to summarize an article published on November 20, 2023 by CNBC.  The article speaks for itself, and Defendants respectfully refer the Court to the article for its contents.  Defendants otherwise deny the allegations of Paragraph 159.

160.   Paragraph 160 purports to quote the letter accompanying the subpoena from Senator Richard Blumenthal, Chairman of the Senate Permanent Subcommittee on Investigations ("PSI") that is also quoted in an article published on November 20, 2023 by CNBC.  The letter and article speak for themselves and Defendants respectfully refer the Court to the letter and article for their contents.  Defendants otherwise deny the allegations of Paragraph 160.

161.   Paragraph 161 purports to quote statements by Senator Richard Blumenthal, Chairman of the Senate PSI that is also quoted in an article published on November 20, 2023 by CNBC.  The statements and article speak for themselves and Defendants respectfully refer the Court to the statements and article for their contents.  Defendants otherwise deny the allegations of Paragraph 161.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

25

DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
CASE NO. 2:23-cv-06343-KK (ASx)

162. Paragraph 162 purports to quote an article published on November 20, 2023 by CNBC. The article speaks for itself, and Defendants respectfully refer the Court to the article for its contents. Defendants otherwise deny the allegations of Paragraph 162.

163. Paragraph 163 purports to characterize an article published on November 20, 2023 by CNBC. The article speaks for itself, and Defendants respectfully refer the Court to the article for its contents. Defendants otherwise deny the allegations of Paragraph 163.

164. The trading price of Live Nation's stock is a matter of public record and speaks for itself. Defendants otherwise deny the allegations of Paragraph 164.

**ADDITIONAL SCIENTER ALLEGATIONS**

165. The allegations of Paragraph 165 contain factual and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 165.

166. The allegations of Paragraph 166 contain factual and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 166.

167. The records of Mr. Rapino's trades of Live Nation stock are a matter of public record and speak for themselves. Defendants otherwise deny the allegations of Paragraph 167.

168. The allegations of Paragraph 168 contain factual and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 168.

**CLASS ACTION ALLEGATIONS**

169. Defendants admit that Plaintiffs purport to bring this action as a class action. Defendants deny that Plaintiffs have met the requirements to certify a class. Except as expressly admitted, Defendants deny the allegations of Paragraph 169.

170. The allegations of Paragraph 170 contain legal conclusions to which

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

26

DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
CASE NO. 2:23-cv-06343-KK (ASx)

no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 170.

171.   The allegations of Paragraph 171 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 171.

172.   The allegations of Paragraph 172 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 172.

173.   The allegations of Paragraph 173 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 173.

174.   The allegations of Paragraph 174 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 174.

175.   The allegations of Paragraph 175 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 175.

176.   The allegations of Paragraph 176 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 176.

177.   The allegations of Paragraph 177 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 177.

178.   The allegations of Paragraph 178 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 178.

179.   The allegations of Paragraph 179 contain legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

27

DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
CASE NO. 2:23-cv-06343-KK (ASx)

allegations of Paragraph 179.

180. The allegations of Paragraph 180 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 180.

## COUNT I

## Violations of Section 10(b) of the Exchange Act and SEC Rule 10b-5

### (Against All Defendants)

181. Defendants repeat and reallege their responses to Paragraphs 1 through 180 as though fully set forth herein.

182. The allegations of Paragraph 182 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 182.

183. The allegations of Paragraph 183 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 183.

184. The allegations of Paragraph 184 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 184.

185. The allegations of Paragraph 185 contain factual and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 185.

186. The allegations of Paragraph 186 contain factual and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 186.

187. The allegations of Paragraph 187 contain factual and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 187.

188. The allegations of Paragraph 188 contain factual and/or legal

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
CASE NO. 2:23-cv-06343-KK (ASx)

conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 188.

189. The allegations of Paragraph 189 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 189.

## COUNT II

### Violations of Section 20(a) of the Exchange Act

### (Against the Individual Defendants)

190. Defendants repeat and reallege their responses to Paragraphs 1 through 189 as though fully set forth herein.

191. The allegations of Paragraph 191 contain factual and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 191.

192. The allegations of Paragraph 192 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 192.

193. The allegations of Paragraph 193 contain factual and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 193.

194. The allegations of Paragraph 194 contain factual and/or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 194.

195. The allegations of Paragraph 195 contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 195.

### AFFIRMATIVE DEFENSES

Defendants assert the following separate affirmative defenses to Plaintiffs' Amended Complaint, without assuming the burden of proof on such defenses that

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

29

DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
CASE NO. 2:23-cv-06343-KK (ASx)

would otherwise fall on Plaintiffs.  Defendants reserve the right to supplement or amend these defenses and to assert additional affirmative defenses as the nature of Plaintiffs' claims becomes clear and as additional information is adduced through discovery.  Defendants do not knowingly or intentionally waive any applicable affirmative defense.

## FIRST AFFIRMATIVE DEFENSE

### (Lack of Standing)

Plaintiffs' claims, and those of the putative class, are barred, in whole or in part, because Plaintiffs have not suffered any concrete injury in fact and have not lost money or property that is traceable to any wrongful act by any Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (No Actionable Statements or Omissions)

Plaintiffs' claims, and those of the putative class, are not actionable because some or all of the purported misrepresentations or misleading statements or omissions alleged in the Amended Complaint were (a) immaterial, (b) general statements of corporate optimism or puffery on which no reasonable investor would rely, and/or (c) statements of opinions that Defendants subjectively believed.

## THIRD AFFIRMATIVE DEFENSE

### (Bespeaks Caution / Safe Harbor)

Plaintiffs' claims, and those of the putative class, are barred, in whole or in part, by the "bespeaks caution" and/or "safe harbor" doctrines to the extent that they are based on predictions, expressions of opinion, or forward-looking statements.

