LATHAM & WATKINS LLP
Melanie M. Blunschi (CA Bar No. 234264)
  *melanie.blunschi@lw.com*
Nicholas R. Rosellini (CA Bar. No. 316080)
  *nick.rosellini@lw.com*
Elizabeth J. Cheng (CA Bar No. 342131)
  *liz.cheng@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600
Facsimile:  +1.415.395.8095

*Attorneys for Defendants Live Nation
Entertainment, Inc., Michael Rapino,
and Joe Berchtold*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| BRIAN DONLEY, Individually and on Behalf of All Others Similarly Situated<br><br>Plaintiffs,<br><br>v.<br><br>LIVE NATION ENTERTAINMENT, INC., MICHAEL RAPINO, and JOE BERCHTOLD,<br><br>Defendants. | Case No. 2:23-cv-06343-KK (ASx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Honorable Kenly Kiya Kato |

## 1. __PURPOSES AND LIMITATIONS__

Discovery in this Action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

1.1. Good Cause Statement: This Action may involve the production and exchange of confidential, sensitive information that could cause business, competitive, and personal harm if disclosed publicly or, without restrictions, between the parties. This Action may also involve trade secrets, operating plans, market analyses, nonpublic contracts, negotiating positions and business negotiation strategies, and financial information that, if it were to become public, could provide confidential, competitively sensitive information to the market and competitors and could put the producing party at a competitive disadvantage. Additionally, this Action may also involve the production of personal and/or confidential financial documents or other sensitive or personal documents and records. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been

maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

      1.2    <u>Acknowledgement of Procedure For Filing Under Seal</u>:  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order in and of itself does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

      There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases.  In connection with non-dispositive motions, good cause must be shown to support a filing under seal, and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal.  *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing).  The parties' mere designation of Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

      Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010).  For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking

protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

## 2. DEFINITIONS

2.1 Action: *Brian Donley, et al. v. Live Nation Entertainment, Inc., et al.*, 2:23-cv-06343-KK (ASx) (C.D. Cal.)

2.2 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 "CONFIDENTIAL" Information or Items: trade secrets or other confidential research, development, or commercially sensitive information (regardless of how it is generated, stored, or maintained) pursuant to Federal Rule of Civil Procedure 26(c), personal and/or confidential financial documents or other sensitive or personal documents and records, or any document, transcript (as provided pursuant to the procedures herein), or other material containing such information that has not been published or otherwise made publicly available. Materials designated "CONFIDENTIAL" shall be treated as Confidential Information, subject to the provisions set forth in this Order.

2.4 Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.6    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:  extremely sensitive Confidential Information, the disclosure of which to another Party or Non-Party would create a substantial risk of serious and irremediable harm to the Producing Party or its clients.  Materials designated "HIGHLY CONFIDENTIAL  ATTORNEYS' EYES ONLY" shall be treated as Highly Confidential Information, subject to the provisions set forth in this Order.

2.8    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9    House Counsel:  attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party:  any natural person, partnership, corporation, association or other legal entity not named as a Party to this Action.

2.11    Outside Counsel of Record:  attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, and includes support staff.

2.12    Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13  Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14  Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15  Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16  Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3.  SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.  Once a case proceeds to trial, information that was designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial.  *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related

documents are part of court record).  Accordingly, for such materials, the terms of this protective order do not extend beyond the commencement of the trial.

**4.    DURATION**

FINAL DISPOSITION of the Action is defined as the conclusion of any appellate proceedings, or, if no appeal is taken, when the time for filing of an appeal has run.  Except as set forth below, the terms of this protective order apply through FINAL DISPOSITION of the Action.  The parties stipulate—and the Court so orders—that the parties will be contractually bound by the terms of this agreement beyond FINAL DISPOSITION, but will file a separate action for enforcement of the agreement once all proceedings in this case are complete.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, transcripts, or oral or written communications that qualify so that other portions of the material, documents, items, transcripts, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2     Manner and Timing of Designations.  Except as otherwise provided in this Order (*see, e.g.*, second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires that:

(a)     for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix, at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page that contains protected material.  If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).  Material produced in native format (including but not limited to material produced in Excel) containing Protected Information shall be designated by (i) producing a TIFF (or similar electronic) placeholder image corresponding to the native material that includes the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend and (ii) including "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in the file name of the native material, where practicable.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the

specified documents, the Producing Party must affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)     for testimony given in depositions the entire deposition transcript shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until twenty-one (21) days after receipt of the final deposition transcript by counsel for the witness, unless otherwise agreed at the deposition and on the record. At the deposition and on the record, or in writing before the twenty-one (21) days have expired, the witness, his or her current or former employer, or their counsel may designate portions of the deposition transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The notice shall be sent to any person known to have a copy of the transcript and shall reference this Order and identify the pages and lines so designated.

