# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN DONLEY, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LIVE NATION ENTERTAINMENT, INC., MICHAEL RAPINO, and JOE BERCHTOLD,<br><br>Defendants. | No. 2:23-cv-06343-KK (ASx)<br><br><u>CLASS ACTION</u><br><br>Hon. Kenly Kiya Kato<br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE** |

1       WHEREAS, a securities class action is pending in this Court entitled *Donley v. Live Nation Entertainment, Inc.*, Case No. 2:23-cv-06343-KK (ASx) (the "Action");

      WHEREAS, (a) Court-appointed lead plaintiffs Brian Donley and Gene Gress ("Lead Plaintiffs") on behalf of themselves and the Settlement Class (defined below), and (b) defendants Live Nation Entertainment, Inc. ("Live Nation"), Michael Rapino and Joe Berchtold (collectively, "Individual Defendants"; together with Live Nation, "Defendants"; and together with Lead Plaintiffs, the "Parties") have determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated March 21, 2025 (the "Stipulation") subject to approval of this Court (the "Settlement");

      WHEREAS, Lead Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, certifying the Settlement Class for purposes of the Settlement only, and directing notice to Settlement Class Members as more fully described herein;

      WHEREAS, the Court has read and considered: (a) Lead Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed, and arguments made, in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

      WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

      NOW THEREFORE, IT IS HEREBY ORDERED:

1.     **<u>Class Certification for Settlement Purposes</u>** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class consisting of all persons and entities that purchased the publicly traded common stock of Live Nation Entertainment, Inc., between February 23, 2022, and May 22, 2024, both dates inclusive (the "Settlement Class Period"). Excluded from the Settlement Class are:

1  (a) persons and entities that suffered no compensable losses; and (b)(i) Defendants; (ii) any person who served as a partner, control person, officer and/or director of Live Nation during the Settlement Class Period, and members of their Immediate Families; (iii) present and former parents, subsidiaries, assigns, successors, affiliates, and predecessors of Live Nation; (iv) any entity in which any excluded person or entity has or had a controlling interest; (v) any trust of which an Individual Defendant is the settlor or which is for the benefit of an Individual Defendant and/or member(s) of their Immediate Families; and (vi) the legal representatives, heirs, successors, predecessors, and assigns of any person or entity excluded under provisions (i) through (v) hereof. Also excluded from the Settlement Class are any persons and entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court. For the avoidance of doubt, "affiliates" are persons or entities that directly, or indirectly through one or more intermediaries, control, are controlled by or are under common control with one of the Defendants.

2. **Class Findings** – Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3. The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiffs are adequate class representatives and certifies them as Class

Representatives for the Settlement Class. The Court also appoints Lead Counsel, the law firms of Glancy Prongay & Murray LLP and The Rosen Law Firm, P.A., including Ex Kano S. Sams II, Esq., Garth A. Spencer, Esq., Phillip Kim, Esq., and Joshua Baker, Esq., as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.  **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as provided in the Stipulation, as being fair, reasonable and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5.  Pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, the Parties have shown that the Court will likely be able to approve the proposed Settlement under Rule 23(e)(2), which requires the Court to consider the following factors in determining whether a proposed settlement is fair, reasonable, and adequate:

(A) have the class representatives and class counsel adequately represented the class;

(B) was the proposal negotiated at arm's length;

(C) is the relief provided for the class adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and

(D) does the proposal treat class members equitably relative to each other.

For the purposes of preliminary approval, the Court finds: (A) Lead Plaintiffs and Lead Counsel have adequately represented the Settlement Class; (B) the Settlement is the result of arm's-length negotiations conducted under the auspices of former United States District Court Judge Layn R. Phillips; (C) the relief provided is

adequate when considering (i) the substantial costs, risks, and delay of continued litigation, (ii) the proposed method for processing Settlement Class Members' claims and distributing relief to eligible claimants is standard in securities class action settlements and has been found to be effective in these types of settlements, (iii) that the proposed award of attorneys' fees is within the range of fees awarded in securities class actions, will ultimately be determined by the Court, and is separate from approval of the Settlement, and (iv) that the confidential agreement establishing the conditions under which Defendants may terminate the Settlement is standard and has no negative impact on the fairness of the Settlement; and (D) the Settlement treats Settlement Class Members equitably relative to one another under the proposed Plan of Allocation.

6. **Settlement Hearing and Motions Relating Thereto** – The Court will hold a final fairness hearing (the "Settlement Hearing") on _____, 2025 at \_\_:\_\_ \_.m. in Courtroom 3 of the George E. Brown, Jr. United States Courthouse, 3470 12th Street, 3rd Floor, Riverside, CA 92501, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be provided to Settlement Class Members as set forth in paragraph 8 of this Order.

7.     The Court may continue or adjourn the Settlement Hearing without further notice to the Settlement Class and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class. The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means, in which event the Claims Administrator shall update its website regarding the Settlement Hearing's telephonic or virtual format.

