# EXHIBIT 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN DONLEY, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> LIVE NATION ENTERTAINMENT, INC., MICHAEL RAPINO, and JOE BERCHTOLD, <br><br> Defendants. | No. 2:23-cv-06343-KK (ASx) <br><br> <u>CLASS ACTION</u> <br><br> Hon. Kenly Kiya Kato |

## <u>STIPULATION AND AGREEMENT OF SETTLEMENT</u>

This Stipulation and Agreement of Settlement, dated as of March 21, 2025 (the "Stipulation") is entered into between: (a) lead plaintiffs Brian Donley and Gene Gress ("Lead Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (b) defendants Live Nation Entertainment, Inc. ("Live Nation" or the "Company"), Michael Rapino and Joe Berchtold (collectively, "Individual Defendants"; together with Live Nation, "Defendants"; and together with Lead Plaintiffs, the "Parties"), and embodies the terms and conditions of the settlement of the above-captioned action (the "Action").[1]  Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all claims asserted therein against Defendants.

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.

WHEREAS:

A.      On August 4, 2023, a putative class action complaint was filed in this Court, styled *Donley v. Live Nation Entertainment, Inc.*, Case No. 2:23-cv-06343-RGK (ASx) (C.D. Cal.). ECF No. 1.

B.      By order dated October 18, 2023, the Court appointed Brian Donley and Gene Gress to serve as Lead Plaintiffs for the Action; and approved Lead Plaintiffs' selection of Glancy Prongay & Murray LLP and The Rosen Law Firm, P.A. to serve as Lead Counsel for the proposed class. ECF No. 27.

C.      On November 22, 2023, the case was reassigned to the Honorable Kenly Kiya Kato, and the case number changed to 2:23-cv-06343-KK (ASx). ECF No. 39.

D.      On November 30, 2023, Lead Plaintiffs filed and served the Amended Class Action Complaint for Violations of the Federal Securities Laws (the "First Amended Complaint") asserting claims against: (i) defendants Live Nation, Michael Rapino and Joe Berchtold under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder; and (ii) defendants Rapino and Berchtold under Section 20(a) of the Exchange Act. ECF No. 40.

E.      On December 22, 2023, Defendants filed a motion to dismiss the First Amended Complaint. ECF Nos. 44-45. On January 11, 2024, Lead Plaintiffs filed their papers in opposition to the motion to dismiss. ECF No. 47. On January 25, 2024, Defendants filed their reply in support of the motion to dismiss. ECF No. 50.

F.      By order dated February 23, 2024, the Court denied Defendants' motion to dismiss. ECF No. 52.

G.    On March 27, 2024, Defendants filed their answer to the First Amended Complaint. ECF 59.

H.    On May 23, 2024, the U.S. Department of Justice ("DOJ") filed a 128-page complaint against Live Nation. The DOJ's complaint alleged violations of the Sherman Act and various state competition and consumer protection laws. Specifically, the DOJ alleged that Live Nation: (1) monopolized the markets for primary ticketing services, concert promotion services, and the use of large amphitheater venues; (2) engaged in unlawful exclusive dealing; and (3) engaged in unlawful tying arrangements concerning the use of large amphitheater venues and artist promotions markets.

I.    Following the denial of Defendants' motion to dismiss the First Amended Complaint, the Parties proceeded with discovery.  The Parties met and conferred, and filed a Joint Rule 26(f) Report with the Court on March 7, 2024.  ECF No. 57.

J.    From March 2024 through November 2024, the Parties completed extensive fact discovery.  The Parties served and responded to interrogatories and requests for the production of documents, and Lead Plaintiffs served 12 subpoenas *duces tecum* on third parties.  Defendants produced approximately 55,209 documents consisting of 140,352 pages (including certain of Defendants' emails and business records), and certain non-parties produced approximately 11,766 documents consisting of 52,125 pages pursuant to the subpoenas issued by Lead Plaintiffs.  The Parties also engaged in substantial negotiations related to, among other things, the scope of discovery, scheduling, a protective order that was entered by the Court, and an Electronic Discovery Protocol that was entered by the Court.  *See* ECF Nos. 64 & 70.

K.    While the Parties were actively engaging in fact discovery, they agreed to participate in a private mediation.  The Parties selected former United States District Court Judge

3

Layn R. Phillips to serve as mediator. Lead Plaintiffs and Defendants exchanged extensive mediation statements and exhibits that addressed, among other things, issues related to liability and damages. On November 13, 2024, the Parties participated in a full-day mediation session with Judge Phillips. The session ended without an agreement being reached, however, Judge Phillips continued to work with the Parties. Following subsequent negotiations, Judge Phillips made a double-blind mediator's recommendation to resolve the Action for $20,000,000 in cash for the benefit of the Settlement Class. The Parties each accepted the mediator's proposal.

L.      The agreement in principle to settle the Action was memorialized in a term sheet dated November 27, 2024 (the "Term Sheet"). The Term Sheet sets forth, among other things, the Parties' agreement to settle and release all claims asserted against Defendants in the Action in return for a cash payment by or on behalf of Defendants of $20,000,000 for the benefit of the Settlement Class, subject to certain terms and conditions, and contemplates the execution of a customary "long form" stipulation and agreement of settlement and related papers.

M.      On March 13, 2025, the Parties filed a Joint Stipulation for Leave To File Second Amended Complaint, which was approved by the Court on March 14, 2025. ECF Nos. 84-85. On March 14, 2025, Lead Plaintiffs filed the Second Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint"). ECF No. 86. The Complaint includes the allegations from the First Amended Complaint as well as additional allegations relating to the DOJ's May 23, 2024 complaint.

N.      This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties.

O.      Based upon their investigation, prosecution, and mediation of the case, Lead Plaintiffs and Lead Counsel have concluded that the terms and conditions of this Stipulation are

fair, reasonable and adequate to Lead Plaintiffs and the other members of the Settlement Class, and in their best interests. Based on Lead Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, Lead Plaintiffs have agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Lead Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

P.    This Stipulation constitutes a compromise of matters that are in dispute between the Parties. Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation. Each of the Defendants denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of an admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted. Defendants expressly deny that Lead Plaintiffs asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever. Similarly, this Stipulation shall in no event be construed or deemed to be evidence of an admission or concession on the part of Lead Plaintiffs of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit. Each of the Parties recognizes and acknowledges, however, that the Action has been initiated, filed, and prosecuted by Lead Plaintiffs in good faith and defended by Defendants in good faith, that the Action is being voluntarily settled with the advice of counsel, and that the terms of the Settlement are fair, adequate and reasonable.

Moreover, the parties shall, in good faith, endeavor to communicate the terms of the Settlement in a manner that is respectful of the fact that no final adjudication was determined by a court or jury.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Lead Plaintiffs (individually and on behalf of all other members of the Settlement Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against the Released Defendants' Parties and all Released Defendants' Claims as against the Released Plaintiffs' Parties shall be settled and released, upon and subject to the terms and conditions set forth below.

## **DEFINITIONS**

1.      As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)      "Action" means the consolidated securities class action in the matter styled *Donley v. Live Nation Entertainment, Inc.*, Case No. 2:23-cv-06343-KK (ASx) (C.D. Cal.).

(b)      "Alternate Judgment" means a form of final judgment that may be entered by the Court herein that is substantially similar to the Judgment but in a form other than the form of Judgment provided for in this Stipulation.

(c)      "Authorized Claimant" means a Settlement Class Member who submits a Proof of Claim Form to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

(d)      "Claim" means a Proof of Claim Form submitted to the Claims Administrator.

(e)    "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit A-2, that a Claimant or Settlement Class Member must complete and submit should that Claimant or Settlement Class Member seek to share in a distribution of the Net Settlement Fund.

(f)    "Claimant" means a person or entity who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the proceeds of the Settlement Fund.

(g)    "Claims Administrator" means the firm retained by Lead Plaintiffs and Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

(h)    "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(i)    "Complaint" means the Second Amended Class Action Complaint for Violations of the Federal Securities Laws (ECF No. 86) filed by Lead Plaintiffs in the Action on March 14, 2025.

(j)    "Court" means the United States District Court for the Central District of California.

(k)    "Defendants" means, collectively, Live Nation Entertainment, Inc., and the Individual Defendants.

(l)    "Defendants' Counsel" means Latham & Watkins LLP.

(m)    "Derivative Actions" means, collectively: (i) *Zwick v. Rapino*, Case No. 2:23-cv-09520-KK-AS (C.D. Cal.); (ii) *Williams v. Carter*, Case No. 2:24-cv-05225-KK-AS (C.D. Cal.); and (iii) *Schreiber v. Rapino*, C.A. No. 2024-0863-KSJM (Del. Ch.).

(n)  "D&O Insurers" means Defendants' directors and officers liability insurance carriers.

(o)  "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 33 of this Stipulation have been met and have occurred or have been waived.

(p)  "Escrow Account" means an account maintained at The Huntington National Bank wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

(q)  "Escrow Agent" means The Huntington National Bank.

(r)  "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(s)  "Excluded Claims" means any claims: (i) relating to the enforcement of the Settlement; (ii) of any person or entity who or which submits a request for exclusion that is accepted by the Court; or (iii) asserted derivatively on behalf of Live Nation, including in any of the Derivative Actions.

(t)  "Final," with respect to the Judgment or, if applicable, the Alternate Judgment, or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the Judgment or Alternate Judgment; or (ii) if there is an appeal from the Judgment or order: (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise; or (b) the date the Judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of

review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs or expenses, or (ii) the Plan of Allocation of Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

(u)    "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law; with "spouse" meaning a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(v)    "Individual Defendants" means Michael Rapino and Joe Berchtold.

(w)    "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(x)    "Lead Counsel" means the law firms of Glancy Prongay & Murray LLP and The Rosen Law Firm P.A.

(y)    "Lead Plaintiffs" means Brian Donley and Gene Gress.

(z)    "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting and settling the Action (which may include the costs and expenses of Lead Plaintiffs directly related to their representation of the Settlement Class), for which Lead Counsel intends to apply to the Court for reimbursement from the Settlement Fund.

(aa)    "Live Nation" and the "Company" mean Live Nation Entertainment, Inc.

(bb)    "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; and

9

(iv) any attorneys' fees awarded by the Court.

(cc)    "Notice" means the Notice of: (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit A-1, which shall be made available online at a website maintained by the Claims Administrator or mailed to Settlement Class Members upon request.

(dd)    "Notice and Administration Costs" means the costs, fees and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing notice to the Settlement Class; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees and expenses incurred in connection with the Escrow Account.

(ee)    "Officer" means any officer as that term is defined in Securities and Exchange Act Rule 16a-1(f).

(ff)    "Parties" means Defendants and Lead Plaintiffs, on behalf of themselves and the Settlement Class.

(gg)    "Plaintiffs' Counsel" means Lead Counsel and all other legal counsel who, at the direction and under the supervision of Lead Counsel, performed services on behalf of the Settlement Class in the Action, including The Law Offices of Frank R. Cruz.

(hh)    "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

(ii)    "Postcard Notice" means the Postcard Notice of: (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation

Expenses, substantially in the form attached hereto as Exhibit A-4, which is to be mailed to Settlement Class Members.

(jj)   "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

(kk)   "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

(ll)   "Released Claims" means, collectively, all Released Plaintiffs' Claims and all Released Defendants' Claims.

(mm) "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or are based upon the institution, prosecution, or settlement of the claims asserted in the Action against Defendants.  Released Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii) any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court; or (iii) any claims by Defendants against their D&O Insurers.

(nn)   "Released Defendants' Parties" means (i) Defendants; (ii) the Immediate Family members of the Individual Defendants; (iii) direct or indirect parent entities, subsidiaries, related entities, and affiliates of Live Nation; (iv) any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant and/or his or her Immediate Family members; (v) for any of the entities listed in parts (i) through (iv), their respective past and present general partners, limited partners, principals, shareholders, joint venturers, officers,

11

directors, managers, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof; and (v) any entity in which a Defendant has a controlling interest; all in their capacities as such.

(oo)    "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that Lead Plaintiffs or any other member of the Settlement Class: (i) asserted in the Complaint; or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase of publicly traded Live Nation common stock during the Settlement Class Period.  Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii) any derivative claims, including the Derivative Actions and any derivative claims by shareholders who have made demands upon Live Nation and/or books and records requests; and (iii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

(pp)    "Released Plaintiffs' Parties" means (i) Lead Plaintiffs, all Settlement Class members, any other plaintiffs in the Action, Lead Plaintiffs' Counsel, any other counsel for plaintiffs in the Action, and (ii) each of their respective family members, and their respective partners, general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof; all in their capacities as such.

(qq)   "Releasee(s)" means each and any of the Released Defendants' Parties and each and any of the Released Plaintiffs' Parties.

(rr)   "Releases" means the releases set forth in ¶¶ 5-6 of this Stipulation.

(ss)   "Settlement" means the settlement between Lead Plaintiffs and Defendants on the terms and conditions set forth in this Stipulation.

(tt)   "Settlement Amount" means $20,000,000 in cash.

(uu)   "Settlement Class" means all persons and entities that purchased the publicly traded common stock of Live Nation Entertainment, Inc. between February 23, 2022, and May 22, 2024, both dates inclusive.  Excluded from the Settlement Class are: (a) persons and entities that suffered no compensable losses; and (b)(i) Defendants; (ii) any person who served as a partner, control person, officer and/or director of Live Nation during the Settlement Class Period, and members of their Immediate Families; (iii) present and former parents, subsidiaries, assigns, successors, affiliates, and predecessors of Live Nation; (iv) any entity in which any excluded person or entity has or had a controlling interest; (v) any trust of which an Individual Defendant is the settlor or which is for the benefit of an Individual Defendant and/or member(s) of their Immediate Families; and (vi) the legal representatives, heirs, successors, predecessors, and assigns of any person or entity excluded under provisions (i) through (v) hereof. Also excluded from the Settlement Class are any persons and entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court. For the avoidance of doubt, "affiliates" are persons or entities that directly, or indirectly through one or more intermediaries, control, are controlled by or are under common control with one of the Defendants.

(vv)   "Settlement Class Member" means each person and entity who or which is a member of the Settlement Class.

(ww)  "Settlement Class Period" means the period from February 23, 2022 through May 22, 2024, both dates inclusive.

