Laurence M. Rosen (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Co-Lead Counsel for Plaintiffs*

*[Additional Counsel on Signature Page]*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN DONLEY, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LIVE NATION ENTERTAINMENT, INC., MICHAEL RAPINO, and JOE BERCHTOLD,<br><br>Defendants. | Case No. 2:23-cv-6343-KK (ASx)<br><br>Honorable Kenly Kiya Kato<br><br>**REPLY MEMORANDUM IN FURTHER SUPPORT OF: (1) LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (2) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**<br><br><u>CLASS ACTION</u><br><br>Date:  August 28, 2025<br>Time: 10:00 a.m.<br>Courtroom: 3 |

Court-appointed lead plaintiffs Brian Donley and Gene Gress (collectively, "Lead Plaintiffs"), and their counsel, Glancy Prongay & Murray LLP and The Rosen Law Firm, P.A. (collectively, "Lead Counsel"), respectfully submit this memorandum in further support of: (i) Lead Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation (ECF Nos. 93, 93-1); and (ii) Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (ECF No. 94, 94-1; the "Fee and Expense Application").[1]

## I.     INTRODUCTION

Pursuant to the Court's April 25, 2025, Order Preliminarily Approving Settlement and Providing for Notice (ECF No. 92; the "Preliminary Approval Order"), approximately 209,287 copies of the Court-approved Postcard Notice, or links to the Notice and Claim Form, were disseminated to potential Settlement Class Members and the largest brokerage firms, banks, institutions, and other nominees.[2] In addition, the Court-appointed Claims Administrator, A.B. Data, Ltd. ("A.B. Data"): (i) caused the Summary Notice to be published in *Investor's Business Daily* and transmitted over *PR Newswire* on June 6, 2025,[3] and (ii) the Notice, Claim Form,

---

[1] Unless otherwise defined, all capitalized terms used herein have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated March 21, 2025 (the "Stipulation"; ECF No. 89-1), or the Joint Declaration of Joshua Baker and Ex Kano S. Sams II in Support of: (I) Lead Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation; and (II) Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (ECF No. 95).

[2] *See* Supplemental Declaration of Adam D. Walter Regarding: (A) Mailing and Emailing of Notice; (B) Claims Received to Date; and (C) Report on Requests for Exclusion and Objections Received to Date (the "Suppl. Mailing Decl.") (attached as Exhibit 1 hereto) ¶¶3-4.

[3] *See* ECF No. 95-3 (Declaration of Adam D. Walter Regarding: (A) Mailing and Emailing of Notice; (B) Claims Received to Date; and (C) Report on Requests for Exclusion and Objections Received to Date ("Initial Mailing Decl.")) ¶11 & Exs. E and F.

Stipulation, Preliminary Approval Order, and the Second Amended Complaint, among other important case-related documents, to be posted on the Settlement Website (www.LiveNationSecuritiesSettlement.com).  *See* Initial Mailing Decl. ¶13. The Postcard Notice, Notice, Summary Notice, and Settlement Website informed Settlement Class Members of the August 7, 2025, deadline to: (i) submit an objection to the Settlement, Plan of Allocation, and/or Fee and Expense Application; or (ii) request exclusion from the Settlement Class.  *See id.* ¶¶13 & 17-18, & Exs. A, B, E, and F.

On July 24, 2025, Lead Plaintiffs and Lead Counsel filed their opening papers in support of final approval of the Settlement, Plan of Allocation, and request for attorneys' fees and reimbursement of Litigation Expenses.  The motions are supported by the declarations of Lead Plaintiffs, Lead Counsel, and the Claims Administrator. These papers are available on the public docket and on the Settlement Website.  *See* ECF Nos. 93-95; Suppl. Mailing Decl. ¶8.

