# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN DONLEY, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LIVE NATION ENTERTAINMENT, INC., MICHAEL RAPINO, and JOE BERCHTOLD,<br><br>Defendants. | No. 2:23-cv-06343-KK (ASx)<br><br>CLASS ACTION<br><br>Hon. Kenly Kiya Kato<br><br>**JUDGMENT APPROVING CLASS ACTION SETTLEMENT** |

JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, a securities class action is pending in this Court entitled *Donley v. Live Nation Entertainment, Inc.*, Case No. 2:23-cv-06343-KK (ASx) (the "Action");

WHEREAS, (a) Court-appointed lead plaintiffs Brian Donley and Gene Gress ("Lead Plaintiffs") on behalf of themselves and the Settlement Class (defined below), and (b) defendants Live Nation Entertainment, Inc. ("Live Nation"), Michael Rapino and Joe Berchtold (collectively, "Individual Defendants"; together with Live Nation, "Defendants"; and together with Lead Plaintiffs, the "Parties") have entered into a Stipulation and Agreement of Settlement dated March 21, 2025 (the "Stipulation"), which provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated April 25, 2025 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on August 28, 2025 (the "Settlement Hearing") to consider, among other things: (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all

papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on March 21, 2025; and (b) the Notice, the Summary Notice, and the Postcard Notice, all of which were filed with the Court on July 24, 2025.

3. **Class Certification for Settlement Purposes** – The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons and entities that purchased the publicly traded common stock of Live Nation Entertainment, Inc. between February 23, 2022 and May 22, 2024, both dates inclusive (the "Settlement Class Period"). Excluded from the Settlement Class are: (a) persons and entities that suffered no compensable losses; and (b)(i) Defendants; (ii) any person who served as a partner, control person, officer and/or director of Live Nation during the Settlement Class Period, and members of their Immediate Families; (iii) present and former parents, subsidiaries, assigns, successors, affiliates, and predecessors of Live Nation; (iv) any entity in which any excluded person or entity has or had a controlling interest; (v) any trust of which an Individual Defendant is the settlor or which is for the benefit of an Individual Defendant and/or member(s) of their Immediate Families; and (vi) the legal representatives, heirs, successors, predecessors, and assigns of any person or entity

excluded under provisions (i) through (v) hereof.[1]  Also excluded from the Settlement Class are the persons and entities listed on Exhibit 1 hereto who or which are excluded from the Settlement Class pursuant to request.

4.    **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Lead Plaintiffs as Class Representatives for the Settlement Class and appointing Lead Counsel as Class Counsel for the Settlement Class.  Lead Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5.    **Notice** – The Court finds that the dissemination of the Postcard Notice, the online posting of the Notice, and the publication of the Summary Notice:  (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of: (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities

---

[1] For the avoidance of doubt, "affiliates" are persons or entities that directly, or indirectly through one or more intermediaries, control, are controlled by or are under common control with one of the Defendants.

JUDGMENT APPROVING CLASS ACTION SETTLEMENT

entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

6.    **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class.  The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7.    The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice.  The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8.    **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Released Defendants' Parties, Lead Plaintiffs, Released Plaintiffs' Parties, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.  The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.

9.    **Releases** – The Releases set forth in paragraphs 5 and 6 of the

Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Lead Plaintiffs and the other members of the Settlement Class, on behalf of themselves, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of the respective Settlement Class Members in such capacity only, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against the Defendants and the other Released Defendants' Parties, and shall forever be barred and enjoined from prosecuting, directly or indirectly, representatively, or in any other capacity, any or all of the Released Plaintiffs' Claims against any of the Released Defendants' Parties. This Release shall not apply to any of the Excluded Claims (as that term is defined in paragraph 1(s) of the Stipulation).

(b) Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Defendants, and any person or entity that can assert claims on their behalf, in such capacity only, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Lead Plaintiffs and the other Released Plaintiffs' Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Released Plaintiffs' Parties. This Release shall not apply to any person or entity listed on Exhibit 1 hereto.

10. Notwithstanding paragraphs 9(a) – (b) above, nothing in this Judgment

JUDGMENT APPROVING CLASS ACTION SETTLEMENT

shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment

11. **Bar Order** – Upon the Effective Date, any and all claims for contribution or indemnity, however denominated, based upon or arising out of the Released Plaintiffs' Claims (a) by any person or entity against any of the Defendants or (b) by any of the Defendants against any other person or entity, are permanently barred, extinguished, and discharged to the fullest extent permitted by law (the "Bar Order"), provided however, that nothing in the Bar Order shall release or alter the rights the Defendants may have under their applicable insurance policies or any right of indemnification or contribution that Defendants may have under contract or otherwise.

12. **Judgment Reduction** – Any final verdict or judgment (including by way of settlement) that may be obtained by or on behalf of the Settlement Class or a Settlement Class Member against any person or entity subject to the Bar Order shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of the Defendants for common damages; or (b) the amount paid by or on behalf of the Defendants to the Settlement Class or Settlement Class Member for common damages.

13. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

14. **No Admissions** – Neither this Judgment, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term

JUDGMENT APPROVING CLASS ACTION SETTLEMENT

Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)    shall be offered against any of the Released Defendants' Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendants' Parties with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Defendants' Parties or in any way referred to for any other reason as against any of the Released Defendants' Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)    shall be offered against any of the Released Plaintiffs' Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Released Plaintiffs' Parties that any of their claims are without merit, that any of the Released Defendants' Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiffs' Parties, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c)    shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability

granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

15.    **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

16.    Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

17.    **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  Without further order of the Court, Lead Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

18.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members

and Defendants, and the Parties shall revert to their respective positions in the Action as of November 27, 2024, as provided in the Stipulation.

19. **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this _____ day of _____, 2025.

_____
THE HONORABLE KENLY KIYA KATO
UNITED STATES DISTRICT JUDGE

**Exhibit 1**

**List of Persons and Entities Excluded from the Settlement Class Pursuant to Request**

1.      Malta Pension Investments

2.      Fabrizio Clavarra

JUDGMENT APPROVING CLASS ACTION SETTLEMENT