Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Co-Lead Counsel for Plaintiffs*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN DONLEY, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LIVE NATION ENTERTAINMENT, INC., MICHAEL RAPINO, and JOE BERCHTOLD,<br><br>Defendants. | Case No. Case No. 2:23-cv-06343-KK-AS<br><br>Honorable Kenly Kiya Kato<br><br>**DECLARATION OF LAUREN BARNES OF THE PUBLIC JUSTICE FOUNDATION** |

DECLARATION OF LAUREN BARNES

I, Lauren Barnes, hereby declare as follows:

1. I am the Acting Chief Executive Officer of the Public Justice Foundation, a 501(c)(3) non-profit charitable public foundation dedicated to advancing the public interest, and Public Justice, P.C., a national public interest law firm that advances the Public Justice Foundation's goals (collectively "Public Justice").

2. I understand that the above-captioned matter is a class action brought by investors alleging that Defendants disseminated materially false and misleading information to the investing public in violation of federal securities law. I submit this declaration in support of the designation of Public Justice as a *cy pres* recipient in this case.

**Efforts on Behalf of Investors**

3. Leveraging *cy pres* and other resources, Public Justice has been proud to advocate for investors who have been allegedly deceived by materially false and misleading statements about a stock issuer.

4. For instance, in recent years, Public Justice has identified various efforts to block cases alleging violations of federal and state securities laws for investors through such devices as "loser pays rules" and bans on class actions in initial public offerings and corporate bylaws. We have been active in advocating for the ability of shareholders to pursue their claims, and not to be barred or deterred from doing so.

5. Along with the Consumer Federation of America and other allies, Public Justice is a leader in the Secure Our Savings coalition, a collection of more than 40 organizations (including consumer advocacy organizations, unions, religious groups, and investor advocacy groups), that speak out strongly on behalf of investors and against forced arbitration of shareholder claims. For particular pieces of advocacy, we have enlisted the support of noteworthy allies, such as the American Legion. The coalition has served as a resource for reporters, policy makers and the public, and has engaged in advocacy directed at Congress and federal regulators. By way of example, we have sent letters to the S.E.C. and members of Congress speaking out against terms that would bar or deter investors from pursuing claims under the federal and state securities laws. Several of these

1
DECLARATION OF LAUREN G. BARNES

letters led to both the S.E.C. announcing changes in policy and several members of Congress urging the S.E.C. to do more to protect private lawsuits enforcing the securities laws.

6.     Public Justice also provides valuable information to investors, consumers, and others through publications, information clearinghouses, and participation in educational seminars.  We have invested in our communications capacity to produce high-quality coverage and built strong relationships with key media contacts.

7.     As proposals to limit cases brought by investors under the federal and states securities laws have gained prominence in recent years, Public Justice attorneys have presented at educational programs aimed both at investors and attorneys who represent them.  Over the past several years, Public Justice attorneys have appeared at more than two dozen continuing legal education programs, including programs of the Institute for Law and Economic Policy, a public policy research and educational foundation whose mission is to preserve, study and enhance investor and consumer access to the civil justice system.  Public Justice attorneys have also appeared at several programs of the National Association of Shareholder and Consumer Attorneys (NASCAT) to address threats to securities lawsuits.  In addition, Public Justice attorneys have spoken to, written for, and appeared at several events and programs for audiences of institutional investors about threats to private enforcement of the securities laws.

8.     Public Justice staff have contributed to the scholarship on these issues by writing articles and blog posts addressing threats to cases under the federal and state securities laws, *see, e.g.*, Amy Radon, "Schwab Prefers No Regulation," May 31, 2013 (available at www.publicjustice.net/schwab-prefers-no-regulation/).  We have also co-authored op eds and other opinion pieces with notable public figures working on these issues, such as John Chiang, the former State Treasurer of California, *see, e.g.*, John Chiang and Amanda Werner, "SEC Must Not Silence Voice of Wells Fargo Investors," *San Francisco Chronicle*, April 22, 2018 (available at www.sfchronicle.com/opinion/openforum/article/SEC-must-not-silence-voice-of-Wells-Fargo-12852555.php).