## FOURTH AFFIRMATIVE DEFENSE

### (Sufficient Cautionary Language)

Defendants are not liable to Plaintiffs or other members of the putative class because Live Nation's publicly filed documents contained sufficient cautionary

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

30

DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
CASE NO. 2:23-cv-06343-KK (ASx)

language advising investors about the risks associated with the subject matter of each misrepresentation or omission alleged in the Amended Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (Truth on the Market)

Defendants are not liable to Plaintiffs or other members of the putative class because the substance of the allegedly omitted or misrepresented material information was disclosed in Defendants' own filings and announcements and/or in other sources that were publicly available or widely known to the market, the investing community, Plaintiffs, and other members of the putative class.

## SIXTH AFFIRMATIVE DEFENSE

### (Good Faith)

Plaintiffs' claims, and those of the putative class, are barred, in whole or in part, because at all relevant times Defendants acted in good faith, including by acting in conformity with the law and rules and regulations of the SEC.

## SEVENTH AFFIRMATIVE DEFENSE

### (Due Diligence)

Defendants are not liable to Plaintiffs or other members of the putative class for statements made by Defendants Berchtold and Rapino because Defendants Berchtold and Rapino had, after reasonable investigation, reasonable grounds to believe and did believe, at the time of the statements at issue, that their statements were true and that there was no omission of any required material fact necessary to make the statements not misleading.

## EIGHTH AFFIRMATIVE DEFENSE

### (Proximate Cause / Loss Causation)

Plaintiffs' claims, and those of the putative class, are barred, in whole or in part, because Defendants' conduct was not the proximate cause of any damage or injury allegedly suffered by Plaintiffs or other members of the putative class.

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

31

DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
CASE NO. 2:23-cv-06343-KK (ASx)

## NINTH AFFIRMATIVE DEFENSE

### (Negative Causation)

Plaintiffs' claims, and those of the putative class, are barred, in whole or in part, because none of the alleged misrepresentations or misleading statements or omissions caused, or was a substantial factor in, any increase or decrease in the market value of Live Nation's securities owned by Plaintiffs or other members of the putative class.

## TENTH AFFIRMATIVE DEFENSE

### (Superseding or Intervening Events)

Plaintiffs' claims, and those of the putative class, are barred, in whole or in part, because superseding or intervening events caused some or all of the damages alleged in the Amended Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Knowledge / Assumption of Risk)

Plaintiffs' claims, and those of the putative class, are barred, in whole or in part, because Plaintiffs and/or other members of the putative class had actual or constructive knowledge of any allegedly misstated facts or omissions as well as the risks involved in Live Nation's business and thus assumed the risk that the value of Live Nation stock would decline if such risks materialized.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiffs and other members of the putative class are barred from recovery for injury or damages because they failed to make reasonable efforts to mitigate any such injury or damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Tax Benefits Offset)

Any recovery for damages allegedly incurred by Plaintiffs and other members of the putative class is subject to offset in an amount including, but not

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

32

DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
CASE NO. 2:23-cv-06343-KK (ASx)

limited to, any tax benefits actually received by Plaintiffs or other members of the putative class throughout their investments.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Other Factors Offset)

Under any theory of liability, Plaintiffs and other members of the putative class may not recover damages based on depreciation in the value of Live Nation securities that resulted from factors other than the material devices, schemes, or artifices to defraud, misstatements or omissions, acts, practices, or courses of business alleged in the Amended Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Equitable Doctrines)

Plaintiffs' claims, and those of the putative class, are barred, in whole or in part, by the doctrines of laches, equitable estoppel, waiver, unclean hands, and other related equitable defenses.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Equitable Allocation, Recoupment, Set-Off, and/or Comparative Fault)

Any damage, loss, or liability sustained by Plaintiffs and other members of the putative class must be reduced, diminished, and/or barred in proportion to the wrongful or negligent conduct of persons or entities other than Defendants under the principles of equitable allocation, recoupment, set-off, and contributory or comparative fault.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Improper Class Action)

This action is not properly maintainable as a class action, including because it does not meet the requirements for certification under Federal Rule of Civil Procedure 23, including because members of the putative class agreed to mandatory arbitration agreements encompassing any claims stated in the Amended Complaint.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

33

DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
CASE NO. 2:23-cv-06343-KK (ASx)

## RESERVATION OF ADDITIONAL DEFENSES

The foregoing affirmative defenses are pled on information and belief, based on investigation into the allegations as of the date of filing. Defendants expressly reserve the right to plead any additional defenses, affirmative or otherwise, and any counterclaims which may become available or apparent through discovery in the course of this action and/or required by any amendments to the Amended Complaint.

## **PRAYER FOR RELIEF**

Defendants generally deny that Plaintiffs or putative class members are entitled to any of the relief requested by the paragraph and sub-paragraphs referencing Plaintiffs' prayer for relief. Defendants pray for the following:

a. Dismissal of Plaintiffs' claims on the merits with prejudice;

b. A finding that Defendants are not liable to Plaintiffs, or that Plaintiffs' claims are barred, in whole or in part, based on one or more of the affirmative defenses asserted herein;

c. An award to Defendants of their costs and expenses; and

d. Such other and further relief as the Court deems just.

## **JURY DEMAND**

Defendants demand a trial by jury on all issues so triable.

Dated: March 27, 2024          Respectfully submitted,

LATHAM & WATKINS LLP

By /s/ *Melanie M. Blunschi*
Melanie M. Blunschi

*Attorneys for Defendants Live Nation Entertainment, Inc., Michael Rapino, and Joe Berchtold*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

34

DEFENDANTS' ANSWER TO
AMENDED COMPLAINT
CASE NO. 2:23-cv-06343-KK (ASx)