(c)     for information produced in some form other than documentary and for any other tangible items, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     <u>Inadvertent Failures to Designate</u>. If corrected without unreasonable delay, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. In particular, the Receiving Party must replace the inadvertently non-designated material with the newly designated material and make

reasonable efforts to destroy the originally non-designated material.  The Receiving Party may challenge the confidentiality designation of such material pursuant to the provisions herein.

## 6.   CHALLENGING CONFIDENTIALITY OR PRIVILEGE DESIGNATIONS

6.1   Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality or privilege at any time that is consistent with the Court's Scheduling Order by delivering an email to Outside Counsel of Record for the Designating Party specifically identifying the Protected Material challenged, and the particular basis for the challenge as to each piece of Protected Material challenged.  Should the Designating Party fail to acknowledge the challenge within ten (10) court days, the challenged Protected Material shall no longer be Protected thereafter.

6.2   Meet and Confer.  Should the Designating Party disagree with any challenge, the Designating Party shall initiate the dispute resolution process under Local Rule 37-1, *et seq*.  If this process does not resolve the dispute, the Parties shall file a joint stipulation complying with Local Rule 37 so that the Court may resolve the dispute.

6.3   The burden of persuasion in any such challenge proceeding shall be on the Designating Party, and neither the Designation nor the fact that the Parties have stipulated to this Protective Order shall create any presumption of propriety of the Designation.  Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality or privilege designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

# 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    the Receiving Party or Parties and the officers, directors, and employees (including House Counsel) of the Receiving Party or Parties to whom disclosure is reasonably necessary for this Action;

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the Court and its personnel;

(e)    Court reporters and their staff;

(f)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action

and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)   the author or recipient of a document containing the information or who is identified on the face of such document as a recipient of the document through means other than the discovery process in this Action;

(h)   during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary, provided that: (1) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) witnesses will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the Court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(i)   any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions, who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(j)   the Parties' insurers, including the insurers' support staff and service organizations, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.3   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)    up to three (3) in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of the Action, or who are assisting outside counsel in the litigation of the Action and have executed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(b)    any individual specified in Paragraphs 7.2(a), (c), (d), (e), (f), (g), or (i).

## 8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order to the extent permitted by law;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed

as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)   The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)   promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s) to the extent permitted by law, and a reasonably specific description of the information requested; and

(3)   make the information requested available for inspection by the Non-Party, if requested.

(c)   If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to

the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must, as soon as practicable: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material: (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order: and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

11.1   No Waiver of Privilege or Clawback Rights.   The production of documents by a Designating Party shall, to the maximum extent permitted by law, be governed by Federal Rule of Civil Procedure 26(b)(5) and Federal Rule of Evidence 502 regarding the inadvertent production of material protected by the attorney-client privilege, the work-product doctrine, or any other privilege or protection from disclosure recognized under applicable law. A Party's inadvertent disclosure in connection with this Action of information that the Designating Party believes is protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from discovery shall not constitute a waiver with respect to such privilege or immunity in this or any other Action.

11.2   Notification by the Disclosing Party.   In the event of an inadvertent disclosure of information that the Designating Party believes is protected by the attorney-client privilege, the work product doctrine, or any other privilege or

immunity from discovery, the Designating Party may provide notice in writing to the Receiving Party advising of the inadvertent disclosure, requesting return of the information, and asserting the basis of the clawback request.  Upon such notice, the Receiving Party shall make no further use of the information, shall immediately segregate the information in a manner that will prevent any further disclosure or dissemination, and shall take reasonable steps to retrieve the information to the extent it was disclosed or disseminated prior to receipt of the notice.  Within fourteen (14) court days of receiving the notice of inadvertent disclosure, the Receiving Party shall take reasonable steps to return all information in its possession, custody, or control that the Designating Party believes is protected, or shall provide written confirmation that such information has been deleted.  The Receiving Party's reasonable steps shall not require the return or destruction of information that is stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes.  Backup storage media will not be restored for purposes of returning or certifying destruction of information, but such retained information shall continue to be treated in accordance with this Order.

11.3    Notification by the Receiving Party.  In the event a Receiving Party receives information that appears on its face to be subject to the attorney-client privilege, the work-product doctrine, or any other privilege or immunity from discovery, the Receiving Party shall refrain from reviewing the information any more than is essential to ascertain that the information is privileged, and shall immediately notify the Designating Party in writing that he or she possesses information that appears on its face to be privileged.  The Designating Party shall then have fourteen (14) court days after receiving the notice to request the return of the information.  If the Designating Party requests return of the information, the Receiving Party shall immediately return the information to the Designating Party and destroy any other copies, and confirm the return and destruction of the materials in writing.