8.     **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel is hereby authorized to retain A.B. Data, Ltd. (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be provided as follows:

(a)     within five (5) business days of the date of entry of this Order, Live Nation will, to the extent available from Live Nation's transfer agent or similar agent, provide or cause to be provided to the Claims Administrator in an electronic format such as Excel (at no cost to the Settlement Fund, Lead Plaintiffs, the Settlement Class, Lead Plaintiffs' Counsel, or the Claims Administrator), its securities lists (consisting of names, addresses and, to the extent available, email addresses) of the purchasers of the Live Nation common stock during the Settlement Class Period;

(b)     not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice to be mailed by first-class mail to potential Settlement Class Members at the addresses set forth in the records provided by Live Nation or in the records which Live Nation caused to be provided, or who otherwise may be identified through further reasonable effort;

(c)     contemporaneously with the mailing of the Postcard Notice, the

1 Claims Administrator shall cause copies of the Stipulation (and its attachments), the Notice, the Summary Notice, the Claim Form, and this Order to be posted on a website to be developed for the Settlement, from which copies of those documents can be downloaded. The Claims Administrator shall also post copies of the motion for attorneys' fees and Litigation Expenses and the motion for final approval on the website once they become available;

(d) not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

(e) proof of such mailing and publication shall accompany Lead Plaintiff's motion for final approval of the Settlement.

9. **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, the Summary Notice, and the Postcard Notice attached as Exhibits A-1, A-2, A-3, and A-4 to the Stipulation, and (b) finds that the mailing and distribution of the Postcard Notice, the posting of the Stipulation, the Notice, the Claim Form, and this Order, and other relevant documents online, and the publication of the Summary Notice in the manner and form set forth in paragraph 8 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the

requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 (as amended), and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Postcard Notice, Notice, and Summary Notice before they are mailed, posted online, and published, respectively.

10. **Nominee Procedures** – The Claims Administrator shall make all reasonable efforts to give notice to nominees or custodians who purchased Live Nation common stock during the Settlement Class Period as record owners but not as beneficial owners. Brokers and other nominees who purchased publicly traded Live Nation common stock during the Settlement Class Period for the benefit of another person or entity shall, within seven (7) calendar days of receipt of the Claims Administrator's notice of the Settlement either: (a) request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; (b) request from the Claims Administrator a link to the Notice and Claim Form and, within seven (7) calendar days of receipt of the link, email the link to all such beneficial owners for whom valid email addresses are available; or (c) provide a list of the names, mailing addresses and email addresses (to the extent available) of all such beneficial owners to the Claims Administrator at *Live Nation Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173080, Milwaukee, WI 53217 in which event the Claims Administrator shall promptly mail the Postcard Notice, or email a link to the Notice and Claim Form, to such beneficial owners. Nominees that choose to follow procedures (a) or (b) shall also send a statement to the Claims Administrator confirming that the mailing or emailing was made as directed. Upon full and timely compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred, not to exceed: (a) $0.02

per name, mailing address, and email address (to the extent available) provided to Claims Administrator; (b) $0.02 per email for emailing notice; or (c) $0.02 per postcard, plus postage at the pre-sort rate used by the Claims Administrator, for mailing the Postcard Notice, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court. Nominees are not authorized to print the Postcard Notice themselves for mailing. Postcard Notices may only be printed by the Claims Administrator.

11. **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

12. Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is

1  deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person
2  executing the Claim Form is acting in a representative capacity, a certification of his,
3  her or its current authority to act on behalf of the Settlement Class Member must be
4  included in the Claim Form to the satisfaction of Lead Counsel or the Claims
5  Administrator; and (d) the Claim Form must be complete and contain no material
6  deletions or modifications of any of the printed matter contained therein and must be
7  signed under penalty of perjury.

8        13. Any Settlement Class Member who does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims against each and all of the Released Defendants' Parties, as more fully described in the Stipulation and Notice.  Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 11 above.

      14. **<u>Exclusion From the Settlement Class</u>** – Any member of the Settlement Class who wishes to exclude himself, herself or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received by, or postmarked no later than, twenty-one (21) calendar days prior to the Settlement Hearing, at the following address: *Live Nation Securities Litigation*, EXCLUSIONS, c/o A.B. Data, Ltd., P.O.

1  Box 173001, Milwaukee, WI 53217 and (b) each request for exclusion must (i) state
2  the name, address, and telephone number of the person or entity requesting exclusion,
3  and in the case of entities, the name and telephone number of the appropriate contact
4  person; (ii) state that such person or entity "requests exclusion from the Settlement
5  Class in *Donley v. Live Nation Entertainment, Inc.*, Case No. 2:23-cv-06343-KK
6  (ASx)"; (iii) state the number of shares of publicly traded Live Nation common stock
7  that the person or entity requesting exclusion purchased and sold during the
8  Settlement Class Period, as well as the dates and prices of each such purchase and
9  sale; and (iv) be signed by the person or entity requesting exclusion or an authorized
10 representative.  A request for exclusion shall not be effective unless it provides all the
11 required information and is received by, or postmarked within, the time stated above,
12 or is otherwise accepted by the Court.