(xx)  "Settlement Fund" means the Settlement Amount, plus any and all interest earned thereon.

(yy)  "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(zz)  "Summary Notice" means the Summary Notice of: (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit A-3, to be published as set forth in the Preliminary Approval Order.

(aaa)  "Taxes" means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; and (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

(bbb)  "Term Sheet" means the Settlement term sheet executed on behalf of the Parties and dated November 27, 2024.

(ccc)  "Unknown Claims" means any Released Plaintiffs' Claims which Lead Plaintiffs, any other Settlement Class Member, or any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of any Settlement Class Member in such capacity only, does not know or suspect to exist in his, her or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to

14

this Settlement, and any Released Defendants' Claims which any Defendant, or any other person or entity legally entitled to bring Released Defendants' Claims on behalf of the Defendants in such capacity only, does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other releasing parties shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiffs and Defendants acknowledge, and each of the other releasing parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## CLASS CERTIFICATION

2.     Solely for purposes of the Settlement and for no other purpose, the Parties stipulate and agree to: (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) certification of Lead Plaintiffs as Class Representatives for the Settlement Class; and (c) appointment of Lead Counsel as class counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil

Procedure.

## PRELIMINARY APPROVAL OF SETTLEMENT

3.       Promptly upon execution of this Stipulation, Lead Plaintiffs will move for preliminary approval of the Settlement, certification of the Settlement Class for settlement purposes only, and the scheduling of a hearing for consideration of final approval of the Settlement, which motion shall be unopposed by Defendants.  Concurrently with the motion for preliminary approval, Lead Plaintiffs shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

## RELEASE OF CLAIMS

4.       The obligations incurred pursuant to this Stipulation are (a) subject to approval by the Court, and the Judgment (or the Alternate Judgment, if applicable) reflecting such approval becoming Final; and (b) in consideration of: (i) the full and final disposition of the Action as against Defendants, and (ii) the Releases provided for herein.

5.       Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Lead Plaintiffs and the other members of the Settlement Class, on behalf of themselves, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of the respective Settlement Class Members in such capacity only, shall be deemed to have, and by operation of law and of the Judgment, or the Alternate Judgment if applicable, shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against the Defendants and the other Released Defendants' Parties, and shall permanently and forever be barred and enjoined from prosecuting, directly or indirectly, representatively, or in any other capacity, any or all of the Released Plaintiffs' Claims against any of the Released

16

Defendants' Parties. This release shall not apply to any Excluded Claim.

6.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves and any person or entity that can assert claims on their behalf, in such capacity only, shall be deemed to have, and by operation of law and of the Judgment, or the Alternate Judgment if applicable, shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Lead Plaintiffs and the other Released Plaintiffs' Parties, and shall permanently and forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Released Plaintiffs' Parties. This release shall not apply to any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

7.      Notwithstanding ¶¶ 5-6 above, nothing in the Judgment, or the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternate Judgment, if applicable.

## THE SETTLEMENT CONSIDERATION

8.      In consideration of the settlement of the Released Plaintiffs' Claims against Defendants and the other Released Defendants' Parties, Defendants and/or their D&O Insurers shall pay or cause to be paid the Settlement Amount into the Escrow Account no later than thirty (30) calendar days after the later of: (a) the Court having entered an order preliminarily approving the Settlement, or (b) Defendants having received the information necessary to effectuate a transfer of funds to the escrow account, including wiring instructions that include the bank name and ABA routing number, account name and number, and a signed W-9 reflecting a valid taxpayer identification number for the qualified settlement fund in which the Settlement Amount is to be

deposited.  If the thirtieth (30th) day after entry of a preliminary settlement approval order or receipt of complete payment instructions is a Saturday, Sunday, or bank holiday, the Settlement Amount shall be paid on the next business day.  The portion of the Settlement Amount to be funded by the D&O Insurers will be paid directly into the escrow account by the D&O Insurers.  No Defendant shall have any obligation to pay Lead Plaintiffs, Lead Counsel, any Settlement Class Member, or any other person, any monetary consideration in excess of the Settlement Amount.  If Defendants fail to cause the Settlement Amount, or any portion thereof, to be paid in accordance with the terms of the Stipulation: (a) Defendants cannot terminate the Settlement; and (b) Lead Plaintiffs may apply to the Court to enforce the terms of the Settlement.

## USE OF SETTLEMENT FUND

9.      The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; and (d) any attorneys' fees awarded by the Court.  The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 18-29 below.

10.     Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.  The Escrow Agent shall invest any funds in the Escrow Account exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including U.S. Treasury bills, a U.S. Treasury Fund, or a bank account that is either: (a) fully insured by the Federal Deposit Insurance Corporation; or (b) secured by instruments backed by

the full faith and credit of the United States Government.  The Escrow Agent shall reinvest the proceeds of these instruments or accounts as they mature in similar instruments or accounts at their then-current market rates.

11.    The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund.  Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund.  The Released Defendants' Parties shall not have any liability or responsibility for any such Taxes.  Upon written request, Defendants will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e).  Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

12.    All Taxes shall be paid out of the Settlement Fund and shall be paid timely by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without further order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the

Settlement Fund as provided herein. The Released Defendants' Parties shall have no responsibility or liability for the acts or omissions of Lead Counsel or its agents with respect to the payment of Taxes or administration of the Escrow Account, as described herein.

13. The Settlement is not a "claims-made" settlement. Upon the occurrence of the Effective Date, no Defendant, Released Defendants' Party, D&O Insurer, or any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claim Forms submitted, the collective amount of Recognized Claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

14. Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable. Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Postcard Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Postcard Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice, administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants, their D&O Insurers, any of the other Released Defendants' Parties, or any other person or entity who or which paid any portion of the Settlement Amount.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

15.    Lead Counsel will apply to the Court for an award of attorneys' fees to be paid from (and out of) the Settlement Fund.  Lead Counsel also will apply to the Court for reimbursement of Litigation Expenses, which may include a request for reimbursement of Lead Plaintiffs' costs and expenses directly related to their representation of the Settlement Class, to be paid from (and out of) the Settlement Fund.  Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Lead Plaintiffs other than what is set forth in this Stipulation.

16.    Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final.  Lead Counsel shall make the appropriate refund or repayment in full no later than thirty (30) days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final.  An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein.  Neither Lead Plaintiffs nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.

17.     Released Defendants' Parties shall have no responsibility for, or liability whatsoever with respect to, the award or allocation of attorneys' fees and/or Litigation Expenses. The attorneys' fees and Litigation Expenses that are awarded to Lead Counsel shall be payable solely from the Escrow Account.

## NOTICE AND SETTLEMENT ADMINISTRATION

18.     As part of the Preliminary Approval Order, Lead Plaintiffs shall seek appointment of a Claims Administrator.  The Claims Administrator shall administer the Settlement, including but not limited to, the process of receiving, reviewing and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court.  Other than Live Nation's obligation to provide records of its securities holders as provided in ¶ 19 below, none of the Defendants, nor any other Released Defendants' Parties, shall have any involvement in or any responsibility, authority or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Lead Plaintiffs, any other Settlement Class Members or Lead Counsel in connection with the foregoing.  Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

19.     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Postcard Notice to those members of the Settlement Class as may be identified through reasonable effort.  Lead Counsel shall also cause the Claims Administrator to: (a) post downloadable copies of the Notice and Claim Form online at www. LiveNationSecuritiesSettlement.com; and (b) have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the

Court.  For the purposes of identifying and providing notice to the Settlement Class, within five (5) business days of the date of entry of the Preliminary Approval Order, Live Nation will, to the extent available from Live Nation's transfer agent or similar agent, provide or cause to be provided to the Claims Administrator in an electronic format such as Excel (at no cost to the Settlement Fund, Lead Plaintiffs, the Settlement Class, Lead Plaintiffs' Counsel, or the Claims Administrator), its securities lists (consisting of names, addresses and, to the extent available, email addresses) of the purchasers of the Live Nation common stock during the Settlement Class Period.

20.     The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit A-1, or in such other plan of allocation as the Court approves).

21.     The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court.  Lead Plaintiffs and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action.  Defendants and the other Released Defendants' Parties shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action.  No Defendant, or any other Released Defendants' Parties, shall have any involvement with, or liability, obligation or responsibility whatsoever for, the application of the Court-approved plan of allocation.

22.     Any Settlement Class Member who does not submit a valid Claim Form will not

be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound

by all of the terms of this Stipulation and Settlement, including the terms of the Judgment or, the

Alternate Judgment, if applicable, to be entered in the Action and the releases provided for herein

and therein, and will be permanently barred and enjoined from bringing any action, claim, or other

proceeding of any kind against the Released Defendants' Parties with respect to the Released

Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

23.     Lead Counsel shall be responsible for supervising the administration of the

Settlement and the disbursement of the Net Settlement Fund subject to Court approval.  No

Defendant, or any other Released Defendants' Parties, shall be permitted to review, contest or

object to any Claim Form, or any decision of the Claims Administrator or Lead Counsel with

respect to accepting or rejecting any Claim for payment by a Settlement Class Member.  Lead

Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical

defects in any Claim Forms submitted in the interests of achieving substantial justice.

24.     For purposes of determining the extent, if any, to which a Settlement Class Member

shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)     Each Settlement Class Member shall be required to submit a Claim Form,

substantially in the form attached hereto as Exhibit A-2, supported by such documents as are

designated therein, including proof of the Claimant's loss, or such other documents or proof as the

Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)     All Claim Forms must be submitted by the date set by the Court in the

Preliminary Approval Order and specified in the Notice.  Any Settlement Class Member who fails

to submit a Claim Form by such date shall be forever barred from receiving any distribution from

the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such

Settlement Class Member's Claim Form is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Defendants' Parties with respect to any Released Plaintiffs' Claim. Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)    Each Claim Form shall be submitted to and reviewed by the Claims Administrator, who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)    Claim Forms that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)    If any Claimant whose Claim has been rejected in whole or in part desires to

contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

25.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claim Forms.

26.     Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

27.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Settlement Class Members.  All Settlement Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered

in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Released Defendants' Parties with respect to any and all of the Released Plaintiffs' Claims.

28.    No person or entity shall have any claim against Lead Plaintiffs, Lead Counsel, the Claims Administrator or any other agent designated by Lead Counsel, or the Released Defendants' Parties and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court.  Lead Plaintiffs and Defendants, and their respective counsel, and Lead Plaintiffs' damages expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

29.    All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Settlement Class Members and Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## TERMS OF THE JUDGMENT

30.    If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

31.     The Judgment, or Alternate Judgment if applicable, shall contain a bar order ("Bar Order") that provides that, upon the Effective Date, any and all claims for contribution or indemnity, however denominated, based upon or arising out of the Released Plaintiffs' Claims (a) by any person or entity against any of the Defendants or (b) by any of the Defendants against any other person or entity, are permanently barred, extinguished, and discharged to the fullest extent permitted by law, provided however, that nothing in the Bar Order shall release or alter the rights the Defendants may have under their applicable insurance policies or any right of indemnification or contribution that Defendants may have under contract or otherwise.

32.     The Judgment, or Alternate Judgment if applicable, shall also contain a judgment reduction provision providing that any final verdict or judgment (including by way of settlement) that may be obtained by or on behalf of the Settlement Class or a Settlement Class Member against any person or entity subject to the Bar Order shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of the Defendants for common damages; or (b) the amount paid by or on behalf of the Defendants to the Settlement Class or Settlement Class Member for common damages.

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

33.     The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a)     the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 3 above;

(b)     the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 8 above;

(c)     Defendants have not exercised their option to terminate the Settlement

pursuant to the provisions of this Stipulation (including the Supplemental Agreement described in ¶ 37 below);

        (d)    Lead Plaintiffs have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation; and

        (e)    the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final, or the Court has entered an Alternate Judgment and none of the Parties seek to terminate the Settlement and the Alternate Judgment has become Final.

    34.    Upon the occurrence of all of the events referenced in ¶ 33 above, any and all remaining interest or right of Defendants or the D&O Insurers in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

    35.    If: (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Lead Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

        (a)    The Settlement and the relevant portions of this Stipulation shall be canceled and terminated.

        (b)    Lead Plaintiffs and Defendants shall revert to their respective positions in the Action as of November 27, 2024.

        (c)    The terms and provisions of this Stipulation, with the exception of this ¶ 35 and ¶¶ 14, 16, 38 and 58, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or

Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

(d)    Within thirty (30) calendar days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon and any funds received by Lead Counsel consistent with ¶ 16 above), less any Notice and Administration Costs actually incurred, paid or payable and less any Taxes paid, due or owing shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct).  In the event that the funds received by Lead Counsel consistent with ¶ 16 above have not been refunded to the Settlement Fund within the thirty (30) calendar days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct) immediately upon their deposit into the Escrow Account consistent with ¶ 16 above.

36.    It is further stipulated and agreed that Lead Plaintiffs and Defendants, provided they unanimously agree, shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court; or (e) the date upon which an Alternate Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court, and the provisions of ¶ 35 above shall apply.  However, any decision or proceeding, whether

in this Court or any appellate court, with respect to an application for attorneys' fees or reimbursement of Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

37.     In addition to the grounds set forth in ¶ 36 above, Defendants, provided they unanimously agree, shall have the unilateral right to terminate the Settlement in the event that Settlement Class Members timely and validly requesting exclusion from the Settlement Class meet the conditions set forth in Defendants' confidential supplemental agreement with Lead Plaintiffs (the "Supplemental Agreement"), in accordance with the terms of that agreement.   The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until the Court otherwise directs or a dispute arises between Lead Plaintiffs and Defendants concerning its interpretation or application, in which event the Parties shall seek to submit the Supplemental Agreement to the Court *in camera* or filed under seal, and request that the Court afford it confidential treatment.

## <u>NO ADMISSION OF WRONGDOING</u>

38.     Neither the Term Sheet, this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and this Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, this Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

31

(a)     shall be offered against any of the Released Defendants' Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendants' Parties with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendants' Parties or in any way referred to for any other reason as against any of the Released Defendants' Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)     shall be offered against any of the Released Plaintiffs' Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Released Plaintiffs' Parties that any of their claims are without merit, that any of the Released Defendants' Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiffs' Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## MISCELLANEOUS PROVISIONS

39.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

40.     Defendants warrant that, as to the payments made or to be made by or on behalf of them, at the time of entering into this Stipulation and at the time of such payment they, or to their knowledge any persons or entities contributing to the payment of the Settlement Amount, were not insolvent, nor will the payment required to be made by or on behalf of them render them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof.  This representation is made by each of the Defendants and not by their counsel.