Following this extensive notice process, ***not one*** Settlement Class Member has objected to the Settlement, the Plan of Allocation, or Lead Counsel's Fee and Expense Application.  Moreover, A.B. Data has received only three requests for exclusion— one of which failed to provide the information required by the Court in the Preliminary Approval Order and set forth in the Notice that is necessary to show membership in the Settlement Class and required to opt-out.[4]  *See id*. ¶10 and n.3; *see*

---

[4] Pursuant to paragraph 76 of the Court-approved Notice, "each Request for Exclusion must state the number of shares of publicly traded Live Nation common stock that the person or entity requesting exclusion purchased and sold during the Settlement Class Period, as well as the dates and process of each such purchase and sale."  ECF No. 95-3 (Initial Mailing Decl.), Ex. B at ¶76.  Jason Rosenthal emailed his request to opt-out to A.B. Data, but failed to include any of this information.  Suppl. Mailing Decl. ¶10 n.3 and Ex. A.  On July 21, 2025, A.B. Data responded to Rosenthal's email and explained that in order to be excluded from the Settlement Class, Rosenthal must follow all of the requirements outlined on page 11 in paragraphs 76-79 of the Notice.

*also* Preliminary Approval Order ¶19; Initial Mailing Decl., Ex. B ¶76.  The absence of any objections and miniscule number of opt-outs by Settlement Class Members provides strong evidence of the fairness and reasonableness of the proposed Settlement, Plan of Allocation, and request for attorneys' fees and reimbursement of Litigation Expenses.  *See In re Signet Jewelers Ltd. Sec. Litig.*, 2020 WL 4196468, at *6 (S.D.N.Y. July 21, 2020) ("The absence of any objections and the small number of requests for exclusion support a finding that the Settlement is fair, reasonable, and adequate."); *id.* at *21 ("The absence of any objections to the requested attorneys' fees and Litigation Expenses supports a finding that the request is fair and reasonable."); *Ressler v. Jacobson*, 149 F.R.D. 651, 656 (M.D. Fla. Dec. 15, 1992) ("The fact that there are no objections to either the Settlement or to Petitioners' request for attorney's fees is strong evidence of the propriety and acceptability of that request.").[5]

For all the reasons set forth herein, and in the opening papers filed with the Court on July 24, 2025, Lead Plaintiffs and Lead Counsel respectfully request that the Court approve the Settlement, Plan of Allocation, and request for attorneys' fees and reimbursement of Litigation Expenses.

## II.   ARGUMENT

### A.   The Positive Reaction Of The Settlement Class Supports Approval Of The Settlement And Plan Of Allocation

In this Circuit, "the reaction of the class members to the proposed settlement" is one of the factors to consider in analyzing whether a settlement is fair, reasonable, and adequate.  *See, e.g.*, *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) (same).

---

*See id*. ¶10 n.3 and Ex. B.  A.B. Data has not received a response from Rosenthal. *See id*. ¶10 n.3.

[5] Unless otherwise indicated, all internal quotations and citations are omitted.

"[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." *Nat'l Rural Telecomms Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004); *see also Ching v. Siemens Indus., Inc.*, 2014 WL 2926210, at *6 (N.D. Cal. June 27, 2014) ("the Court may appropriately infer that a class action settlement is fair, adequate, and reasonable when few class members object to it.").

Here, the lack of a single objection and small number of requests for exclusion to the Settlement demonstrates that the proposed Settlement is fundamentally fair, reasonable, and adequate. *See, e.g.*, *In re Apollo Grp. Inc. Sec. Litig.*, 2012 WL 1378677, at *3 (D. Ariz. Apr. 20, 2012) ("There have been no objections from Class Members or potential class members, which itself is compelling evidence that the Proposed Settlement is fair, just, reasonable, and adequate."); *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) ("By any standard, the lack of objection of the Class Members favors approval of the Settlement."); *Khoja v. Orexigen Therapeutics, Inc.*, 2021 WL 5632673, at *7 (S.D. Cal. Nov. 30, 2021) ("Considering the number of Notice Packets mailed to potential Class Members and the fact that zero objections have been filed, the Court finds that the reaction of the Class Members to the Settlement weighs in favor of approving the Settlement.").[6]