**Public Justice Participation in Amicus Briefs in Securities Cases**

9.     Public Justice has also filed amicus briefs in support of investors in several key cases in recent years.  Some illustrations of this work include:

(a)     *Macquarie Infrastructure Corp. v Moab Partners, L.P.,* 601 U.S. 257 (2024). Public Justice co-authored a brief on behalf of several amici to underscore the importance of the implied private right of action under Section 10(b) of the Securities Exchange Act of 1934 and explain why a broader view of the private right of action would not result in a flood of frivolous litigation.

(b)     *Erica P. John Fund, Inc. v. Halliburton Co.*, 573 U.S. 258 (2014).  Public Justice joined in an amicus brief arguing for the preservation of long-standing U.S. Supreme Court precedent supporting investors' ability to argue for class action treatment of securities claims based upon a presumption of reliance in markets that operate efficiently.

(c)     *In the Matter of Department of Enforcement Complainant v. Charles Schwab & Co. Inc.* (FINRA National Adjudicatory Council, No. 2011029760201, 2014). Public Justice submitted, with AARP and the National Consumer Law Center, an amicus brief challenging Schwab's position that the Federal Arbitration Act (FAA) preempts FINRA rules, and therefore allows brokerage houses to amend its investor contracts to ban class actions by shareholders bringing securities-related claims.

(d)     *Amgen, Inc. v. Conn. Ret. Plans and Trust Funds,* 568 U.S. 455 (2013). Public Justice submitted an amicus brief in support of investors allegedly defrauded by pharmaceutical giant Amgen, a leading manufacturer of drugs.  The case involved a challenge to the district court certification for class action treatment of a securities action against Amgen alleging that the company knowingly or recklessly made materially misleading statements and omissions concerning two of Amgen's flagship products; we refuted Amgen's arguments that securities lawsuits unfairly target the pharmaceutical industry with frivolous litigation.

(e)    *Roberts v. Triquint Semiconductor, Inc.,* 364 P.3d 328 (Ore. 2015). In this case in the Oregon Supreme Court, the defendant sought to force the adoption of a new forum selection by-law without the vote of the corporation's stockholders, effectively eliminating shareholders' ability to bring the defendant to court for any wrongdoing.  Public Justice joined an amicus brief that argued, among other things, that such anti-investor by-law changes should not be permissible where individuals have not agreed to them.

10.    Public Justice has also filed a host of amicus briefs in federal and state appellate courts on other issues relating to the civil justice system in cases that did not involve securities claims.

### *Cy Pres* Awards To Public Justice In Securities Related Cases

11.    Because of Public Justice's record of success and commitment to ensuring that they are properly used, numerous courts have directed that the Public Justice Foundation be awarded *cy pres* funds.  For instance, in *Stein v. Eagle Bancorp, Inc. et al.*, No. 1:19-cv-06873-LGS, ECF No. 117 (S.D.N.Y. July 19, 2023), Judge Schofield held that "[a]pplying that standard here [*i.e.*, that a *cy pres* designee must 'reasonably approximate' the interests of the class], Public Justice is an appropriate *cy pres* beneficiary, as it is a non-profit organization advocating on behalf of investors and consumers pursuing claims under federal and state securities laws."