11.4   Challenge Process.  For the avoidance of doubt, nothing in this Section (11) shall preclude a Receiving Party from challenging a confidentiality or privilege designation under Section 6 (Challenging Confidentiality or Privilege Designations).

**12.   MISCELLANEOUS**

12.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

12.4.   No Presumption of Protection.  Neither this stipulation and order nor any Designation of any Material shall constitute an admission by any Party that such Material is in fact properly designated.  At all times the Designating Party shall bear the burden of establishing the propriety of the Designation, as if this stipulation and order did not exist.

12.5.   Stipulation Binding Until Court Order.  The Parties agree to adhere to the terms of this stipulation until the Court rules on the [Proposed] Order hereon, and thereafter shall act as any such order ultimately directs or allows.

**13.   FINAL DISPOSITION**

After the final disposition of this Action, as defined in Section 4 (DURATION), within 60 days, each Receiving Party must return all Protected

Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that: (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed; and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Furthermore, Counsel shall not be required to return or destroy information that is stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes.  Any archival copies or backup storage media that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**14.   VIOLATION**

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**15.   MODIFICATIONS**

This Order may be amended and superseded by any subsequent order of the Court—on the Court's own motion, upon the stipulation of the Parties, or on other grounds that are appropriate under applicable law.  Any motion seeking to modify or amend this Order must be brought in strict compliance with Local Rules 37-1 and 37-2, including the Joint Stipulation requirement.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: April 30, 2024          LATHAM & WATKINS LLP


                               By: /s/ Melanie M. Blunschi
                               _____
                                 Melanie M. Blunschi (Bar No. 234264)
                                  melanie.blunschi@lw.com
                                 505 Montgomery Street, Suite 2000
                                 San Francisco, California 94111
                                 Telephone: +1.415.391.0600
                                 Facsimile: +1.415.395.8095

                               *Attorneys for Defendants Live Nation
                               Entertainment, Inc., Michael Rapino and Joe
                               Berchtold*

Dated: April 30, 2024          GLANCY PRONGAY & MURRAY LLP


                               By: /s/ Ex Kano S. Sams II
                               _____
                                 Robert V. Prongay (SBN 270796)
                                 rprongay@glancylaw.com
                                 Ex Kano S. Sams II (SBN 192936)
                                 esams@glancylaw.com
                                 Charles Linehan (SBN 307439)
                                 clinehan@glancylaw.com
                                 Pavithra Rajesh (SBN 323055)
                                 prajesh@glancylaw.com
                                 1925 Century Park East, Suite 2100
                                 Los Angeles, California 90067
                                 Telephone: (310) 201-9150
                                 Facsimile: (310) 201-9160

                               THE ROSEN LAW FIRM, P.A.

                               Laurence M. Rosen (SBN 219683)
                               355 South Grand Avenue, Suite 2450
                               Los Angeles, CA 90071
                               Telephone: (213) 785-2610
                               Facsimile: (213) 226-4684
                               Email: lrosen@rosenlegal.com

                               Phillip Kim (*pro hac vice*)
                               Joshua Baker (*pro hac vice*)
                               101 Greenwood Avenue, Suite 440

Jenkintown, PA 19046
Telephone: (215) 600-2817
Facsimile: (212) 202-3827
Email: pkim@rosenlegal.com
Email: jbaker@rosenlegal.com

*Attorneys for Lead Plaintiffs Brian Donley and Gene Gress and the Proposed Class*

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.


DATED: _____


_____
Honorable Alka Sagar
United States Magistrate Judge

## **ATTESTATION**

I am the ECF user whose identification and password are being used to file the foregoing Stipulated Protective Order.  Pursuant to Civil Local Rule 5-4.3.4(a)(2)(i), I, Melanie M. Blunschi, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized such filing.

Dated:  April 30, 2024                                  */s/ Melanie M. Blunschi*

                                                                    Melanie M. Blunschi

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare

under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the Central

District of California on [date] in the case of *Brian Donley, et al. v. Live Nation*

*Entertainment, Inc., et al.*, 2:23-cv-06343-KK (ASx) (C.D. Cal.).  I agree to comply

with and to be bound by all the terms of this Stipulated Protective Order, and I

understand and acknowledge that failure to so comply could expose me to sanctions

and punishment in the nature of contempt.  I solemnly promise that I will not disclose

in any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this

Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of

this action.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____