13         15.    Any person or entity who or which timely and validly requests exclusion
14 in compliance with the terms stated in this Order and is excluded from the Settlement
15 Class shall not be a Settlement Class Member, shall not be bound by the terms of the
16 Settlement or any orders or judgments in the Action and shall not receive any payment
17 out of the Net Settlement Fund.

18         16.    Any Settlement Class Member who or which does not timely and validly
19 request exclusion from the Settlement Class in the manner stated in this Order:
20 (a) shall be deemed to have waived his, her or its right to be excluded from the
21 Settlement Class; (b) shall be forever barred from requesting exclusion from the
22 Settlement Class in this or any other proceeding; (c) shall be bound by the provisions
23 of the Stipulation and Settlement and all proceedings, determinations, orders and
24 judgments in the Action, including, but not limited to, the Judgment or Alternate
25 Judgment, if applicable, and the Releases provided for therein, whether favorable or
26 unfavorable to the Settlement Class; and (d) will be barred from commencing,
27 maintaining or prosecuting any of the Released Plaintiffs' Claims against any of the
28

Released Defendants' Parties, as more fully described in the Stipulation and Notice.

17. **<u>Appearance and Objections at Settlement Hearing</u>** – Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

18. Any Settlement Class Member who does not request exclusion from the Settlement Class may submit a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she or it has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has submitted a written objection to the Claims Administrator and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received by, or postmarked no later than, twenty-one (21) calendar days prior to the Settlement Hearing.

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Glancy Prongay & Murray LLP | Latham & Watkins LLP |
| Ex Kano S. Sams II, Esq. | Melanie M. Blunschi, Esq. |
| Garth A. Spencer, Esq. | 505 Montgomery Street, Suite 2000 |
| 1925 Century Park East, Suite 2100 | San Francisco, California 94111-6538 |

        Los Angeles, CA 90067

        -and-

        The Rosen Law Firm, P.A.
        Phillip Kim, Esq.
        Joshua Baker, Esq.
        101 Greenwood Avenue, Suite 440
        Jenkintown, PA 19046

19. Any objections, filings, and other submissions by the objecting Settlement Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of Live Nation common stock that the person or entity objecting purchased and sold during the Settlement Class Period, as well as the dates and prices of each such purchase and sale. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

20. Any Settlement Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses, or from

1  otherwise being heard concerning the Settlement, the Plan of Allocation or the
2  requested attorneys' fees and Litigation Expenses in this or any other proceeding.

3  21. **Stay and Temporary Injunction** – Until otherwise ordered by the
4  Court, the Court stays all proceedings in the Action other than proceedings necessary
5  to carry out or enforce the terms and conditions of the Stipulation. Pending final
6  determination of whether the Settlement should be approved, the Court bars and
7  enjoins Lead Plaintiffs, and all other members of the Settlement Class, from
8  commencing or prosecuting any and all of the Released Plaintiffs' Claims against
9  each and all of the Released Defendants' Parties.

10  22. **Settlement Administration Fees and Expenses** – All reasonable costs
11  incurred in identifying Settlement Class Members and notifying them of the
12  Settlement as well as in administering the Settlement shall be paid as set forth in the
13  Stipulation without further order of the Court.

14  23. **Settlement Fund** – The contents of the Settlement Fund held by The
15  Huntington National Bank (which the Court approves as the Escrow Agent), shall be
16  deemed and considered to be *in custodia legis* of the Court, and shall remain subject
17  to the jurisdiction of the Court, until such time as they shall be distributed pursuant to
18  the Stipulation and/or further order(s) of the Court.

19  24. **Taxes** – Lead Counsel is authorized and directed to prepare any tax
20  returns and any other tax reporting form for or in respect to the Settlement Fund, to
21  pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund,
22  and to otherwise perform all obligations with respect to Taxes and any reporting or
23  filings in respect thereof without further order of the Court in a manner consistent
24  with the provisions of the Stipulation.

25  25. **Termination of Settlement** – If the Settlement is terminated as provided
26  in the Stipulation, the Settlement is not approved, or the Effective Date of the
27  Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void
28

and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of November 27, 2024, as provided in the Stipulation.

26. **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Released Defendants' Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendants' Parties with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendants' Parties or in any way referred to for any other reason as against any of the Released Defendants' Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Released Plaintiffs' Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Released Plaintiffs' Parties that any of their claims are without merit, that any of the Released Defendants' Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence,

fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiffs' Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

27. **Supporting Papers** – Lead Counsel shall file the motion for final approval and the motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

28. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2025.

_____
THE HONORABLE KENLY KIYA KATO
UNITED STATES DISTRICT JUDGE