41.     In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiffs, Lead Plaintiffs and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternate Judgment, if applicable, entered in favor of Defendants and the other Releasees pursuant to this Stipulation, in which event the Releases and Judgment, or Alternate Judgment, if applicable, shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 35 above and any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs

actually incurred, paid or payable) shall be returned as provided in ¶ 35.

42.    The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Lead Plaintiffs and any other Settlement Class Members against the Released Defendants' Parties with respect to the Released Plaintiffs' Claims.  Accordingly, Lead Plaintiffs and their counsel and Defendants and their counsel agree not to assert in any forum that this Action was brought by Lead Plaintiffs or defended by Defendants in bad faith or without a reasonable basis.  No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action.  The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, including through a mediation process supervised and conducted by former U.S. District Court Judge Layn R. Phillips of Phillips ADR, and reflect that the Settlement was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

43.    While retaining their right to deny that the claims asserted in the Action were meritorious, Defendants and their counsel, in any statement made to any media representative (whether or not for attribution) will not assert that the Action was commenced or prosecuted in bad faith, nor will they deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel.  In all events, Lead Plaintiffs and their counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by either Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

44.     The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Lead Plaintiffs and Defendants (or their successors-in-interest).

45.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

46.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Lead Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

47.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

48.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Lead Plaintiffs and Defendants concerning the Settlement and this Stipulation and its exhibits.  All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits or the Supplemental Agreement other than those contained and memorialized in such documents.

49.     This Stipulation may be executed in one or more counterparts, including by signature, or by a .pdf/.tif image of the signature, transmitted via email.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

50.     This Stipulation shall be binding upon and inure to the benefit of the successors and

assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate or reorganize.

51.     The construction, interpretation, operation, effect and validity of this Stipulation, the Supplemental Agreement and all documents necessary to effectuate it shall be governed by the internal laws of the State of California without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

52.     Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

53.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

54.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

55.     Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

56.     If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand

delivery or email transmission, with confirmation of receipt.  Notice shall be provided as follows:

|                                    |                                    |
|------------------------------------|------------------------------------|
| If to Lead Plaintiffs or Lead Counsel: | Glancy Prongay & Murray LLP |
|                                    | Ex Kano S. Sams II, Esq. |
|                                    | Garth Spencer, Esq. |
|                                    | 1925 Century Park East, Suite 2100 |
|                                    | Los Angeles, CA 90067 |
|                                    | Telephone: (310) 201-9150 |
|                                    | Email: esams@glancylaw.com |
|                                    | Email: gspencer@glancylaw.com |
|                                    |                                    |
|                                    | The Rosen Law Firm, P.A. |
|                                    | Phillip Kim, Esq. |
|                                    | Joshua Baker, Esq. |
|                                    | 101 Greenwood Avenue, Suite 440 |
|                                    | Jenkintown, PA 19046 |
|                                    | Telephone: (215) 600-2817 |
|                                    | Email: pkim@rosenlegal.com |
|                                    | Email: jbaker@rosenlegal.com |
|                                    |                                    |
| If to Defendants:                  | Latham & Watkins LLP |
|                                    | Attn:  Melanie M. Blunschi, Esq. |
|                                    | 505 Montgomery Street |
|                                    | Suite 2000 |
|                                    | San Francisco, California 94111-6538 |
|                                    | Telephone: (415) 391-0600 |
|                                    | Email: melanie.blunschi@lw.com |

57.    Except as otherwise provided herein, each Party shall bear its own costs.

58.    Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings in connection with the Stipulation confidential.

59.    All agreements made and orders entered during this Action relating to the confidentiality of information shall survive this Settlement.

60.    No later than ten (10) calendar days following the filing of this Stipulation with the Court, Defendants shall serve, or cause to be served, the notice required under the Class Action Fairness Act of 2005 ("CAFA").  No later than twenty-one (21) calendar days following the filing

of this Stipulation with the Court, Defendants shall file with the Court an affidavit or declaration regarding their compliance with the CAFA notice requirements. Defendants shall be solely responsible for any costs incurred in serving or causing the service of CAFA notice, and Lead Plaintiffs, the Settlement Class, and the Settlement Fund shall bear no responsibility for any such costs.

      61.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

      **IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of March 21, 2025.

GLANCY PRONGAY & MURRAY LLP

By: _____
Ex Kano S. Sams II
Robert V. Prongay
Garth Spencer
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Email: esams@glancylaw.com
Email: rprongay@glancylaw.com
Email: gspencer@glancylaw.com

THE ROSEN LAW FIRM, P.A.

By: _____
Laurence M. Rosen
355 South Grand Avenue, Suite 2450

38

Los Angeles, CA 90071
Telephone: (213) 785-2610
Email: lrosen@rosenlegal.com

Phillip Kim (*pro hac vice*)
Joshua Baker (*pro hac vice*)
101 Greenwood Avenue, Suite 440
Jenkintown, PA 19046
Telephone: (215) 600-2817
Email: pkim@rosenlegal.com
Email: jbaker@rosenlegal.com

***Lead Counsel for Lead Plaintiffs
and the Settlement Class***

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars; Suite 1100 Los Angeles, CA 90067
Telephone: (310) 914-5007
Email: fcruz@frankcruzlaw.com

***Additional Counsel for Brian Donley***

**LATHAM & WATKINS LLP**

By: _____

Melanie M. Blunschi
Morgan E. Whitworth
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: (415) 391-0600
Email: melanie.blunschi@lw.com
Email: morgan.whitworth@lw.com

Jason C. Hegt (*pro hac vice*)
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: jason.hegt@lw.com

**Counsel for Defendants**

**Exhibit A**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN DONLEY, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LIVE NATION ENTERTAINMENT, INC., MICHAEL RAPINO, and JOE BERCHTOLD,<br><br>Defendants. | No. 2:23-cv-06343-KK (ASx)<br><br>CLASS ACTION<br><br>Hon. Kenly Kiya Kato<br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1       WHEREAS, a securities class action is pending in this Court entitled *Donley v.*
2 *Live Nation Entertainment, Inc.*, Case No. 2:23-cv-06343-KK (ASx) (the "Action");

3       WHEREAS, (a) Court-appointed lead plaintiffs Brian Donley and Gene Gress
4 ("Lead Plaintiffs") on behalf of themselves and the Settlement Class (defined below),
5 and (b) defendants Live Nation Entertainment, Inc. ("Live Nation"), Michael Rapino
6 and Joe Berchtold (collectively, "Individual Defendants"; together with Live Nation,
7 "Defendants"; and together with Lead Plaintiffs, the "Parties") have determined to
8 settle all claims asserted against Defendants in this Action with prejudice on the terms
9 and conditions set forth in the Stipulation and Agreement of Settlement dated March
10 21, 2025 (the "Stipulation") subject to approval of this Court (the "Settlement");

11       WHEREAS, Lead Plaintiffs have made an application, pursuant to Rule 23 of
12 the Federal Rules of Civil Procedure, for an order preliminarily approving the
13 Settlement in accordance with the Stipulation, certifying the Settlement Class for
14 purposes of the Settlement only, and directing notice to Settlement Class Members as
15 more fully described herein;

16       WHEREAS, the Court has read and considered: (a) Lead Plaintiffs' motion for
17 preliminary approval of the Settlement, and the papers filed, and arguments made, in
18 connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

19       WHEREAS, unless otherwise defined herein, all capitalized words contained
20 herein shall have the same meanings as they have in the Stipulation;

21       NOW THEREFORE, IT IS HEREBY ORDERED:

22       1.   **Class Certification for Settlement Purposes** – Pursuant to Rule 23(a)
23 and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for
24 purposes of effectuating the proposed Settlement, a Settlement Class consisting of all
25 persons and entities that purchased the publicly traded common stock of Live Nation
26 Entertainment, Inc., between February 23, 2022, and May 22, 2024, both dates
27 inclusive (the "Settlement Class Period"). Excluded from the Settlement Class are:

28

(a) persons and entities that suffered no compensable losses; and (b)(i) Defendants; (ii) any person who served as a partner, control person, officer and/or director of Live Nation during the Settlement Class Period, and members of their Immediate Families; (iii) present and former parents, subsidiaries, assigns, successors, affiliates, and predecessors of Live Nation; (iv) any entity in which any excluded person or entity has or had a controlling interest; (v) any trust of which an Individual Defendant is the settlor or which is for the benefit of an Individual Defendant and/or member(s) of their Immediate Families; and (vi) the legal representatives, heirs, successors, predecessors, and assigns of any person or entity excluded under provisions (i) through (v) hereof. Also excluded from the Settlement Class are any persons and entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court. For the avoidance of doubt, "affiliates" are persons or entities that directly, or indirectly through one or more intermediaries, control, are controlled by or are under common control with one of the Defendants.

2.    **Class Findings** – Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3.    The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiffs are adequate class representatives and certifies them as Class

Representatives for the Settlement Class.  The Court also appoints Lead Counsel, the law firms of Glancy Prongay & Murray LLP and The Rosen Law Firm, P.A., including Ex Kano S. Sams II, Esq., Garth A. Spencer, Esq., Phillip Kim, Esq., and Joshua Baker, Esq., as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.    **<u>Preliminary Approval of the Settlement</u>** – The Court hereby preliminarily approves the Settlement, as provided in the Stipulation, as being fair, reasonable and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5.    Pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, the Parties have shown that the Court will likely be able to approve the proposed Settlement under Rule 23(e)(2), which requires the Court to consider the following factors in determining whether a proposed settlement is fair, reasonable, and adequate:

(A) have the class representatives and class counsel adequately represented the class;

(B) was the proposal negotiated at arm's length;

(C) is the relief provided for the class adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and

(D) does the proposal treat class members equitably relative to each other.

For the purposes of preliminary approval, the Court finds: (A) Lead Plaintiffs and Lead Counsel have adequately represented the Settlement Class; (B) the Settlement is the result of arm's-length negotiations conducted under the auspices of former United States District Court Judge Layn R. Phillips; (C) the relief provided is

adequate when considering (i) the substantial costs, risks, and delay of continued litigation, (ii) the proposed method for processing Settlement Class Members' claims and distributing relief to eligible claimants is standard in securities class action settlements and has been found to be effective in these types of settlements, (iii) that the proposed award of attorneys' fees is within the range of fees awarded in securities class actions, will ultimately be determined by the Court, and is separate from approval of the Settlement, and (iv) that the confidential agreement establishing the conditions under which Defendants may terminate the Settlement is standard and has no negative impact on the fairness of the Settlement; and (D) the Settlement treats Settlement Class Members equitably relative to one another under the proposed Plan of Allocation.

6.    **<u>Settlement Hearing and Motions Relating Thereto</u>** – The Court will hold a final fairness hearing (the "Settlement Hearing") on _____, 2025 at __:__ _.m. in Courtroom 3 of the George E. Brown, Jr. United States Courthouse, 3470 12th Street, 3rd Floor, Riverside, CA 92501, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  Notice of the Settlement and the Settlement Hearing shall be provided to Settlement Class Members as set forth in paragraph 8 of this Order.

7.    The Court may continue or adjourn the Settlement Hearing without further notice to the Settlement Class and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.  The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means, in which event the Claims Administrator shall update its website regarding the Settlement Hearing's telephonic or virtual format.

8.    **<u>Retention of Claims Administrator and Manner of Giving Notice</u>** – Lead Counsel is hereby authorized to retain A.B. Data, Ltd. (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.  Notice of the Settlement and the Settlement Hearing shall be provided as follows:

(a)    within five (5) business days of the date of entry of this Order, Live Nation will, to the extent available from Live Nation's transfer agent or similar agent, provide or cause to be provided to the Claims Administrator in an electronic format such as Excel (at no cost to the Settlement Fund, Lead Plaintiffs, the Settlement Class, Lead Plaintiffs' Counsel, or the Claims Administrator), its securities lists (consisting of names, addresses and, to the extent available, email addresses) of the purchasers of the Live Nation common stock during the Settlement Class Period;

(b)    not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice to be mailed by first-class mail to potential Settlement Class Members at the addresses set forth in the records provided by Live Nation or in the records which Live Nation caused to be provided, or who otherwise may be identified through further reasonable effort;

(c)    contemporaneously with the mailing of the Postcard Notice, the

Claims Administrator shall cause copies of the Stipulation (and its attachments), the Notice, the Summary Notice, the Claim Form, and this Order to be posted on a website to be developed for the Settlement, from which copies of those documents can be downloaded. The Claims Administrator shall also post copies of the motion for attorneys' fees and Litigation Expenses and the motion for final approval on the website once they become available;

(d)    not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

(e)    proof of such mailing and publication shall accompany Lead Plaintiff's motion for final approval of the Settlement.

9.    **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, the Summary Notice, and the Postcard Notice attached as Exhibits A-1, A-2, A-3, and A-4 to the Stipulation, and (b) finds that the mailing and distribution of the Postcard Notice, the posting of the Stipulation, the Notice, the Claim Form, and this Order, and other relevant documents online, and the publication of the Summary Notice in the manner and form set forth in paragraph 8 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the

requirements of Rule 23 of the Federal Rules of Civil Procedure,  the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 (as amended), and all other applicable law and rules.  The date and time of the Settlement Hearing shall be included in the Postcard Notice, Notice, and Summary Notice before they are mailed, posted online, and published, respectively.

10.    **Nominee Procedures** – The Claims Administrator shall make all reasonable efforts to give notice to nominees or custodians who purchased Live Nation common stock during the Settlement Class Period as record owners but not as beneficial owners. Brokers and other nominees who purchased publicly traded Live Nation  common stock during the Settlement Class Period for the benefit of another person or entity shall, within seven (7) calendar days of receipt of the Claims Administrator's notice of the Settlement either: (a) request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; (b) request from the Claims Administrator a link to the Notice and Claim Form and, within seven (7) calendar days of receipt of the link, email the link to all such beneficial owners for whom valid email addresses are available; or (c) provide a list of the names, mailing addresses and email addresses (to the extent available) of all such beneficial owners to the Claims Administrator at *Live Nation Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box173080, Milwaukee, WI 53217 in which event the Claims Administrator shall promptly mail the Postcard Notice, or email a link to the Notice and Claim Form, to such beneficial owners. Nominees that choose to follow procedures (a) or (b) shall also send a statement to the Claims Administrator confirming that the mailing or emailing was made as directed.  Upon full and timely compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred, not to exceed: (a) $0.02

per name, mailing address, and email address (to the extent available) provided to Claims Administrator; (b) $0.02 per email for emailing notice; or (c) $0.02 per postcard, plus postage at the pre-sort rate used by the Claims Administrator, for mailing the Postcard Notice, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court. Nominees are not authorized to print the Postcard Notice themselves for mailing. Postcard Notices may only be printed by the Claims Administrator.