Moreover, the fact that no institutional investors or other large shareholders have objected to the proposed Settlement further underscores its reasonableness. *See, e.g.*, *In re Extreme Networks, Inc. Sec. Litig.*, 2019 WL 3290770, at *9 (N.D. Cal. July 22, 2019) ("Many potential class members are sophisticated institutional

---

[6] *See also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998) (that the "overwhelming majority" stayed in the class is "objective positive commentary as to its fairness"); *Maine State Ret. Sys. v. Countrywide Fin. Corp.*, 2013 WL 6577020, at *16 (C.D. Cal. Dec. 5, 2013) (69 exclusion requests in response to mailing of over 50,000 notices supports settlement).

investors; the lack of objections from such institutions indicates that the settlement is fair and reasonable."); *Citigroup Inc. Bond Litig.*, 296 F.R.D. at 156 (finding "class's reaction weighs heavily in favor of approval" where "not one of the objections or requests for exclusion was submitted by an institutional investor.").

Settlement Class Members' affirmative participation in the Settlement by submitting claims also indicates a positive reaction to the Settlement. The claims filing deadline is not until September 20, 2025, but as of August 15, 2025, approximately 2,557 Claims had already been submitted by potential Settlement Class Members seeking to participate in the Settlement. Supp. Mailing Decl. ¶5. In A.B. Data's experience "the vast majority of claims will be filed at or near the deadline." *Id*. This is because most institutional investors, brokers, and other nominees typically file Claims electronically at or near the claims filing deadline.[7]

**B.    The Settlement Class's Reaction Supports Approval Of The Plan Of Allocation**

The favorable reaction of the Settlement Class also supports approval of the Plan of Allocation. *See In re Heritage Bond Litig.*, 2005 WL 1594403, at *12 (C.D. Cal. June 10, 2005) ("In light of the lack of objectors to the plan of allocation at issue, and the competence, expertise, and zeal of counsel in bringing and defending this action, the Court finds the plan of allocation as fair and adequate."); *Mauss v. NuVasive, Inc.*, 2018 WL 6421623, at *4 (S.D. Cal. Dec. 6, 2018) (concluding that the proposed plan of allocation was fair and reasonable after noting "[t]he Plan of Allocation was described in detail in the notice and no class member objected."); *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, 2019 WL

_____

[7] Lead Counsel will provide the Court with a further update on the status of claims at the August 28, 2025 Settlement Hearing. Moreover, once the claims administration process is complete, A.B. Data will submit a declaration in conjunction with Lead Counsel's Motion for Class Distribution Order, which will set forth the final accepted and rejected claim numbers. *See* Stipulation ¶26.

2077847, at *3 (N.D. Cal. May 10, 2019) (only one objection and 16 opt outs "supports [conclusion] that the settlement and plan of allocation are fair, reasonable, and adequate.").

### C. The Settlement Class's Reaction Supports Approval Of The Fee And Expense Application

Finally, the reaction of the Settlement Class should be considered with respect to Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, including the request that Lead Plaintiffs be reimbursed for the costs incurred as a direct result of their representation of the Settlement Class. *See In re Stable Road Acquisition Corp. Sec. Litig.*, 2024 WL 3643393, at *14 (C.D. Cal. Apr. 23, 2024) ("the existence or absence of objectors to the requested attorneys' fee is a factor is determining the appropriate fee award."); *Omnivision*, 559 F. Supp. 2d at 1048 ("The reaction of the class may also be a determining factor in … determining the fee award.").