12.    Similarly, in another securities class action, Judge Walter ordered that "if any funds remain in the Net Settlement Fund after payment of any further Notice and Administration Costs and Taxes, the remaining balance shall be contributed to the Public Justice Foundation, a non-sectarian, not-for-profit organization dedicated to, among other things, investor education and advocacy." *In re Stable Road Acquisition Corp. Sec. Litig.*, 2025 WL 924928, at *4 (C.D. Cal. Mar. 24, 2025)

13.    Since 2010, Public Justice has gratefully received *cy pres* designations originating from, *inter alia*, the following securities related cases:

(a)    *In re Sesen Bio, Inc. Sec. Litig.*, No. 1:21-cv-07025-AKH (S.D.N.Y.);

(b)    *In re Loop Indus., Inc. Sec. Litig.*, No. 7:20-cv-08538-NSR (S.D.N.Y.);

4
DECLARATION OF LAUREN G. BARNES

(c)    *In re Qudian Inc. Sec. Litig.*, No. 1:17-cv-09741-JMF (S.D.N.Y.);

(d)    *In re Tal Educ. Grp. Sec. Litig.*, No. 1:18-cv-05480 (KHP) (S.D.N.Y.);

(e)    *In re Braskem S.A. Sec. Litig.*, No. 1:15-cv-05132-PAE (S.D.N.Y.);

(f)    *Pierrelouis v. Gogo Inc., et al.*, No.: 18-cv-04473 (N.D. Ill.);

(g)    *Noble v. Greenberg Traurig*, No. RC 11593201 (Cal. Super. Ct., Alameda County);

(h)    *In re Mannkind Corp. Sec. Litig.*, No. 2:11-cv-00929-GAF-SS (C.D. Cal.);

(i)    *In re Iomega Sec. Litig.*, No. 3:86-cv-00257 (D. Conn.);

(j)    *In re Coastal Physicians Grp. Sec. Litig.*, No. 1:95-cv-00306 (M.D.N.C.);

(k)    *Leumi Gemel, Ltd. v. ECtel, Ltd., et al.*, No. 8:04-cv-03380-RWT (D. Md.);

(l)    *Gross v. Medaphis Corp.*, No. 1:96-cv-02088-TWT (N.D. Ga.);

(m)    *Hoffman vs. Avant! Corp., et al*, No. 5:97-cv-20698 (N.D. Cal.);

(n)    *In re Hovnanian Enterprises, Inc. Sec. Litig.*, No. 2:08-cv-00999 (SDW) (MCA) (D.N.J.);

(o)    *Scheiner v. i2 Technologies, Inc., et al.*, No. 3:01-cv-00418-L (N.D. Tex.);

(p)    *In re FLAG Telecom Holdings, Ltd. Securities Litigation*, No. 1:02-cv-03400-CM-PED (S.D.N.Y.);

(q)    *Crotteau v. Addus Homecare Corp., et al.*, No. 1:10-cv-01937, (N.D. Ill.);

(r)    *Jiangchen v. Rentech Inc., et al.*, No. 17-cv-01490-GW-FFM (C.D. Cal.);

(s)    *In re Rambus Sec. Litig.*, Nos. 5:06-cv-04346-JF; C-07-1238-RMV (N.D. Cal.);

(t)    *Bachow v. Swank Energy Income Advisers LP, et al.*, No. 3:09-cv-00262-K (N.D. Tex.);

(u)    *Davis v. Yelp*, No. 3:18-cv-00400-EMC (N.D. Cal.);

(v)    *Yaron v. Intersect ENT, Inc., et al.*, No. 4:19-cv-02647-JSW (N.D. Cal.);

(w)    *Derr v. RA Medical Systems, Inc., et al.*, No. 19-CV-1079 JLS (AHG) (S.D. Cal.);

(x)    *Zaidi v. Adamas Pharma., Inc. et al.*, No. 4:19-cv-08051-JSW (N.D. Cal.); and

(y)    *Nacif v. Athira Pharma, Inc.*, No. 2024 WL 4654238, at *9 (W.D. Wash. Nov. 1, 2024).

I declare under penalty of perjury under the laws of the United States of America that the foregoing facts are true and correct.  Executed this 19th day of December, 2025.

> /s/ *Lauren Guth Barnes*
> Lauren Barnes
> Acting CEO

DECLARATION OF LAUREN G. BARNES