11.    **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

12.    Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is

deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

13.    Any Settlement Class Member who does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims against each and all of the Released Defendants' Parties, as more fully described in the Stipulation and Notice.  Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 11 above.

14.    **<u>Exclusion From the Settlement Class</u>** – Any member of the Settlement Class who wishes to exclude himself, herself or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received by, or postmarked no later than, twenty-one (21) calendar days prior to the Settlement Hearing, at the following address:  *Live Nation Securities Litigation*, EXCLUSIONS, c/o A.B. Data, Ltd., P.O.

Box 173001, Milwaukee, WI 53217 and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *Donley v. Live Nation Entertainment, Inc.*, Case No. 2:23-cv-06343-KK (ASx)"; (iii) state the number of shares of publicly traded Live Nation common stock that the person or entity requesting exclusion purchased and sold during the Settlement Class Period, as well as the dates and prices of each such purchase and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received by, or postmarked within, the time stated above, or is otherwise accepted by the Court.

15.    Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action and shall not receive any payment out of the Net Settlement Fund.

16.    Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims against any of the

1    Released Defendants' Parties, as more fully described in the Stipulation and Notice.

2        17.    **Appearance and Objections at Settlement Hearing** – Any Settlement

3    Class Member who does not request exclusion from the Settlement Class may enter

4    an appearance in the Action, at his, her or its own expense, individually or through

5    counsel of his, her or its own choice, by filing with the Clerk of Court and delivering

6    a notice of appearance to both Lead Counsel and Defendants' Counsel, at the

7    addresses set forth below, such that it is received no later than twenty-one (21)

8    calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.

9    Any Settlement Class Member who does not enter an appearance will be represented

10   by Lead Counsel.

11       18.    Any Settlement Class Member who does not request exclusion from the

12   Settlement Class may submit a written objection to the proposed Settlement, the

13   proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys'

14   fees and reimbursement of Litigation Expenses and appear and show cause, if he, she

15   or it has any cause, why the proposed Settlement, the proposed Plan of Allocation

16   and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation

17   Expenses should not be approved; *provided, however*, that no Settlement Class

18   Member shall be heard or entitled to contest the approval of the terms and conditions

19   of the proposed Settlement, the proposed Plan of Allocation and/or the motion for

20   attorneys' fees and reimbursement of Litigation Expenses unless that person or entity

21   has submitted a written objection to the Claims Administrator and served copies of

22   such objection on Lead Counsel and Defendants' Counsel at the addresses set forth

23   below such that they are received by, or postmarked no later than, twenty-one (21)

24   calendar days prior to the Settlement Hearing.

25   |  **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Glancy Prongay & Murray LLP | Latham & Watkins LLP |
| Ex Kano S. Sams II, Esq. | Melanie M. Blunschi, Esq. |
| Garth A. Spencer, Esq. | 505 Montgomery Street, Suite 2000 |
| 1925 Century Park East, Suite 2100 | San Francisco, California 94111-6538 |

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

Los Angeles, CA 90067

-and-

The Rosen Law Firm, P.A.
Phillip Kim, Esq.
Joshua Baker, Esq.
101 Greenwood Avenue, Suite 440
Jenkintown, PA 19046

19.    Any objections, filings, and other submissions by the objecting Settlement Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of Live Nation common stock that the person or entity objecting purchased and sold during the Settlement Class Period, as well as the dates and prices of each such purchase and sale.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

20.    Any Settlement Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses, or from

otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

21. **<u>Stay and Temporary Injunction</u>** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiffs, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Released Defendants' Parties.

22. **<u>Settlement Administration Fees and Expenses</u>** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

23. **<u>Settlement Fund</u>** – The contents of the Settlement Fund held by The Huntington National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

24. **<u>Taxes</u>** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

25. **<u>Termination of Settlement</u>** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void

and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of November 27, 2024, as provided in the Stipulation.

26.    **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Released Defendants' Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendants' Parties with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendants' Parties or in any way referred to for any other reason as against any of the Released Defendants' Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Released Plaintiffs' Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Released Plaintiffs' Parties that any of their claims are without merit, that any of the Released Defendants' Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence,

fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiffs' Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

27.    **Supporting Papers** – Lead Counsel shall file the motion for final approval and the motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

28.    The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2025.


_____
THE HONORABLE KENLY KIYA KATO
UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

**Exhibit A-1**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN DONLEY, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LIVE NATION ENTERTAINMENT, INC., MICHAEL RAPINO, and JOE BERCHTOLD,<br><br>Defendants. | No. 2:23-cv-06343-KK (ASx)<br><br><u>CLASS ACTION</u><br><br>Hon. Kenly Kiya Kato |

**NOTICE OF: (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF <u>ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES</u>**

*<u>A Federal Court authorized this Notice. This is not a solicitation from a lawyer.</u>*

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Central District of California (the "Court"), if you purchased the publicly traded common stock of Live Nation Entertainment, Inc., ("Live Nation" or the "Company") between February 23, 2022 and May 22, 2024, both dates inclusive (the "Settlement Class Period").[1]

**NOTICE OF SETTLEMENT:** Please also be advised that the Court-appointed Lead Plaintiffs Brian Donley and Gene Gress ("Lead Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in ¶ 26 below), have reached a proposed settlement of the Action for $20,000,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact any Defendants in the Action, or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see***

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated March 21, 2025 (the "Stipulation"), which is available at www.LiveNationSecuritiesSettlement.com.

**¶ 92 below).**

1. **Description of the Action and the Settlement Class:** This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants Live Nation, Michael Rapino and Joe Berchtold (collectively, "Individual Defendants"; and together with Live Nation, "Defendants") violated the federal securities laws by making false and misleading statements regarding Live Nation's compliance with antitrust laws, cooperation with regulators, and financial results. A more detailed description of the Action is set forth in paragraphs 11-25 below. The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in paragraph 26 below.

2. **Statement of the Settlement Class's Recovery:** Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $20,000,000 in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation (the "Plan of Allocation") is set forth on pages __-__ below.

3. **Estimate of Average Amount of Recovery Per Share of Live Nation Common Stock:** Assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per affected share of Live Nation common stock is $0.64. Settlement Class Members should note, however, that the foregoing average recovery per share of Live Nation common stock is only an estimate. Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, which, when, and at what prices they purchased and/or sold their Live Nation common stock, and the total number of valid Claim Forms submitted. Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* pages __-__ below) or such other plan of allocation as may be ordered by the Court.

4. **Average Amount of Damages Per Share of Live Nation Common Stock:** Lead Plaintiffs and Defendants (the "Parties") do not agree on the average amount of damages per share of Live Nation common stock that would be recoverable if Lead Plaintiffs were to prevail in the Action. Among other things, Defendants deny that Lead Plaintiffs have asserted any valid claims and expressly deny all allegations of fault, liability, wrongdoing or damages whatsoever.

5. **Attorneys' Fees and Expenses Sought:** Court-appointed Lead Counsel, Glancy Prongay & Murray LLP and The Rosen Law Firm, P.A. (collectively, "Lead Counsel"), which have been prosecuting the Action on a wholly contingent basis since their appointment as Lead Counsel in 2023, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 33⅓% of the Settlement Fund. In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against the Defendants, in an amount not to exceed $185,000, which may include an

2

application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class in an amount not to exceed $10,000. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. Estimates of the average cost per affected share of Live Nation common stock, if the Court approves Lead Counsel's fee and expense application, is $0.22 per affected share.

6. **Identification of Attorneys' Representatives:** Lead Plaintiffs and the Settlement Class are represented by Ex Kano S. Sams II, Esq. and Garth A. Spencer, Esq. of Glancy Prongay & Murray LLP, 1925 Century Park East, Suite 2100, Los Angeles, CA 90067, (310) 201-9150, settlements@glancylaw.com, and Phillip Kim, Esq. and Joshua Baker of The Rosen Law Firm, P.A., 101 Greenwood Avenue, Suite 440, Jenkintown, PA 19046, (215) 600-2817, pkim@rosenlegal.com and jbaker@rosenlegal.com.

7. **Reasons for the Settlement:** Lead Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
| --- | --- |
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN _____, 2025.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 37 below) that you have against Defendants and the other Released Defendants' Parties (defined in ¶ 38 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION POSTMARKED NO LATER THAN _____, 2025.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Released Defendants' Parties concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION POSTMARKED NO LATER THAN _____, 2025.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |

| GO TO A HEARING ON _____, 2025 AT __:__ __.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2025. | Submitting a written objection and notice of intention to appear by _____, 2025 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
|---|---|
| DO NOTHING. | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS

Why Did I Get The Postcard Notice? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]
What Is This Case About? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]
How Do I Know If I Am Affected By The Settlement? Who Is Included
    In The Settlement Class? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]
What Are Lead Plaintiffs' Reasons For The Settlement? . . . . . . . . . . . . . . . . . . . . . . Page [ ]
What Might Happen If There Were No Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]
How Are Settlement Class Members Affected By The Action And
    The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]
How Do I Participate In The Settlement? What Do I Need To Do? . . . . . . . . . . . . . . . Page [ ]
How Much Will My Payment Be? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]
What Payment Are The Attorneys For The Settlement Class Seeking?
    How Will The Lawyers Be Paid? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]
What If I Do Not Want To Be A Member Of The Settlement Class?
    How Do I Exclude Myself? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]
When And Where Will The Court Decide Whether To Approve The Settlement?
    Do I Have To Come To The Hearing? May I Speak At The Hearing If I
    Don't Like The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]
What If I Bought Shares On Someone Else's Behalf? . . . . . . . . . . . . . . . . . . . . . . . . . Page [ ]
Can I See The Court File? Whom Should I Contact If I Have Questions? . . . . . . . . . . . Page [ ]

## WHY DID I GET THE POSTCARD NOTICE?

8.    The Court directed that the Postcard Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased publicly traded Live Nation common stock during the Settlement Class Period. The Court also

directed that this Notice be posted online at www.LiveNationSecuritiesSettlement.com and mailed to you upon request to the Claims Administrator. The Court has directed us to disseminate these notices because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights. If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Lead Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.    The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing"). *See* paragraphs 80-81, and 87, below for details about the Settlement Hearing, including the date and location of the hearing.

10.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

| WHAT IS THIS CASE ABOUT? |
| --- |

11.    This litigation is about allegedly false and misleading statements made by Defendants concerning Live Nation's compliance with antitrust laws, cooperation with regulators, and financial results.

12.    On August 4, 2023, a putative class action complaint was filed in the Court, styled *Donley v. Live Nation Entertainment, Inc.*, Case No. 2:23-cv-06343-KK (ASx).

13.    By order dated October 18, 2023, the Court appointed Brian Donley and Gene Gress to serve as Lead Plaintiffs for Action; and approved Lead Plaintiffs' selection of Glancy Prongay & Murray LLP and The Rosen Law Firm, P.A. to serve as Lead Counsel for the proposed class.

14.    On November 30, 2023, Lead Plaintiffs filed and served the Amended Class Action Complaint for Violations of the Federal Securities Laws (the "First Amended Complaint") asserting claims against: (a) defendants Live Nation, Michael Rapino and Joe Berchtold under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder; and (b) defendants Rapino and Berchtold under Section 20(a) of the Exchange Act. The First Amended Complaint alleged, among other things, that Defendants made statements that were materially false and misleading, and omitted material facts, about the Company's compliance with antitrust laws, its cooperation with governmental investigations, and the regulatory risks it faced. More specifically, the First Amended Complaint alleged that Defendants failed to disclose that: (a) Live Nation engaged in anticompetitive conduct, including improperly tying its underpriced Live Nation concert promotion services to its Ticketmaster services and retaliating against venues that spurned Ticketmaster, and improperly restricting

consumers' ability to resell tickets using competing secondary ticketing services; (b) Live Nation was not, in fact, cooperating with the ongoing Department of Justice ("DOJ") and Senate subcommittee investigations; and (c) as a result, Live Nation was reasonably likely to incur regulatory scrutiny and face fines, penalties, and reputational harm. The First Amended Complaint further alleged that the price of Live Nation's publicly traded common stock was artificially inflated during the class period as a result of Defendants' allegedly false and misleading statements and declined when the truth was revealed.

15. On December 22, 2023, Defendants filed a motion to dismiss the First Amended Complaint. On January 11, 2024, Lead Plaintiffs filed their papers in opposition to the motion to dismiss. On January 25, 2024, Defendants filed their reply in support of the motion to dismiss.

16. By order dated February 23, 2024, the Court denied Defendants' motion to dismiss.

17. On March 27, 2024, Defendants filed their answer to the First Amended Complaint.

18. On May 23, 2024, the DOJ filed a 128-page complaint against Live Nation. The DOJ's complaint alleged violations of the Sherman Act and various state competition and consumer protection laws. Specifically, the DOJ alleged that Live Nation: (1) monopolized the markets for primary ticketing services, concert promotion services, and the use of large amphitheater venues; (2) engaged in unlawful exclusive dealing; and (3) engaged in unlawful tying arrangements concerning the use of large amphitheater venues and artist promotions markets.

19. Following the denial of the Defendants' motion to dismiss the First Amended Complaint, the Parties proceeded to engage in discovery. From March 2024 through November 2024, the Parties completed extensive fact discovery. The Parties served and responded to interrogatories and requests for the production of documents, and Lead Plaintiffs served 12 subpoenas *duces tecum* on non-parties. Defendants produced approximately 55,209 documents consisting of 140,352 pages, including certain of Defendants' emails and business records, and certain non-parties produced additional documents pursuant to the subpoenas issued by Lead Plaintiffs. The Parties also engaged in substantial negotiations related to, among other things, the scope of discovery, scheduling, a protective order that was entered by the Court, and an Electronic Discovery Protocol that was entered by the Court.