Here, the absence of any objections from Settlement Class Members to the Fee and Expense Motion supports a finding that the request is fair and reasonable. *See In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177 (S.D. Cal. May 31, 2007) ("the lack of objection from any Class Member supports the attorneys' fees award."); *In re Banc of California Sec. Litig.*, 2020 WL 1283486, at *1 (C.D. Cal. Mar. 16, 2020) (awarding 33% of $19.75 million settlement fund where "over 35,000 copies of the Notice were disseminated to potential Class Members … and no objections to the fees or expenses were filed by Class Members."); *Waldbuesser v. Northrop Grumman Corp.*, 2017 WL 9614818, at *5 (C.D. Cal. Oct. 24, 2017) (finding receipt of only two objections to fee request, after mailing 210,000 notices, was "remarkably small given the wide dissemination of notice," and "conclud[ing] that the lack of significant objections to the requested fees justifies an award of one-third of the [$16.5 million] settlement fund."); *Omnivision*, 559 F. Supp. 2d 1036, 1049 (awarding lead plaintiffs $29,913.80 from the settlement fund in securities class action where class

members were provided notice and "no one objected."); *Patel v. Axesstel, Inc.*, 2015 WL 6458073, at *9 (S.D. Cal. Oct. 23, 2015) (finding a $3,000 PSLRA award to lead plaintiff reasonable and noting "the lack of any objection from the class members.").[8]

In sum, the complete absence of objections—together with the remarkably small number of exclusion requests—strongly militates in favor of a finding that the Settlement is fair, reasonable, and adequate, that the proposed Plan of Allocation is fair and equitable, and that Lead Counsel's fee and expense application is fair and reasonable.

## III. CONCLUSION

Based on the foregoing and the entire record herein, Lead Plaintiffs and Lead Counsel respectfully request that the Court: (i) approve the Settlement and Plan of Allocation as fair, reasonable, adequate, and in the best interest of the Settlement Class; (ii) award attorneys' fees to Lead Counsel in the amount of 30% of the Settlement Fund, plus Lead Counsel's out-of-pocket expenses in the amount of $130,113.30; and (iii) award $7,500 to Lead Plaintiff Brian Donley and $5,000 to Lead Plaintiff Gene Gress as reimbursement for time spent representing the Settlement Class.

The Settlement is conditioned on the entry of the [Proposed] Judgment. *See* Stipulation ¶¶30-32, 33(e); Ex. B. A conformed version of the [Proposed] Judgment, which incorporates the relevant dates, lack of objections, and two valid requests for exclusion, is submitted concurrently herewith, along with a [Proposed] Order Approving Plan of Allocation of Net Settlement Fund, and a [Proposed] Order

---

[8] *See also NECA-IBEW Pension Trust Fund et al. v. Precision Castparts Corp., et al.*, No. 16-cv-01756, ECF No. 169 at 1-2 (D. Or. May 7, 2021) (awarding 33.3% of $21 million settlement fund where "no objections to the fees or expenses were filed by Class Members."); *Kendall v. Odonate Therapeutics, Inc.*, 2022 WL 1997530, at *6 (S.D. Cal. June 6, 2022) (awarding 33⅓% of $12.75 million settlement fund and $5,000 to Lead Plaintiff in securities class action where "no objections to the settlement or requested attorneys' fees, costs, or incentive award have been filed.").

Awarding Attorneys' Fees and Reimbursement of Litigation Expenses. Accordingly, Lead Plaintiffs and Lead Counsel respectfully request that the Court enter the accompanying proposed orders.

Respectfully submitted,

Dated: August 21, 2025

**THE ROSEN LAW FIRM, P.A.**

By: */s/Joshua Baker*
Laurence M. Rosen (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Phillip Kim (*pro hac vice*)
Joshua Baker (*pro hac vice*)
101 Greenwood Avenue, Suite 440
Jenkintown, PA 19046
Telephone: (215) 600-2817
Facsimile: (212) 202-3827
Email: pkim@rosenlegal.com
Email: jbaker@rosenlegal.com

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Ex Kano S. Sams II
Garth Spencer
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: rprongay@glancylaw.com
Email: esams@glancylaw.com
Email: gspencer@glancylaw.com

*Co-Lead Counsel for Plaintiffs*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel for Brian Donley*

**<u>CERTIFICATE OF COMPLIANCE</u>**

The undersigned, counsel of record for Lead Plaintiffs, certifies that this brief contains 2,412 words, which complies with the word limit of L.R. 11-6.1.

DATED: August 21, 2025          */s/Joshua Baker*
                                Joshua Baker