20. While the Parties were actively engaging in fact discovery, they agreed to participate in a private mediation. The Parties selected former United States District Court Judge Layn R. Phillips to serve as mediator. Lead Plaintiffs and Defendants exchanged extensive mediation statements and exhibits that addressed, among other things, issues related to liability and damages. On November 13, 2024, the Parties participated in a full-day mediation session with Judge Phillips. The session ended without an agreement being reached, however, Judge Phillips continued to work with the Parties. Following subsequent negotiations, Judge Phillips made a mediator's recommendation to resolve the Action for $20,000,000 in cash for the benefit of the Settlement Class.

21. Lead Plaintiffs and Defendants accepted the mediator's proposal and reached an agreement in principle to settle the Action that was memorialized in a term sheet (the "Term Sheet"). The Term Sheet sets forth, among other things, Lead Plaintiffs' agreement to settle and release all claims asserted against Defendants in the Action in return for a cash payment by or on behalf of Defendants of $20,000,000 for the benefit of the Settlement Class, subject to certain terms and conditions and the execution of a customary "long form" stipulation and agreement of settlement

and related papers.

22.    On March 13, 2025, the Parties filed a Joint Stipulation for Leave To File Second Amended Complaint, which was approved by the Court on March 14, 2025. On March 14, 2025, Lead Plaintiffs filed the Second Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint"). The Complaint includes the allegations from the First Amended Complaint as well as additional allegations relating to the DOJ's May 23, 2024 complaint.

23.    Based on the investigation and mediation of the case and Lead Plaintiffs' direct oversight of the prosecution of this matter, and with the advice of their counsel, Lead Plaintiffs have agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of the Stipulation, after considering, among other things: (a) the substantial financial benefit that Lead Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

24.    Defendants are entering into the Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation.  Each of the Defendants denies any wrongdoing, and the Stipulation shall in no event be construed or deemed to be evidence of an admission or concession on the part of any of the Defendants, or any other of the Released Defendants' Parties (defined in ¶ 38 below), with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted.  Similarly, the Stipulation shall in no event be construed or deemed to be evidence of an admission or concession on the part of Lead Plaintiffs of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

25.    On _____, 2025, the Court preliminarily approved the Settlement, authorized the Postcard Notice to be mailed to potential Settlement Class Members and this Notice to be posted online and mailed to potential Settlement Class Members upon request, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

---

### HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS?

---

26.    If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded.  The Settlement Class consists of:

> all persons and entities that purchased the publicly traded common stock of Live Nation Entertainment, Inc. between February 23, 2022 and May 22, 2024, both dates inclusive.

Excluded from the Settlement Class are: (a) persons and entities that suffered no compensable losses; and (b)(i) Defendants; (ii) any person who served as a partner, control person, officer and/or director of Live Nation during the Settlement Class Period, and members of their Immediate Families; (iii) present and former parents, subsidiaries, assigns, successors, affiliates, and predecessors of Live Nation; (iv) any entity in which any excluded person or entity has or had a controlling interest; (v) any trust of which an Individual Defendant is the settlor or which is for the benefit of an Individual Defendant and/or member(s) of their Immediate Families; and (vi) the legal representatives, heirs, successors, predecessors, and assigns of any person or entity excluded

under provisions (i) through (v) hereof.  Also excluded from the Settlement Class are any persons and entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court (*see* "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself," on page [__] below).  For the avoidance of doubt, "affiliates" are persons or entities that directly, or indirectly through one or more intermediaries, control, are controlled by or are under common control with one of the Defendants.

**PLEASE NOTE:  RECEIPT OF THE POSTCARD NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

> **If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Claim Form that is available online at www.LiveNationSecuritiesSettlement.com or which can be mailed to you upon request to the Claims Administrator, and the required supporting documentation as set forth therein, postmarked or received no later than ____ _____, 2025.**

| |
|---|
| **WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT?** |

27.    Lead Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit.  They recognize, however, many offsetting factors such as the expense and length of the continued litigation necessary to pursue their claims against the Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages.  For instance, as discussed above, Lead Plaintiffs allege that Defendants failed to disclose that: (a) Live Nation engaged in anticompetitive conduct, including improperly tying its underpriced Live Nation concert promotion services to its Ticketmaster services and retaliating against venues that spurned Ticketmaster, and improperly restricting consumers' ability to resell tickets using competing secondary ticketing services; (b) Live Nation was not, in fact, cooperating with the ongoing DOJ and Senate subcommittee investigations; and (c) as a result, Live Nation was reasonably likely to incur regulatory scrutiny and face fines, penalties, and reputational harm.  Defendants, however, argued, and would likely continue to argue, that their statements were not materially false and misleading, and were not made with the requisite state of mind to support the securities fraud claim alleged.  In support of these arguments, Defendants would contend that they repeatedly warned investors of the risk of governmental investigations, and would point to the fact that no Court has found that Live Nation violated: (a) the antitrust laws; or (b) the consent decree the company entered with the government as a condition of the merger of Live Nation and Ticketmaster.  Defendants would also assert that the Individual Defendants did not have a motive to commit fraud, as Defendant Berchtold did not sell any Live Nation stock during the class period, and Defendant Rapino ended the class period with a greater number of Live Nation shares than at the beginning.  Additionally, Defendants would vigorously contest the amount of damages that could be attributed to the allegedly false or misleading statements, and would similarly challenge the propriety of proceeding with the case as a class action.

28.    More broadly, for Lead Plaintiffs to prevail at trial, they would have to *prove* each of the following elements: (i) falsity (*i.e.*, that the Defendants made false statements); (ii) materiality (that the Defendants made false statements about a *material* fact); (iii) scienter (that there was a

strong, or cogent inference that the Defendants made such materially false statements on purpose, or with deliberate recklessness); (iv) loss causation (that the Defendants' materially false statements proximately caused the decline in Live Nation's stock price); and (v) damages. Defendants need only negate one element for Lead Plaintiffs and the class to lose. Each element had its respective risks, including the risks of establishing falsity and scienter as discussed above.

29.    It is also important to recognize that if the litigation were to continue, Lead Plaintiffs would not only need to prevail on all the elements of their claims, but also at several stages of litigation—motions for class certification, summary judgment, and trial—to recover anything. And if Lead Plaintiffs prevailed at all those stages, they would likely face appeals. Thus, there were very significant risks attendant to the continued prosecution of the Action, and even if Lead Plaintiffs prevailed, it would be several years in the future before any judgment could be collected from Defendants.

30.    In light of these risks and other considerations, the amount of the Settlement and the immediacy of recovery to the Settlement Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class. Lead Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $20,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no recovery after summary judgment, trial and appeals, possibly years in the future.

31.    Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

32.    If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

33.    As a Settlement Class Member, you are represented by Lead Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page ___ below.

34.    If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the

section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?," on page __ below.

35.    If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

36.    If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and the other members of the Settlement Class, on behalf of themselves, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims (as defined in ¶ 37 below) on behalf of the respective Settlement Class Members in such capacity only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever released each and every Released Plaintiffs' Claim against the Defendants and the other Released Defendants' Parties (as defined in ¶ 38 below), and shall forever be barred and enjoined from prosecuting, directly or indirectly, representatively, or in any other capacity, any or all of the Released Plaintiffs' Claims against any of the Released Defendants' Parties.

37.    "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that Lead Plaintiffs or any other member of the Settlement Class: (i) asserted in the Second Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint"); or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase of publicly traded Live Nation common stock during the Settlement Class Period. Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii) any derivative claims, including the Derivative Actions and any derivative claims by shareholders who have made demands upon Live Nation and/or books and records requests; and (iii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.[2]

38.    "Released Defendants' Parties" means (i) Defendants; (ii) the Immediate Family members of the Individual Defendants; (iii) direct or indirect parent entities, subsidiaries, related entities, and affiliates of Live Nation; (iv) any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant and/or his or her Immediate Family members; (v) for any of the entities listed in parts (i) through (iv), their respective past and present general partners, limited partners, principals, shareholders, joint venturers, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof; and

---

[2] "Derivative Actions" means, collectively: (i) *Zwick v. Rapino*, Case No. 2:23-cv-09520-KK-AS (C.D. Cal.); (ii) *Williams v. Carter*, Case No. 2:24-cv-05225-KK-AS (C.D. Cal.); and (iii) *Schreiber v. Rapino*, C.A. No. 2024-0863-KSJM (Del. Ch.).

(v) any entity in which a Defendant has a controlling interest; all in their capacities as such.

39.  "Unknown Claims" means any Released Plaintiffs' Claims which Lead Plaintiffs, any other Settlement Class Member, or any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of any Settlement Class Member in such capacity only, does not know or suspect to exist in his, her or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement, and any Released Defendants' Claims which any Defendant, or any other person or entity legally entitled to bring Released Defendants' Claims on behalf of the Defendants in such capacity only, does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other releasing parties shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiffs and Defendants acknowledge, and each of the other releasing parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

40.  The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, and any person or entity that can assert claims on their behalf, in such capacity only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (as defined in ¶ 41 below) against Lead Plaintiffs and the other Released Plaintiffs' Parties (as defined in ¶ 42 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Released Plaintiffs' Parties.

41.  "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or are based upon the institution, prosecution, or settlement of the claims asserted in the Action against Defendants. Released Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii) any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court; or (iii) any claims by Defendants against their insurers.

42.  "Released Plaintiffs' Parties" means (i) Lead Plaintiffs, all Settlement Class members, any other plaintiffs in the Action, Lead Plaintiffs' Counsel, any other counsel for plaintiffs in the Action, and (ii) each of their respective family members, and their respective partners, general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors,

managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof; all in their capacities as such.

| HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO? |
|---|

43.    To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form to the Claims Administrator by: (a) first-class mail to *Live Nation Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173080, Milwaukee, WI 53217; or (b) online at www.LiveNationSecuritiesSettlement.com. The completed Claim Form must include adequate supporting documentation and must be **postmarked or received no later than _____, 2025**.  A Claim Form is available on the website maintained by the Claims Administrator for the Settlement, www.LiveNationSecuritiesSettlement.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-877-411-5027.  Please retain all records of your ownership of and transactions in Live Nation common stock, as they may be needed to document your Claim.  If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

| HOW MUCH WILL MY PAYMENT BE? |
|---|

44.    At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

45.    Pursuant to the Settlement, Defendants have agreed to pay or caused to be paid twenty million dollars ($20,000,000) in cash.  The Settlement Amount will be deposited into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

46.    The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

47.    Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the plan of allocation.

48.    Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

49.    Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked or received on or before _____, 2025 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 37 above) against the Released Defendants' Parties (as defined in ¶ 38 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Released Defendants' Parties whether or not such Settlement Class Member submits a Claim Form.

50.    Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Live Nation common stock held through the ERISA Plan in any Claim Form that they may submit in this Action.  They should include ONLY those shares of Live Nation common stock that they purchased or acquired outside of the ERISA Plan.  Claims based on any ERISA Plan's purchases of Live Nation common stock during the Settlement Class Period may be made by the plan's trustees.  To the extent any of the Defendants or any of the other persons or entities excluded from the Settlement Class are participants in the ERISA Plan, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by the ERISA Plan.

51.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

52.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

53.    Only Settlement Class Members, *i.e.*, persons and entities who purchased publicly traded Live  Nation common stock during the Settlement Class Period and were damaged as a result of the alleged fraud, will be eligible to share in the distribution of the Net Settlement Fund.  Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.  The only security that is included in the Settlement is publicly traded Live Nation common stock.

## PROPOSED PLAN OF ALLOCATION

54.    The objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing.  The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund.

55.    The Plan of Allocation generally measures the amount of loss that a Settlement Class

Member can claim for purposes of making *pro rata* allocations of the cash in the Net Settlement Fund to Authorized Claimants. The Plan of Allocation is not a formal damage analysis. Recognized Loss Amounts are based primarily on the price declines observed over the period that Lead Plaintiffs allege corrective information was entering the market place. In this case, Lead Plaintiffs allege that Defendants made false statements and omitted material facts during the Settlement Class Period (*i.e.*, February 23, 2022 through May 22, 2024, inclusive), which had the effect of artificially inflating the price of Live Nation common stock.[3] The estimated alleged artificial inflation in the price of Live Nation common stock during the Settlement Class Period is reflected in Table 1 below. The computation of the estimated alleged artificial inflation in the price of Live Nation common stock during the Settlement Class Period is based on certain misrepresentations alleged by Lead Plaintiffs and the price change in the stock, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Lead Plaintiffs.

56.    To have recoverable damages, disclosures correcting the alleged misrepresentations must be the cause of the decline in the price of Live Nation common stock. In this matter, Lead Plaintiffs allege that corrective disclosures removed the artificial inflation from the price of Live Nation common stock on the following dates: November 18, 2022; February 24, 2023; July 28, 2023; November 21, 2023; and May 23, 2024 (the "Corrective Disclosure Dates"). Accordingly, to have a Recognized Loss Amount, Live Nation common stock must have been purchased during the Settlement Class Period and held through at least one of these Corrective Disclosure Dates.

57.    To the extent a Claimant does not satisfy the conditions set forth in the preceding paragraph, his, her or its Recognized Loss Amount for those transactions will be zero.

| Table 1 Artificial Inflation in Live Nation Common Stock | | |
|---|---|---|
| **From** | **To** | **Per-Share Price Inflation** |
| February 23, 2022 | November 17, 2022 | $30.99 |
| November 18, 2022 | February 23, 2023 | $25.29 |
| February 24, 2023 | July 27, 2023 | $18.69 |
| July 28, 2023 | November 20, 2023 | $9.46 |
| November 21, 2023 | May 22, 2024 | $6.87 |
| May 23, 2024 | Thereafter | $0.00 |

58.    The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss Amount for Live Nation common stock. The limitations on the calculation of the Recognized Loss Amount imposed by the PSLRA are applied such that losses on Live Nation common stock purchased during the Settlement Class Period and held as of the close of the 90-day period subsequent to the Settlement Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and its average price during the 90-Day Lookback Period. The Recognized Loss Amount on Live Nation common stock purchased during the Settlement Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the

---

[3] During the Settlement Class Period, Live Nation common stock was listed on the New York Stock Exchange ("NYSE") under the symbol "LYV."

purchase price paid for such stock and its rolling average price during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

59.     In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions.  If a Recognized Loss Amount is calculated to be a negative number, that Recognized Loss Amount shall be set to zero.  Any transactions in Live Nation common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

## CALCULATION OF PER-SHARE RECOGNIZED LOSS AMOUNTS

60.     Based on the formula set forth below, a "Recognized Loss Amount" shall be calculated for each purchase of Live Nation common stock during the Settlement Class Period (*i.e.*, February 23, 2022 through May 22, 2024, inclusive) that is listed in the Claim Form and for which adequate documentation is provided.

For each share of Live Nation common stock that was purchased during the period from February 23, 2022 through May 22, 2024, inclusive:

a.   that was sold prior to November 18, 2022, the Recognized Loss Amount is $0.00.

b.   that was subsequently sold during the period November 18, 2022 through May 22, 2024, inclusive, the Recognized Loss Amount is *the lesser of*:

i.    the amount of per-share price inflation on the date of purchase as appears in Table 1 above *minus* the amount of per-share price inflation on the date of sale as appears in Table 1 above; or

ii.   the purchase price *minus* the sale price.

c.   that was subsequently sold during the period May 23, 2024 through August 20, 2024, inclusive (*i.e.*, sold during the 90-Day Lookback Period), the Recognized Loss Amount is *the least of*:

i.    the amount of per-share price inflation on the date of purchase as appears in Table 1; or

ii.   the purchase price *minus* the sale price; or

iii.  the purchase price *minus* the "90-Day Lookback Value" on the date of sale as appears in Table 2 below.

d.   that was still held as of the close of trading on August 20, 2024, the Recognized Loss Amount is *the lesser of*:

i.    the amount of per-share price inflation on the date of purchase as appears in Table 1; or

    ii.    the purchase price *minus* the average closing price for Live Nation common stock during the 90-Day Lookback Period, which is $93.31.

| Table 2 | | | | | |
|---|---|---|---|---|---|
| Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value | Sale/ Disposition Date | 90-Day Lookback Value |
| 5/23/2024 | $93.48 | 6/25/2024 | $91.99 | 7/25/2024 | $93.39 |
| 5/24/2024 | $94.74 | 6/26/2024 | $91.91 | 7/26/2024 | $93.39 |
| 5/28/2024 | $94.79 | 6/27/2024 | $91.87 | 7/29/2024 | $93.44 |
| 5/29/2024 | $94.59 | 6/28/2024 | $91.94 | 7/30/2024 | $93.47 |
| 5/30/2024 | $94.34 | 7/1/2024 | $92.05 | 7/31/2024 | $93.52 |
| 5/31/2024 | $94.24 | 7/2/2024 | $92.22 | 8/1/2024 | $93.51 |
| 6/3/2024 | $94.25 | 7/3/2024 | $92.32 | 8/2/2024 | $93.47 |
| 6/4/2024 | $94.16 | 7/5/2024 | $92.42 | 8/5/2024 | $93.36 |
| 6/5/2024 | $94.10 | 7/8/2024 | $92.49 | 8/6/2024 | $93.29 |
| 6/6/2024 | $93.91 | 7/9/2024 | $92.57 | 8/7/2024 | $93.23 |
| 6/7/2024 | $93.61 | 7/10/2024 | $92.63 | 8/8/2024 | $93.20 |
| 6/10/2024 | $93.29 | 7/11/2024 | $92.73 | 8/9/2024 | $93.18 |
| 6/11/2024 | $93.02 | 7/12/2024 | $92.88 | 8/12/2024 | $93.15 |
| 6/12/2024 | $92.79 | 7/15/2024 | $93.04 | 8/13/2024 | $93.13 |
| 6/13/2024 | $92.54 | 7/16/2024 | $93.16 | 8/14/2024 | $93.14 |
| 6/14/2024 | $92.31 | 7/17/2024 | $93.25 | 8/15/2024 | $93.16 |
| 6/17/2024 | $92.20 | 7/18/2024 | $93.29 | 8/16/2024 | $93.19 |
| 6/18/2024 | $92.18 | 7/19/2024 | $93.34 | 8/19/2024 | $93.25 |
| 6/20/2024 | $92.19 | 7/22/2024 | $93.38 | 8/20/2024 | $93.31 |
| 6/21/2024 | $92.23 | 7/23/2024 | $93.43 | NA | NA |
| 6/24/2024 | $92.09 | 7/24/2024 | $93.42 | NA | NA |

## **ADDITIONAL PROVISIONS**

61.    The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in paragraph 64 below) is $10.00 or greater.

62.    **FIFO Matching:** If a Settlement Class Member has more than one purchase/acquisition or sale of Live Nation common stock, all purchases/acquisitions and sales shall be matched on a First In, First Out ("FIFO") basis.  Settlement Class Period sales will be matched first against any holdings at the beginning of the Settlement Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.

63.    **Calculation of Claimant's "Recognized Claim":** A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her or its Recognized Loss Amounts for all shares of Live Nation common stock.

64.    **Determination of Distribution Amount:** The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which

16

shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant

65.     **"Purchase/Sale" Dates:** Purchases or acquisitions and sales of Live Nation common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Live Nation common stock during the Settlement Class Period shall not be deemed a purchase or sale of Live Nation common stock for the calculation of an Authorized Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase of any Live Nation common stock unless: (i) the donor or decedent purchased such Live Nation common stock during the Settlement Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Live Nation common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

66.     **Live Nation Common Stock Acquired Through the Exercise, Conversion or Exchange of Non-Publicly Traded Securities:** Notwithstanding any of the above, shares of Live Nation common stock acquired through the exercise, conversion, or exchange of non-publicly traded securities of Live Nation are not eligible to participate in the Settlement.

67.     Live Nation common stock acquired in exchange for securities of any corporation or entity other than Live Nation Entertainment, Inc. are not eligible to participate in the settlement.

68.     **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase or acquisition of Live Nation common stock. The date of a "short sale" is deemed to be the date of sale of Live Nation common stock. Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a Claimant has a short position in Live Nation common stock, the earliest Settlement Class Period purchases or acquisitions shall be matched against such short position, and not be entitled to a recovery, until that short position is fully covered.

69.     **Live Nation Common Stock Purchased/Sold Through the Exercise of Publicly Traded Options:** Option contracts are not securities eligible to participate in the Settlement. With respect to Live Nation common stock purchased or sold through the exercise of a publicly traded option, the purchase/sale date of stock is the exercise date of the option and the purchase/sale price of stock is the exercise price of the option. Any Recognized Loss Amount arising from Live Nation common stock purchased during the Settlement Class Period through the exercise of a publicly traded option shall be computed as provided for other purchases of Live Nation common stock in the Plan of Allocation.

70.     **Market Gains and Losses:** To the extent a Claimant had a market gain with respect to his, her, or its overall transactions in Live Nation common stock during the Settlement Class Period, the value of the Claimant's Recognized Claim shall be zero. To the extent that a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in Live Nation common stock during the Settlement Class Period, but that market loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

71.    For purposes of determining whether a Claimant had a market gain with respect to his, her, or its overall transactions in Live Nation common stock during the Settlement Class Period or suffered a market loss, the Claims Administrator shall determine the difference between: (i) the Total Purchase Amount[4]; and (ii) the sum of the Total Sales Proceeds[5] and the Holding Value.[6] If the Claimant's Total Purchase Amount *minus* the sum of the Total Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's market loss on such securities; if the number is a negative number or zero, that number will be the Claimant's market gain on such securities.

72.    After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund six (6) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court.

73.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, Lead Plaintiffs' damages expert, Defendants, Defendants' Counsel, or any of the other Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of

---

[4] The "Total Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for all Live Nation common stock purchased during the Settlement Class Period.

[5] The Claims Administrator shall match any sales of Live Nation common stock during the Settlement Class Period, first against the Claimant's opening position in Live Nation common stock (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (excluding commissions and other charges) for the remaining sales of Live Nation common stock sold during the Settlement Class Period shall be the "Total Sales Proceeds."

[6] The Claims Administrator shall ascribe a "Holding Value" to shares of Live Nation common stock purchased during the Settlement Class Period and still held as of the close of trading on May 22, 2024, which shall be $93.48 (*i.e.*, the closing price of the stock on the last Corrective Disclosure Date, May 23, 2024). The total calculated holding values for all Live Nation common stock shall be the Claimant's "Total Holding Value."

the Court. Lead Plaintiffs, Defendants and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

74.    The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Lead Plaintiffs after consultation with their damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.LiveNationSecuritiesSettlement.com.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

75.    Lead Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Lead Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 33⅓% of the Settlement Fund. At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $185,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class in an amount not to exceed $10,000. The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

76.    Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to the Claims Administrator at *Live Nation Securities Litigation*, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217. The exclusion request must be received by, or postmarked no later than _____, 2025. You will not be able to exclude yourself from the Settlement Class after that date. Each Request for Exclusion must: (a) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *Donley v. Live Nation Entertainment, Inc.*, Case No. 2:23-cv-06343-KK (ASx)"; (c) state the number of shares of publicly traded Live Nation common stock that the person or entity requesting exclusion purchased and sold during the Settlement Class Period, as well as the dates and prices of each such purchase and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative. A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is submitted within the time stated above, or is otherwise accepted by the Court.

77.    If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Released Defendants' Parties.

78.    If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

79.    Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiffs and Defendants.

| **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?** |
|---|

80.    **Settlement Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing**.

81.    The Settlement Hearing will be held on _____, 2025 at __:__ _.m., before the Honorable Kenly Kiya Kato in Courtroom 3 of the George E. Brown, Jr. United States Courthouse, 3470 12th Street, 3rd Floor, Riverside, CA 92501.  The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class. The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means, in which event the Claims Administrator will update its website regarding the Settlement Hearing's telephonic or virtual format.

82.    Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Objections must be in writing.  You must submit any written objection, together with copies of all other papers and briefs supporting the objection, with the Claims Administrator at the address set forth below on or before _____, 2025. You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are **received by, or postmarked no later than _____, 2025**.

| **Clerk's Office** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| Office of the Clerk<br>United States District Court for<br>the Central District of California<br>George E. Brown, Jr. Federal<br>Building and United States<br>Courthouse<br>3470 12th Street<br>Riverside, CA 92501 | Glancy Prongay & Murray LLP<br>Ex Kano S. Sams II, Esq.<br>Garth A. Spencer, Esq.<br>1925 Century Park East<br>Suite 2100<br>Los Angeles, CA 90067<br><br>-and-<br><br>The Rosen Law Firm, P.A.<br>Phillip Kim, Esq.<br>Joshua Baker, Esq.<br>101 Greenwood Avenue<br>Suite 440<br>Jenkintown, PA 19046 | Latham & Watkins LLP<br>Melanie M. Blunschi, Esq.<br>500 Montgomery Street<br>Suite 2000<br>San Francisco, CA 94111-6538 |

83.    Any objection: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of Live Nation common stock that the person or entity objecting purchased and sold during the Settlement Class Period, as well as the dates and prices of each such purchase and sale.  You may not object to the Settlement, the Plan of Allocation or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

84.    You may submit a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first submit and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

85.    If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely submit a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is ***received*** **on or before _____, 2025**.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

86.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 82 above so that the notice

is *received* **on or** _____, **2025**.

87.   The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class.  If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

88.   **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

89.   If you purchased the publicly traded common stock of Live Nation, during the period from February 23, 2022 and May 22, 2024, both dates inclusive, for the beneficial interest of persons or organizations other than yourself, within seven (7) calendar days of receipt of the Claims Administrator's notice of the Settlement you must either: (a) request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; (b) request from the Claims Administrator a link to the Notice and Claim Form and, within seven (7) calendar days of receipt of the link, email the link to all such beneficial owners for whom valid email addresses are available; or (c) provide a list of the names, mailing addresses and email addresses (to the extent available) of all such beneficial owners to the Claims Administrator at *Live Nation Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173080, Milwaukee, WI 53217, in which event the Claims Administrator shall promptly mail the Postcard Notice, or email a link to the Notice and Claim Form, to such beneficial owners.  Nominees that choose to follow procedures (a) or (b) shall also send a statement to the Claims Administrator confirming that the mailing or emailing was made as directed.

90.   Upon full and timely compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred, not to exceed: (a) $0.02 per name, mailing address, and email address (to the extent available) provided to the Claims Administrator; (b) $0.02 per email for emailing notice; or (c) $0.02 per postcard, plus postage at the pre-sort rate used by the Claims Administrator, for mailing the Postcard Notice, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Any dispute concerning the reasonableness of reimbursement costs shall be resolved by the Court. **YOU ARE NOT AUTHORIZED TO PRINT THE POSTCARD NOTICE YOURSELF. POSTCARD NOTICES MAY ONLY BE PRINTED BY THE COURT-APPOINTED CLAIMS ADMINISTRATOR**.

## CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

91.   This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Central District of California, George

E. Brown, Jr. Federal Building and United States Courthouse, 3470 12th Street, Riverside, CA 92501.  Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.LiveNationSecuritiesSettlement.com.

92.    All inquiries concerning this Notice and the Claim Form should be directed to the Claims Administrator or Lead Counsel at:

| *Live Nation Securities Litigation* | and/or | Ex Kano S. Sams II, Esq. |
|---|---|---|
| c/o A.B. Data, Ltd., | | Garth A. Spencer, Esq. |
| P.O. Box 173080 | | Glancy Prongay & Murray LLP |
| Milwaukee, WI 53217 | | 1925 Century Park East, Suite 2100 |
| Telephone: 877-411-5027 | | Los Angeles, CA 90067 |
| www.LiveNationSecuritiesSettlement.com | | Telephone: (310) 201-9150 |
| | | Email: settlements@glancylaw.com |

and/or

Phillip Kim, Esq.
Joshua Baker, Esq.
The Rosen Law Firm, P.A.
101 Greenwood Avenue, Suite 440
Jenkintown, PA 19046
Telephone: (215) 600-2817
Email: pkim@rosenlegal.com

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS, OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2025

By Order of the Court
United States District Court
Central District of California

**Exhibit A-2**

*Live Nation Securities Litigation*
**c/o A.B. Data, Ltd.**
**P.O. Box 173080**
**Milwaukee, WI 53217**
**Toll Free Number:  (877) 411-5027**
**Settlement Website:  www.LiveNationSecuritiesSettlement.com**
**Email: info@LiveNationSecuritiesSettlement.com**

## <u>PROOF OF CLAIM AND RELEASE FORM</u>

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must be a Settlement Class Member and complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the above address, or submit it through the settlement website listed above, **so that it is postmarked or submitted no later than _____, 2025.**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to recover any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the settling parties or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| <u>TABLE OF CONTENTS</u> | <u>PAGE #</u> |
|---|---|
| **PART I – CLAIMANT INFORMATION** | _ |
| **PART II – GENERAL INSTRUCTIONS** | _ |
| **PART III – SCHEDULE OF TRANSACTIONS IN LIVE NATION COMMON STOCK** | _ |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | _ |

1

## PART I – CLAIMANT INFORMATION

### (Please read General Instructions below before completing this page.)

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.

Beneficial Owner's Name

Co-Beneficial Owner's Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit or box number)

| City | State | Zip Code |
|---|---|---|
| | | |

Foreign Country (only if not USA)

Last four digits of Social Security Number or Taxpayer Identification Number

| Telephone Number (home) | Telephone Number (work) |
|---|---|
| | |

Email address (Email address is not required, but if you provide it, you authorize the Claims Administrator to use it in providing you with information relevant to this claim.):

Account Number (account(s) through which the securities were traded)[1]:

Claimant Account Type (check appropriate box):
- ☐ Individual (includes joint owner accounts)  ☐ Pension Plan  ☐ Trust
- ☐ Corporation  ☐ Estate
- ☐ IRA/401K  ☐ Other _____ (please specify)

---

[1] If the account number is unknown, you may leave blank. If the same legal entity traded through more than one account, you may write "multiple." Please see paragraph 11 of the General Instructions for more information on when to file separate Claim Forms for multiple accounts, *i.e.*, when you are filing on behalf of distinct legal entities.

## PART II – GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the Notice of: (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Settlement Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Settlement Notice. The Settlement Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Settlement Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Settlement Notice, including the terms of the releases described therein and provided for herein.

2.      This Claim Form is directed to the "Settlement Class," which consists of all persons and entities that, between February 23, 2022 and May 22, 2024, both dates inclusive (the "Settlement Class Period"), purchased the publicly traded common stock of Live Nation Entertainment, Inc. ("Live Nation"). All persons and entities that are members of the Settlement Class are referred to as "Settlement Class Members."

3.      Excluded from the Settlement Class are: (a) persons and entities that suffered no compensable losses; and (b) (i) Defendants; (ii) any person who served as a partner, control person, officer and/or director of Live Nation during the Settlement Class Period, and members of their Immediate Families; (iii) present and former parents, subsidiaries, assigns, successors, affiliates, and predecessors of Live Nation; (iv) any entity in which any excluded person or entity has or had a controlling interest; (v) any trust of which an Individual Defendant is the settlor or which is for the benefit of an Individual Defendant and/or member(s) of their Immediate Families; and (vi) the legal representatives, heirs, successors, predecessors, and assigns of any person or entity excluded under provisions (i) through (v) hereof. Also excluded from the Settlement Class are any persons and entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court. For the avoidance of doubt, "affiliates" are persons or entities that directly or indirectly through one or more intermediaries, control, are controlled by or are under common control with one of the Defendants.

4.      If you are not a Settlement Class Member do not submit a Claim Form. YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER. THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS (AS SET FORTH IN PARAGRAPH 3 ABOVE), ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

5.      If you are a Settlement Class Member, you will be bound by the terms of any judgments or orders entered in the Action WHETHER OR NOT YOU SUBMIT A CLAIM FORM, unless you submit a request for exclusion from the Settlement Class. Thus, if you are a Settlement Class Member, the Judgment will release, and enjoin the filing or continued prosecution of, the Released Plaintiffs' Claims against the Released Defendants' Parties.

3

6.      You are eligible to participate in the distribution of the Net Settlement Fund only if you are a member of the Settlement Class and if you complete and return this form as specified below.  If you fail to submit a timely, properly addressed, and completed Claim Form with the required documentation, your claim may be rejected, and you may be precluded from receiving any distribution from the Net Settlement Fund.

7.      Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement.  The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Settlement Notice, if it is approved by the Court, or by such other plan of allocation approved by the Court.

8.      Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) (including free transfers) in and holdings of the applicable publicly traded Live Nation common stock.  On the Schedules of Transactions, please provide all of the requested information with respect to your holdings, purchases, acquisitions and sales of the applicable publicly traded Live Nation common stock, whether such transactions resulted in a profit or a loss.  Failure to report all transaction and holding information during the requested time periods may result in the rejection of your claim.

9.      Please note: Only publicly traded Live Nation common stock purchased during the Settlement Class Period (*i.e.*, from February 23, 2022 through May 22, 2024, both dates inclusive) is eligible under the Settlement.  However, under the PSLRA "90-Day Lookback Period" (described in the Plan of Allocation set forth in the Settlement Notice), your sales of Live Nation common stock during the period from May 23, 2024 through August 20, 2024, will be used for purposes of calculating your Recognized Loss under the Plan of Allocation.  Therefore, for the Claims Administrator to be able to process your claim, the requested purchase/acquisition and sale information during the 90-Day Lookback Period must also be provided.

10.     You are required to submit genuine and sufficient documentation for all of your transactions and holdings of the applicable Live Nation Securities set forth in the Schedule of Transactions in Part III of this Claim Form.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The Parties and the Claims Administrator do not independently have information about your investments in Live Nation Securities.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER.  FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims Administrator.  Also, please do not highlight any portion of the Claim Form or any supporting documents.**

11.     Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions through an account that is in the name of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made through an account in the individual's name).  Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all

4

accounts on one Claim Form).

12.     All joint beneficial owners must sign this Claim Form.  If you purchased publicly traded Live Nation common stock during the Settlement Class Period and held the securities in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement.  If, however, you purchased publicly traded Live Nation common stock during the Settlement Class Period and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these securities, but the third party is the record owner.  The beneficial owner, not the record owner, must sign this Claim Form.

13.     Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)     expressly state the capacity in which they are acting;

(b)     identify the name, account number, Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Live Nation Securities; and

(c)     furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade stock in another person's accounts.)

14.     By submitting a signed Claim Form, you will be swearing that you:

(a)     own(ed) the Live Nation Securities you have listed in the Claim Form;

or

(b)     are expressly authorized to act on behalf of the owner thereof.

15.     By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

16.     If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after the completion of all claims processing.  This could take substantial time.  Please be patient.

17.     PLEASE NOTE:  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her or its pro rata share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant, however, calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

18.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Settlement Notice, you may contact the Claims Administrator, A.B. Data Ltd., by email at info@LiveNationSecuritiesSettlement.com, or by toll-free phone at (877)-411-5027,

or you may download the documents from the Settlement website, www.LiveNationSecuritiesSettlement.com.

19.    NOTICE REGARDING ELECTRONIC FILES:  Certain Claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the mandatory electronic filing requirements and file layout, you may visit the Settlement website at www.LiveNationSecuritiesSettlement.com or you may email the Claims Administrator's electronic filing department at efiling@abdata.com.  Any file not in accordance with the required electronic filing format will be subject to rejection.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect after processing your file with your claim numbers and respective account information.  Do not assume that your file has been received or processed until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at efiling@abdata.com to inquire about your file and confirm it was received and acceptable.

## IMPORTANT: PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD OR EMAIL.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL WITHIN 60 DAYS.  IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD OR EMAIL WITHIN 60 DAYS, PLEASE CALL THE CLAIMS  ADMINISTRATOR TOLL FREE AT (877) 411-5027.**

**PART III – SCHEDULE OF TRANSACTIONS IN LIVE NATION COMMON STOCK**

Complete this Part III if and only if you purchased publicly traded Live Nation common stock during the period from February 23, 2022 through and including May 22, 2024. Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 10, above. Do not include information in this section regarding securities other than Live Nation common stock.

| 1. **BEGINNING HOLDINGS** – State the total number of shares of Live Nation common stock held as of the opening of trading on February 23, 2022. (Must be documented.) If none, write "zero" or "0." _____ |
|---|

**2. PURCHASES/ACQUISITIONS DURING THE SETTLEMENT CLASS PERIOD THROUGH AUGUST 20, 2024** – Separately list each and every purchase/acquisition (including free receipts) of Live Nation common stock from after the opening of trading on February 23, 2022, through and including the close of trading on August 20, 2024. (Must be documented.)

| Date of Purchase/Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |

**3. SALES DURING THE SETTLEMENT CLASS PERIOD THROUGH AUGUST 20, 2024** – Separately list each and every sale/disposition (including free deliveries) of Live Nation common stock from after the opening of trading on February 23, 2022, through and including the close of trading on August 20, 2024. (Must be documented.)

**IF NONE, CHECK HERE** ○

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |
| / / | | $ | $ |

| 4. **Ending Holdings** – State the total number of shares of Live Nation common stock held as of the close of trading on August 20, 2024. (Must be documented.) If none, write "zero" or "0." _____ |
|---|

| **IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐ **IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED** |
|---|

## *PART VI – RELEASE OF CLAIMS AND SIGNATURE*

## *YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE ___ OF THIS CLAIM FORM.*

I (we) hereby acknowledge that as of the Effective Date of the Settlement, pursuant to the terms set forth in the Stipulation, I (we), on behalf of myself (ourselves) and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims (as defined in the Stipulation and in the Settlement Notice) on my (our) behalf in such capacity only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against the Defendants and the other Released Defendants' Parties, and shall forever be barred and enjoined from prosecuting, directly or indirectly, representatively, or in any other capacity, against any of the Released Defendants' Parties any or all of the Released Plaintiffs' Claims.

## CERTIFICATION

By signing and submitting this Claim Form, the Claimant(s) or the person(s) who represent(s) the Claimant(s) certifies (certify), as follows:

1.     that I (we) have read and understand the contents of the Settlement Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.     that the Claimant(s) is a (are) Settlement Class Member(s), as defined in the Settlement Notice and in paragraph 2 on page __ of this Claim Form, and is (are) not excluded from the Settlement Class by definition or pursuant to request as set forth in the Settlement Notice and in paragraph 3 on page __ of this Claim Form;

3.     that I (we) own(ed) the publicly traded Live Nation common stock identified in this Claim Form and have not assigned the claim against the Released Defendants' Parties to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

4.     that the Claimant(s) submit(s) to the jurisdiction of the Court with respect to Claimant's (Claimants') claim and for purposes of enforcing the releases set forth herein;

5.     that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator or the Court may require;

6.     that the Claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the Court's summary disposition of the determination of the validity or amount of the claim made by this Claim Form;

7.     that I (we) acknowledge that the Claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

8.    that the Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the Claimant(s) is (are) exempt from backup withholding or (b) the Claimant(s) has (have) not been notified by the IRS that he/she/it/they is (are) subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the Claimant(s) that he/she/it/they is (are) no longer subject to backup withholding. **If the IRS has notified the Claimant(s) that he, she, it, or they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____

Signature of Claimant                                                    Date

_____

Print your name here

_____

Signature of joint Claimant, if any                                      Date

_____

Print your name here

*If the Claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____

Signature of person signing on behalf of Claimant                        Date

_____

Print your name here

_____

CAPACITY OF PERSON SIGNING ON BEHALF OF CLAIMANT, IF OTHER THAN AN INDIVIDUAL, *E.G.*, EXECUTOR, PRESIDENT, TRUSTEE, CUSTODIAN, *ETC*.  (MUST PROVIDE EVIDENCE OF AUTHORITY TO ACT ON BEHALF OF CLAIMANT – SEE PARAGRAPH 13 ON PAGE ___ OF THIS CLAIM FORM.)

## **REMINDER CHECKLIST:**

1. Please sign the above release and certification.  If this Claim Form is being made on behalf of joint Claimants, then both must sign.

2. Remember to attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3. Please do not highlight any portion of the Claim Form or any supporting documents.

4. Do not send original security certificates or documentation.  These items cannot be returned to you by the Claims Administrator.

5. Keep copies of the completed Claim Form and documentation for your own records.

6. The Claims Administrator will acknowledge receipt of your Claim Form by mail or email within 60 days.  Your claim is not deemed filed until you receive an acknowledgement postcard or email.  **If you do not receive an acknowledgement postcard or email within 60 days, please call the Claims Administrator toll free at (877) 411-5027.**

7. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address.  If you change your name, please inform the Claims Administrator.

8. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@LiveNationSecuritiesSettlement.com, or toll-free at (877) 411-5027, or visit www.LiveNationSecuritiesSettlement.com.  Please DO NOT call Defendants or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN _____, 2025**, ADDRESSED AS FOLLOWS:

*In re Live Nation Automotive Inc. Securities Litigation*
c/o A.B. Data Ltd.,
P.O. Box 173080
Milwaukee, WI 53217

**OR        SUBMITTED        ONLINE        BY        _____,        2025        at www.LiveNationSecuritiesSettlement.com.**

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____, 2025 is indicated on the envelope and it is mailed First Class and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

**Exhibit A-3**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN DONLEY, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> LIVE NATION ENTERTAINMENT, INC., MICHAEL RAPINO, and JOE BERCHTOLD, <br><br> Defendants. | No. 2:23-cv-06343-KK (ASx) <br><br> <u>CLASS ACTION</u> <br><br> Hon. Kenly Kiya Kato |

**SUMMARY NOTICE OF: (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES <u>AND REIMBURSEMENT OF LITIGATION EXPENSES</u>**

**TO:   All persons and entities that purchased the publicly traded common stock of Live Nation Entertainment, Inc. between February 23, 2022 and May 22, 2024, both dates inclusive (the "Settlement Class")[1]:**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Central District of California, that the above-captioned litigation (the "Action") has been certified as a class action on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full Notice of: (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

---

[1]  All capitalized terms used in this Summary Notice that are not otherwise defined herein have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated March 21, 2025 (the "Stipulation"), which is available at www.LiveNationSecuritiesSettlement.com.

YOU ARE ALSO NOTIFIED that Lead Plaintiffs in the Action has reached a proposed settlement of the Action for $20,000,000 in cash (the "Settlement"), that, if approved, will resolve all claims in the Action.

A hearing will be held on _____, 2025 at __:__ _.m., before the Honorable Kenly Kiya Kato at the United States District Court for the Central District of California, George E. Brown, Jr. Federal Building and United States Courthouse, 3470 12th Street, 3rd Floor, Courtroom 3, Riverside, CA 92501, to determine: (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and in the Notice should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**. The Notice and Proof of Claim and Release Form ("Claim Form"), can be downloaded from the website maintained by the Claims Administrator, www.LiveNationSecuritiesSettlement.com. You may also obtain copies of the Notice and Claim Form by contacting the Claims Administrator at *Live Nation Securities Litigation*, c/o A.B. Data Ltd., P.O. Box 173080, Milwaukee, WI 53217, 1-877-411-5027.

If you are a member of the Settlement Class, to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked* or received no later than _____, 2025. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is received by, or postmarked, no later than _____, 2025, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of expenses, must be delivered to the Claims Administrator, Lead Counsel and Defendants' Counsel such that they are received by, or postmarked no later than, _____, 2025, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Defendants, or their counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Requests for the Notice and Claim Form should be made to:

*Live Nation Securities Litigation*

c/o A.B. Data Ltd.
P.O. Box 173080
Milwaukee, WI 53217
Toll-free Telephone: 877-411-5027
Email: www.LiveNationSecuritiesSettlement.com

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

GLANCY PRONGAY & MURRAY LLP
Ex Kano S. Sams II, Esq.
Garth Spencer, Esq.
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone:  (310) 201-9150
Email: settlements@glancylaw.com

-and/or-

THE ROSEN LAW FIRM, P.A.
Phillip Kim, Esq.
Joshua Baker, Esq.
101 Greenwood Avenue, Suite 440
Jenkintown, PA 19046
Telephone: (215) 600-2817
Email: pkim@rosenlegal.com
Email: jbaker@rosenlegal.com

By Order of the Court

**Exhibit A-4**

| | |
|---|---|
| Live Nation Securities Litigation<br>c/o A.B. Data Ltd.<br>P.O. Box 173080<br>Milwaukee, WI 53217<br><br>***COURT-ORDERED LEGAL NOTICE***<br>**Important Notice about a Securities Class Action Settlement.**<br><br>**You may be entitled to a CASH payment. This Notice may affect your legal rights. Please read it carefully.**<br><br>*Donley v. Live Nation Entertainment, Inc.*, Case No. 2:23-cv-06343-KK (ASx) (C.D. Cal.) | [Postage Prepaid]<br><br><br><br>Name<br>Address<br>City, State<br>Zip |

***THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.***
***PLEASE VISIT WWW.LIVENATIONSECURITIESSETTLEMENT.COM FOR MORE INFORMATION.***

There has been a proposed Settlement of claims against Live Nation Entertainment, Inc. ("Live Nation") and its executives Michael Rapino and Joe Berchtold (collectively, the "Defendants"). The Settlement would resolve a lawsuit in which Lead Plaintiffs allege that Defendants disseminated materially false and misleading information to the investing public about Live Nation's allegedly anticompetitive conduct, cooperation with regulators, and financial results, in violation of the federal securities laws. Defendants deny any wrongdoing. You received this Postcard Notice because you or someone in your family may have purchased the publicly traded common stock of Live Nation between February 23, 2022 and May 22, 2024, both dates inclusive.

Defendants have agreed to pay a Settlement Amount of $20,000,000. The Settlement provides that the Settlement Fund, after deduction of any Court-approved attorneys' fees and expenses, notice and administration costs, and taxes, is to be divided among all Settlement Class Members who submit a valid Claim Form, in exchange for the settlement of this case and the Releases by Settlement Class Members of claims related to this case. **For all Settlement details, read the Stipulation and full Notice, available at the Settlement website.**

Your share of the Settlement proceeds will depend on the number of valid Claims submitted, and the number, size and timing of your transactions in Live Nation common stock. If every eligible Settlement Class Member submits a valid Claim Form, the average recovery will be $0.64 per affected share before expenses and other Court-ordered deductions. Your award will be determined *pro rata* based on the number of claims submitted. This is further explained in the detailed Notice found on the Settlement website.

**To qualify for payment, you must submit a Claim Form**. The Claim Form can be found on the website www.LiveNationSecuritiesSettlement.com or will be mailed to you upon request to the Claims Administrator (877-411-5027). **Claim Forms must be received or postmarked by _____, 2025**. If you do not want to be legally bound by the Settlement, you must exclude yourself by _____, 2025, or you will not be able to sue the Defendants about the legal claims in this case. If you exclude yourself, you cannot get money from this Settlement. If you want to object to the Settlement, you may submit an objection by _____, 2025. The detailed Notice explains how to submit a Claim Form, exclude yourself, or object.

The Court will hold a hearing in this case on _____, 2025, to consider whether to approve the Settlement and a request by the lawyers representing the Settlement Class for up to 33⅓% of the Settlement Fund in attorneys' fees, plus expenses up to $185,000 for litigating the case and negotiating the Settlement, including reimbursement of Lead Plaintiffs' costs and expenses in an amount not to exceed $10,000. You may attend the hearing and ask to be heard by the Court, but you do not have to. For more information, call toll-free (877-411-5027) or visit the Settlement website and read the detailed Notice.

**Exhibit B**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN DONLEY, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LIVE NATION ENTERTAINMENT, INC., MICHAEL RAPINO, and JOE BERCHTOLD,<br><br>Defendants. | No. 2:23-cv-06343-KK (ASx)<br><br>CLASS ACTION<br><br>Hon. Kenly Kiya Kato<br><br>**JUDGMENT APPROVING CLASS ACTION SETTLEMENT** |

1   WHEREAS, a securities class action is pending in this Court entitled *Donley v.*

2   *Live Nation Entertainment, Inc.*, Case No. 2:23-cv-06343-KK (ASx) (the "Action");

3   WHEREAS, (a) Court-appointed lead plaintiffs Brian Donley and Gene Gress

4   ("Lead Plaintiffs") on behalf of themselves and the Settlement Class (defined below),

5   and (b) defendants Live Nation Entertainment, Inc. ("Live Nation"), Michael Rapino

6   and Joe Berchtold (collectively, "Individual Defendants"; together with Live Nation,

7   "Defendants"; and together with Lead Plaintiffs, the "Parties") have entered into a

8   Stipulation and Agreement of Settlement dated March 21, 2025 (the "Stipulation"),

9   which provides for a complete dismissal with prejudice of the claims asserted against

10  Defendants in the Action on the terms and conditions set forth in the Stipulation,

11  subject to the approval of this Court (the "Settlement");

12  WHEREAS, unless otherwise defined in this Judgment, the capitalized terms

13  herein shall have the same meaning as they have in the Stipulation;

14  WHEREAS, by Order dated _____ ___, 2025 (the "Preliminary

15  Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified

16  the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered

17  that notice of the proposed Settlement be provided to potential Settlement Class

18  Members; (d) provided Settlement Class Members with the opportunity either to

19  exclude themselves from the Settlement Class or to object to the proposed Settlement;

20  and (e) scheduled a hearing regarding final approval of the Settlement;

21  WHEREAS, due and adequate notice has been given to the Settlement Class;

22  WHEREAS, the Court conducted a hearing on _____ ___, 2025 (the

23  "Settlement Hearing") to consider, among other things: (a) whether the terms and

24  conditions of the Settlement are fair, reasonable and adequate to the Settlement Class,

25  and should therefore be approved; and (b) whether a judgment should be entered

26  dismissing the Action with prejudice as against the Defendants; and

27  WHEREAS, the Court having reviewed and considered the Stipulation, all

28

papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.    **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2.    **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on _____, 2025; and (b) the Notice, the Summary Notice, and the Postcard Notice, all of which were filed with the Court on _____, 2025.

3.    **Class Certification for Settlement Purposes** – The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons and entities that purchased the publicly traded common stock of Live Nation Entertainment, Inc. between February 23, 2022 and May 22, 2024, both dates inclusive (the "Settlement Class Period"). Excluded from the Settlement Class are: (a) persons and entities that suffered no compensable losses; and (b)(i) Defendants; (ii) any person who served as a partner, control person, officer and/or director of Live Nation during the Settlement Class Period, and members of their Immediate Families; (iii) present and former parents, subsidiaries, assigns, successors, affiliates, and predecessors of Live Nation; (iv) any entity in which any excluded person or entity has or had a controlling interest; (v) any trust of which an Individual Defendant is the settlor or which is for the benefit of an Individual Defendant and/or member(s) of their Immediate Families; and (vi) the legal representatives, heirs, successors, predecessors, and assigns of any person or entity

excluded under provisions (i) through (v) hereof.[1]  [Also excluded from the Settlement Class are the persons and entities listed on Exhibit 1 hereto who or which are excluded from the Settlement Class pursuant to request.]

4.    **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Lead Plaintiffs as Class Representatives for the Settlement Class and appointing Lead Counsel as Class Counsel for the Settlement Class.  Lead Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5.    **Notice** – The Court finds that the dissemination of the Postcard Notice, the online posting of the Notice, and the publication of the Summary Notice:  (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of: (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities

---

[1] For the avoidance of doubt, "affiliates" are persons or entities that directly, or indirectly through one or more intermediaries, control, are controlled by or are under common control with one of the Defendants.

entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

6.    **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7.    The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8.    **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Released Defendants' Parties, Lead Plaintiffs, Released Plaintiffs' Parties, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. [The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.]

9.    **Releases** – The Releases set forth in paragraphs 5 and 6 of the

Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.  The Releases are effective as of the Effective Date.  Accordingly, this Court orders that:

(a)     Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Lead Plaintiffs and the other members of the Settlement Class, on behalf of themselves, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of the respective Settlement Class Members in such capacity only, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against the Defendants and the other Released Defendants' Parties, and shall forever be barred and enjoined from prosecuting, directly or indirectly, representatively, or in any other capacity, any or all of the Released Plaintiffs' Claims against any of the Released Defendants' Parties.  This Release shall not apply to any of the Excluded Claims (as that term is defined in paragraph 1(s) of the Stipulation).

(b)     Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Defendants, and any person or entity that can assert claims on their behalf, in such capacity only, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Lead Plaintiffs and the other Released Plaintiffs' Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Released Plaintiffs' Parties.  [This Release shall not apply to any person or entity listed on Exhibit 1 hereto.]

10.     Notwithstanding paragraphs 9(a) – (b) above, nothing in this Judgment

1    shall bar any action by any of the Parties to enforce or effectuate the terms of the

2    Stipulation or this Judgment

3        11.    **Bar Order** – Upon the Effective Date, any and all claims for

4    contribution or indemnity, however denominated, based upon or arising out of the

5    Released Plaintiffs' Claims (a) by any person or entity against any of the Defendants

6    or (b) by any of the Defendants against any other person or entity, are permanently

7    barred, extinguished, and discharged to the fullest extent permitted by law (the "Bar

8    Order"), provided however, that nothing in the Bar Order shall release or alter the

9    rights the Defendants may have under their applicable insurance policies or any right

10   of indemnification or contribution that Defendants may have under contract or

11   otherwise.

12       12.    **Judgment Reduction** – Any final verdict or judgment (including by way

13   of settlement) that may be obtained by or on behalf of the Settlement Class or a

14   Settlement Class Member against any person or entity subject to the Bar Order shall

15   be reduced by the greater of: (a) an amount that corresponds to the percentage of

16   responsibility of the Defendants for common damages; or (b) the amount paid by or

17   on behalf of the Defendants to the Settlement Class or Settlement Class Member for

18   common damages.

19       13.    **Rule 11 Findings** – The Court finds and concludes that the Parties and

20   their respective counsel have complied in all respects with the requirements of Rule

21   11 of the Federal Rules of Civil Procedure in connection with the institution,

22   prosecution, defense, and settlement of the Action.

23       14.    **No Admissions** – Neither this Judgment, the Term Sheet, the Stipulation

24   (whether or not consummated), including the exhibits thereto and the Plan of

25   Allocation contained therein (or any other plan of allocation that may be approved by

26   the Court), the negotiations leading to the execution of the Term Sheet and the

27   Stipulation, nor any proceedings taken pursuant to or in connection with the Term

28

1  Sheet, the Stipulation and/or approval of the Settlement (including any arguments

2  proffered in connection therewith):

3          (a)    shall be offered against any of the Released Defendants' Parties as

4  evidence of, or construed as, or deemed to be evidence of any presumption,

5  concession, or admission by any of the Released Defendants' Parties with respect to

6  the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or

7  could have been asserted or the deficiency of any defense that has been or could have

8  been asserted in this Action or in any other litigation, or of any liability, negligence,

9  fault, or other wrongdoing of any kind of any of the Released Defendants' Parties or

10 in any way referred to for any other reason as against any of the Released Defendants'

11 Parties, in any civil, criminal or administrative action or proceeding, other than such

12 proceedings as may be necessary to effectuate the provisions of the Stipulation;

13         (b)    shall be offered against any of the Released Plaintiffs' Parties, as

14 evidence of, or construed as, or deemed to be evidence of any presumption,

15 concession or admission by any of the Released Plaintiffs' Parties that any of their

16 claims are without merit, that any of the Released Defendants' Parties had meritorious

17 defenses, or that damages recoverable under the Complaint would not have exceeded

18 the Settlement Amount or with respect to any liability, negligence, fault or

19 wrongdoing of any kind, or in any way referred to for any other reason as against any

20 of the Released Plaintiffs' Parties, in any civil, criminal or administrative action or

21 proceeding, other than such proceedings as may be necessary to effectuate the

22 provisions of the Stipulation; or

23         (c)    shall be construed against any of the Releasees as an admission,

24 concession, or presumption that the consideration to be given under the Settlement

25 represents the amount which could be or would have been recovered after trial;

26 *provided, however*, that the Parties and the Releasees and their respective counsel may

27 refer to this Judgment and the Stipulation to effectuate the protections from liability

28

granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

15.    **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

16.    Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

17.    **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  Without further order of the Court, Lead Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

18.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members

and Defendants, and the Parties shall revert to their respective positions in the Action as of November 27, 2024, as provided in the Stipulation.

19.    **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this _____ day of _____, 2025.


_____
THE HONORABLE KENLY KIYA KATO
UNITED STATES DISTRICT JUDGE

JUDGMENT APPROVING CLASS ACTION SETTLEMENT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit 1**

**[List of Persons and Entities Excluded from the Settlement Class Pursuant to Request]**